EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Anthony Campbell<br>P.O. Box 3469,<br>Worcester, MA 01613 | From: **Boston Area Office**<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR § 160.7(a)) | |
|---|---|---|
| EEOC Charge No | EEOC Representative | Telephone No. |
| 16C-2002-02743 | **Anne R. Giantonio,**<br>Intake Supervisor | **(617) 565-3189** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

SEP 17 2004

*(Date Mailed)*

Enclosure(s)

cc: **ISOLATIONS TECHNOLOGIES**
4 Business Way
Hopedale, MA 01747

CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP

Maryann Brunton, Investigator
Campbell v Isolation Technologies
MCAD Docket No. 02SEM02493
Position Statement
October 1, 2002
Page 2 of 7

**Allegation:** Larry D'amato, Operations Manager, also interfered with the exercise and enjoyment of my civil rights granted and protected by failing to consider me for hire based on my race/color (Black), in violation of M.G.L. c.151B s4 (4A).

**Response:** Denied. To the contrary, Mr. D'Amato personally made the job offers to Mr. Campbell.

**Allegation:** "1. In September of 2001, I gained part-time employment as a machine programmer with Isolations Technologies through Excel Staffing, a temp agency."

**Response:** Mr. Campbell was placed at in a temporary position at Isolation as a machine **operator**, during which time he was an employee of Excel Staffing, Inc. His assignment began on or about September 28, 2001.

**Allegation:** 2. On March 29, 2002, Larry D'Amato, approached me while I was working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies.

**Response:** Although we cannot confirm the exact date, the Respondents admit that Mr. D'Amato offered to hire Mr. Campbell as an Isolation employee. Mr. D'Amato tried to persuade him to join Isolation on more than one occasion, however, Mr. Campbell indicated that he needed more money than Isolation was willing to pay.

**Allegation:** "I replied that I was definitely interested."

**Response:** Admitted, however, Mr. Campbell was seeking more money than Isolation was willing to pay.

**Allegation:** "3. Mr D'Amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel."

**Response:** Denied.

**Allegation:** "4. A few moments later, Mr. D'amato approached me again and said "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present or future. I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Michael R.goli, supported his view. Mr. D'amato stated that Michael didn't have the power to hire and fire.



# THE COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### 436 DWIGHT STREET, SUITE 220
### SPRINGFIELD, MA 01103



**Jane Swift**
Governor

**Kevin J. Sullivan**
Secretary

**Dorca I. Gómez**
Chairwoman

**Cynthia A. Tucker**
Commissioner

**Walter J. Sullivan, Jr.**
Commissioner

Date:   April 1, 2003

Mr. Anthony Campbell          Attorney William Zall
P.O. Box 3469                 Cunningham, Machanic, et al.
Worcester, MA 01613           220 North Main Street
                              Natick, MA 01760-1100

Re:   <u>Anthony Campbell v. Isolations Technologies</u>
      No: 022302493

Dear Parties/Counsel:

You are hereby notified that I have found probable cause to credit the allegations in the above-referenced complaint. A copy of the disposition is enclosed.

Under Massachusetts General Laws, Chapter 151B, Section 5, the policy of the Commission is to bring about compliance with the Commonwealth's anti discrimination laws without resort to a public hearing. To this end both <u>parties and counsel</u> are required to attend a conciliation conference at the Commission's Springfield office on **April 23, 2003 at 10:00 a.m.** to explore voluntary resolution.

Resolution is difficult at best, and may be impossible without the presence of decision-makers. The Commission strongly disapproves of parties appearing exclusively through counsel, including in-house counsel. We strongly suggest that Complainant's counsel send a written proposal of settlement to Respondent's counsel 10 days prior to the scheduled session. Parties are urged to discuss settlement not less than five (5) days before the session. Be prepared to spend 1-2 hours at the session. **Respondents' failure to attend this meeting may result in immediate certification to public hearing. Complainant's failure to attend may result in dismissal of the case.**

No continuances will be granted except upon written request to the Enforcement Clerk with notice to the opposing party and upon a showing of good cause. If you have any questions, please contact Carol Murchison (413) 739-2145 ext. 129.

Cynthia A. Tucker,
Investigating Commissioner

enc.

# CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP
## ATTORNEYS AT LAW

Daniel M. Cunningham
Scott L. Machanic
Dana A. Cetlin †
David C. Johnson (1949-2000)
Peter P. Harney
John W. McCann
Robert F. Tenney
Robert J. Riccio
David J. Rhein
Aaron E. Morrison
Of Counsel:
Edward C. Uehlein (Ret.)
William M. Zall

Lakewood Office Park
220 North Main Street
Natick, Massachusetts 01760-1100
(508) 651-7524   (781) 237-7030
FAX: (508) 653-0119
email: cmlaw@cmlaw.net

† Also Admitted in New Hampshire

Of Counsel (cont'd):
Richard B. Schafer
Judith L. Meldsco-Preble
R. Baird A. Zucker
Paralegals:
Jenny Hall Maltais
Pamela J. Saretter
Naomi E. Dennis
Joanne Kramer Zall
Julie R. Israelson
Kelly J. Carter
Shelley R. Kamen

October 1, 2002

*Via Facsimile & First Class Mail*

Maryann Brunton, Investigator
Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Room 220
Springfield, MA  01 03

Re:   Anthony Campbell v. Isolation Technologies, Inc. & Larry D'Amato
      MCAD Docket No. 02SEM02493

      Respondents' Position Statement

Dear Ms. Brunton:

This office represents the Respondents in the above-referenced action.  This letter will constitute their Position Statement and response to Mr. Campbell's Charge.

## I. Respondent's Position.

The Respondents vehemently deny discriminating against Mr. Campbell in any manner whatsoever, whether in violation of MGL c.151B or otherwise.  As discussed in great detail below, and quite contrary to Mr. Campbell's accusation that Isolation failed to  consider [him] for hire based on [his] race/color (Black)", Isolation made attempts to hire him on more than one occasion, which he declined after seeking additional money

## II. Responses to Specific Allegations of the Charge

**Allegation:** "On April 2, 2002, Isolations Technologies discriminated against me by failing to consider me for hire based on my race/color (Black), in violation of M.G.L. c  151B s4(1) and Title VII of the 1964 Civil Rights Act."

**Response:** Denied.  To the contrary, Isolation offered Mr. Campbell employment on more than one occasion.

**COMMONWEALTH OF MASSACHUSETTS**
**COMMISSION AGAINST DISCRIMINATION**
**INVESTIGATION FACT SHEET**

**To :**  Attorney William Zall
         Cunningham, Machanic, et al.
         220 North Main Street
         Natick, MA 01760-1100

**From:** Commonwealth of Massachusetts
          Commission Against Discrimination
          436 Dwight Street, Room 220
          Springfield, MA 01103

| Docket No. | EEOC No. | Investigator | Telephone No. |
|---|---|---|---|
| 022302493 | 16CA202743 | Maryann K. Brunton | (413) 739-2145 |

**Case Name**:
Anthony Campbell v. Isolations Technologies

**Investigation Summary**

On July 23, 2002, Complainant filed a complaint with this Commission charging that the Respondent, Isolations Technologies, subjected him to unlawful discrimination by failing to hire him because of his race and color (Black). Complainant alleges that the Respondent's actions constitute unlawful employment discrimination in violation of M.G.L. Chapter 151B, §4(1) and Title VII of the 1964 Civil Rights Act, as amended. Complainant further alleges that Respondent, Mr. Larry D'Amato, interfered with the exercise and enjoyment of Complainant's civil rights granted and protected by law under M.G.L. Chapter 151B, §4(4A).

Respondent denies all allegations of unlawful discrimination and states that Respondent attempted to hire Complainant on several occasions, but Complainant declined employment with the Respondent because he wanted a higher salary.

**Issue(s) Investigated**:

The substantive issue in dispute in this charge concerns Complainant's allegations that the Respondent discriminated against him by failing to hire him because of his race and color (Black).

**Investigation Reveals**:

Respondent, Isolations Technologies, Inc., employs more than twenty-five (25) employees, and is an employer as defined in M.G.L. Chapter 151B, §1, Paragraph 5.

On September 29, 2001, Complainant, by and through Excel Staffing, a temporary employment agency, was hired for part-time employment with Respondent, Isolations Technologies, as a Machine Operator. It is undisputed that Complainant's work performance was satisfactory during his tenure with the Respondent.

Complainant alleges racial discrimination that ultimately resulted in his layoff.

1

Ms. Maryann Brunton
Investigator
The Commonwealth of Massachusetts
Commission Against Discrimination
MCAD Docket NO. 02SEM02493
Position Statement
October 10, 2002          Page 5

Anthony Campbell v. Isolations Technologies and Larry
D'amato, Operations Manager.

I hereby certify that a copy of Complainant Position Statement
in this matter Anthony Campbell v. Isolation Technologies &
Larry D'amato, Operations Manager ---- MCAD Docket NO.
02SEM02493, was mail CERTIFIED  7002 0460 0001 0519
9857 to the addressed Cunningham, Machanic, Celtlin, Johnson
& Harney, LLP, Lakewood Office Park, 220 North Main Street,
Natick, MA 01760-1100, on the 11th of October, 2002.

Anthony Campbell

COPY

Complainant asserts that on March 29, 2002, he was approached by Respondent's Operations Manager, Mr. Larry D'Amato, and asked whether it was true that he was interested in full time employment with Respondent, Isolations Technologies. Complainant replied that he was definitely interested in full time employment. In response, Mr. D'Amato, stated, "That will not happen. A Black person will never work full-time for Isolations Technologies. You were brought here just as a cover, but will never be hired by Isolations Technologies. Stay with Excel." Several minutes later, Mr. D'Amato returned and stated to the Complainant, "I am the power who hires and fires, there will be no Blacks ever to be hired by Isolations Technologies in the past, present, or future." Complainant then asked Mr. D'Amato if that was the reason why there were no Blacks working at Isolations. Mr. D'Amato replied, "Yes." Complainant further asked if the owner, Mr. Michael Rigolli, supported his view. Mr. D'Amato stated that the owner did not have the power to hire and fire and that he did because he was Italian.

As a result of the conversations with Mr. D'Amato, Complainant attempted to speak with the owner but was told that he was out of the office for three days. On April 2, 2002, Complainant was informed by and through the temporary agency that Mr. D'Amato stated that Complainant's services were no longer needed at Isolation Technologies. Complainant contends that his layoff was motivated by discriminatory animus.

In further support of his allegation of racial discrimination, Complainant contends that there were no Black employees who worked for the Respondent. In support of this contention, Complainant states that the Respondent was hiring less qualified Caucasian workers.

Respondent denies all allegations of unlawful discrimination and states that Complainant was offered a permanent position with the Respondent on several different occasions, but Complainant refused the employment offers because he was demanding a higher salary. Respondent further denies that Mr. D'Amato ever made any discriminatory statements. In support of this contention, Respondent submitted an affidavit from the President of the temporary employment agency whereby the witness attested that Complainant told him "that he was not going to accept Isolation's job offer at that time because he needed to have more money than they were offering." Complainant disputes this assertion and states that he was never offered any position with the Respondent on a permanent basis. Thus, genuine issues of material fact exist with respect to whether Complainant was offered a permanent position with the Respondent. These issues are more appropriately reserved for determination at a public hearing.

In contravention of Respondent's contention however, Complainant argues that Respondent's articulated reasons for not hiring him are pretextual. In support of this argument, Complainant states that after his employment ended with the Respondent, he was making less money per hour than if he had accepted the position with the Respondent. Respondent admits offering Complainant an hourly rate of seventeen dollars per hour. Complainant argues that if he was offered the job at seventeen dollars per hour, he would not have refused a job offer that paid him more money than the temporary jobs he performed prior to, and subsequent to, his employment with Respondent.

2

Ms. Maryann Brunton
Investigator
The Commonwealth of Massachusetts
Commission Against Discrimination
MCAD Docket NO. 02SEM02493
Position Statement
October 10, 2002          Page 4

---

How could  I refused employment with Isolations
Technologies? When the job offered was not made. How could I
refused pay cut when I were not hired.  On what date and time,
was the any documentation given me for employment, such as ,
Isolations Technologies Employment Application? Neither the
application was given nor offered made.

Isolations Technologies and Larry D'amato, Operations Manager
discriminated against me by failing to consider me for hire based
on my color/race (Black), in violation of M.G.L. c.151B s4(1)
and Title VII of the 1964 Civil Rights Act.

Larry D'amato, Operations Manager, also interfered with the
exercise and enjoyment of my civil rights granted and protected
by failing to consider me for hire based on race/color (Black), in
violation of M.G.L. c.151B s4(A).

Kind regards!

Sincerely yours,

Anthony Campbell

COPY

Lastly, as part of its investigation, the Commission requested statistical documentation of Respondent's employee racial makeup. It in uncontroverted that at the time of Complainant's termination, Respondent has not employed any Black individuals since its inception. The statistical evidence pertaining to the color composition of the work force at Isolation Technologies, coupled with the alleged statements of Mr. D'Amato may support an inference of race/color discrimination. Thus, genuine issues of material fact exist with respect to whether Complainant was not offered a permanent position with the Respondent because of his race/color (Black). These issues are more appropriately reserved for determination at a public hearing.

## CONCLUSION:

Based on the foregoing findings, a finder of fact could form the reasonable belief that the Respondent discriminated against Complainant by subjecting him to discrimination based upon his race and color (Black). Credibility issues exist which are better determined by a hearing officer who may observe witnesses firsthand. Further, genuine issues of material fact exist which are better reserved for determination at a public hearing, including whether Respondent's proffered reasons for not hiring the Complainant were pretextual. Therefore, a finding of probable cause is warranted.

## DISPOSITION:

Therefore, pursuant to Section 5 of Chapter 151B of the Massachusetts General Laws, and in conformity with the foregoing Findings of Facts, I have this day found that probable cause exists for crediting the allegations of the subject complaint. Pursuant to said Section 5, the parties will be afforded an opportunity to participate in a conciliation conference at the offices of the Commission. If the parties do not choose to participate, or if such conference does not result in an informal resolution of this matter, the case will be certified for public hearing and the designated Hearing Officer will render a final disposition on this matter.

Date:

Maryann K. Brunton
Compliance Officer

Migdalia Rivera
Supervisor

Cynthia A. Tucker
Investigating Commissioner

cc:    Mr. Anthony Campbell
        P.O. Box 3469
        Worcester, MA 01613

3

Ms. Maryann Brunton
Investigator
The Commonwealth of Massachusetts
Commission Against Discrimination
MCAD Docket NO. 02SEM02403
Position Statement
October 10, 2002        Page 3

to Paul informing me from Excel Staffing. If that was the case,
then why I did not take my tools box with me prior to leaving
the company premises on Friday of March 29, 2002. It is not
true.
I did not discuss anything with Steve (LNU) but rather asked
about Micheal Rigolli and he said Micheal will be out the office
the next few days.

I did report this case to The Commonwealth of Massachusetts
Commission Against Discrimination, The Commonwealth of
Massachusetts Labor Inspector Department, The Office Of the
Attorney General Of The Commonwealth Of Massachusetts. I
was told to filed this complaint with Massachusetts Commission
Against Discrimination.

Larry D'amato, Operations Manager, also interfered with the
exercise and enjoyment of my civil rights granted and protected
by failing to consider me for hire based on race/color (Black), in
violation of M.G.L. c.151B s4(A).

Isolations Technologies and Larry D'amato, Operations Manager
discriminated against me by failing to consider me for hire based
on my color/race (Black), in violation of M.G.L c.151B s4(1)
and Title VII of the 1964 Civil Rights Act.



# COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION
### 436 Dwight Street, Suite 220
### Springfield, Massachusetts 01103

(413) 739-2145
fax: (413) 784-1056

September 23, 2003

Anthony Campbell
P. O. Box 3469
Worcester, MA  01613

William M. Zall, Esquire
Cunningham, Machanic, Cetlin, Johnson & Harney, LLP
220 North Main Street
Natick, MA  01760-1100

**Re:**    Anthony Campbell v. Isolations Technologies, et al.
**No:**    **022302493**

Dear Parties:

Enclosed please find an Order issued by the Investigating Commissioner.

Very truly yours,

Carol Murchison
Clerk

cm

Enclosure

Ms. Maryann Brunton
Investigator
The Commonwealth of Massachusetts
Commission Against Discrimination
MCAD Docket NO. 02SEM02493
Position Statement
October 10, 2002        Page 2

While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which these white individuals were hired.

I believe Isolations Technologies' failure to consider me for hire constitutes unlawful discrimination because of my race/color.

# IN CONCLUSION AND BACKGROUND.

I was hired by Excel Staffing, as Machine Programmer / Machinist in September of 2001--- understanding of G codes, M codes, editing programs, programming language (s), set-ups and understanding engineering drawings. I did work as a machinist. It was true I did work overtime. My rate was $17.50 an hour.

# TO THE CONTRARY OF ISOLATIONS TECHNOLOGIES STATEMENT & LARRY D'AMATO

** I was never in anytime, form or manner ever offered the position to be hired by Isolations Technologies or by the Operations Manager and refused.

** I did not refused any employment with Isolations Technologies offered in anytime, form or manner. I did work overtime hoping to become Isolations Technologies employee but was neither offered nor hired. Because Mr. D'amato and Isolations Technologies had their minds made up not to hire a black person work full-time for the company

** Mr. D'amato stated that I were told of my termination prior



## COMMONWEALTH OF MASSACHUSETTS
## COMMISSION AGAINST DISCRIMINATION

| | |
|---|---|
| Anthony Campbell )<br>    Complainant )<br>)<br>v. )<br>)<br>Isolations Technologies )<br>    Respondents ) | **ORDER**<br><br>Docket No: 02-SEM-2493 |

Complainant has alleged in his complaint that he was discriminated against, by Respondent, based his race/color (black), by failing to hire him, in violation of M.G.L.C. 151B, Section 4, paragraphs 1 and Title VII of the 1964 Civil Rights Act. This matter is now before me to assess the sufficiency of evidence in relation to the Commission's probable cause standard. The Commission's Rules of Procedure, at 804 CMR 1.15(7)(a) state:

> *"A finding of Probable Cause shall be made when, after appropriate investigation, the Investigating Commissioner concludes that there is sufficient evidence upon which a fact-finder could form a reasonable belief that it is more probable than not that the respondent committed an unlawful practice."*

Based on all of the evidence before the commission in the instant matter, which includes the results of formal discovery conducted by the parties, I hereby find that the complaint does not meet this standard. Therefore, I hereby reverse my finding of Probable Cause to Lack of Probable Cause.

So ordered, this *22* day of *September* ~~2003~~.

Cynthia A. Tucker,
Investigating Commissioner

P.O. BOX 3469
Worcester, MA 01613

October 10, 2002

# CERTIFIED MAIL 7002 0450 0001 0519 9840

Ms. Maryann Brunton
Investigator
Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Room 220
Springfield, MA 01103

RE: Anthony Campbell v. Isolations Technologies & Larry D'amato
MCAD  Docket NO. 02SEM02493

<u>Complainant's Position Statement</u>

Dear Ms. Brunton:

I am in rebuttal to Respondent Position statement in the reference case above. Herein is my Position Statement and response to Isolation Technologies & Larry D'amato.

1.     Complainant's Position:
        I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B s4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

2.     Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B s4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office for the next three days.

3.     Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B s4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed that I was no longer needed at Isolations Technologies according to Larry D'amato

