Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Production Request.         PAGE 1        AUGUST 22, 2003

# PRODUCTION REQUEST

1.  I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

4.  On or around June 21, 2002, July 19, 2002 and August 23, 2002, Certified Letters were sent to Paul Fattercofeit, Excel Staffing, 22 Water Street, Westborough, MA 01581, requesting my personnel file but are not limited to start pay rate, performance reviewed, end pay rate, position and hours worked. Also, reason(s) given for termination by Isolations Technologies (IT) but refused request. The letters of June 21, 2002 and July 19, 2002 were signed for but the letter of August 23, 2002 was returned, refused or Name unknown --- Mr. Paul Fattercofeit.

a.  I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Production Request.         PAGE 2         AUGUST 22, 2003

hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

4.    On or around June 21, 2002, July 19, 2002 and August 23, 2002, Certified Letters were sent to Paul Fattercofeit, Excel Staffing, 22 Water Street, Westborough, MA 01581, requesting my personnel file but are not limited to start pay rate, performance reviewed, end pay rate, position and hours worked. Also, reason(s) given for termination by Isolations Technologies (IT) but refused request. The letters of June 21, 2002 and July 19, 2002 were signed for but the letter of August 23, 2002 was returned, refused or Name unknown --- Mr. Paul Fattercofeit.

a.    I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing,

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Production Request.            PAGE 3            AUGUST 22, 2003

who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

5.  On or around June 21, 2002, July 19, 2002 and August 23, 2002, Certified Letters were sent to Paul Fattercofeit, Excel Staffing, 22 Water Street, Westborough, MA 01581, requesting my personnel file but are not limited to start pay rate, performance reviewed, end pay rate, position and hours worked. Also, reason(s) given for termination by Isolations Technologies (IT) but refused request. The letters of June 21, 2002 and July 19, 2002 were signed for but the letter of August 23, 2002 was returned, refused or Name unknown --- Mr. Paul Fattercofeit.

6.  On or around June 21, 2002, July 19, 2002 and August 23, 2002, Certified Letters were sent to Paul Fattercofeit, Excel Staffing, 22 Water Street, Westborough, MA 01581, requesting my personnel file but are not limited to start pay rate, performance reviewed, end pay rate, position and hours worked. Also, reason(s) given for termination by Isolations Technologies (IT) but refused request. The letters of June 21, 2002 and July 19, 2002 were signed for but the letter of August 23, 2002 was returned, refused or Name unknown --- Mr. Paul Fattercofeit.

7.  On or around June 21, 2002, July 19, 2002 and August 23, 2002, Certified Letters were sent to Paul Fattercofeit, Excel Staffing, 22 Water Street, Westborough, MA 01581, requesting my personnel file but are not limited to start pay rate, performance reviewed, end pay rate, position and hours worked. Also, reason(s) given for termination by Isolations Technologies (IT) but refused request. The letters of June 21, 2002 and July 19, 2002 were signed for but the letter of August 23, 2002 was returned, refused or Name unknown --- Mr. Paul Fattercofeit.

8.  I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing,

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Production Request.          PAGE 4          AUGUST 22, 2003

who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

9.   I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

10.   This was reported to the Commonwealth of Massachusetts Commission Against Discrimination, Office of the Attorney General Of the Commonwealth Of Massachusetts, the Commonwealth of Massachusetts Labor Inspector Department.


Kind regards!


Sincerely yours,

*[signature]*
Anthony Campbell
COMPLAINANT

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Interrogatories.            PAGE 1            AUGUST 22, 2003

# INTERROGATORIES

1. (a)   My job performance was excellent at Isolations Technologies.

   (b)   This was reported to the Commonwealth Of Massachusetts Commission Against Discrimination, the Office of the Attorney General Of the Commonwealth Of Massachusetts, the Commonwealth of Massachusetts Labor Inspector Department.

   (c)   Once the Operations Manager, Mr. Larry D'amato made it known that Isolations Technologies was not going to hired a black person work full-time in the past, present, or future.

   (d)   I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

   Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

   Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

   e.   I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Interrogatories.              PAGE 2          AUGUST 22, 2003

2.  Operations Manager, Larry D'amato

3.  I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

4.  This was reported to the Commonwealth Of Massachusetts Commission Against Discrimination, the Office of the Attorney General Of the Commonwealth Of Massachusetts, the Commonwealth of Massachusetts Labor Inspector Department.

5.  JOB SEARCHING

6.  Corning NetOptix
    2 Mercer Road
    Natick, MA 01760
    POSITION:   PT---QUALITY CONTROL SUPERVISOR
    JOB DUTIES: MANAGEMENT, TRAINING & DEVELOPMENT, PERSONNEL
    SCHEDULING AND ANALYTICAL/PROBLEM SOLVING.
    DOH: December 19, 2000 ---- May 15, 2001
    SUPERVISOR: SUE BATES
    REASON FOR LEAVING: NATICK DIVISION CLOSED DOWN

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Interrogatories.        PAGE 3        AUGUST 22, 2003


RHODE ISLAND TOOL COMPANY
148 West River Street
Providence, RI 02908
POSITION: MACHINIST
JOB DUTIES: SET-UP, EDITING AND TROUBLESHOOTING
DOH: January 10, 2000 --- March 16, 2001
SUPERVISOR: BUTCH
HOURLY RATE: $16.09
REASON FOR LEAVING: LAYOFF NO WORK.


SWISSTURN-U.S.A
1 Main Street
Whittinsville, MA
POSITION: MACHINIST   (TEMPORARY)
DOH: May 2002 -- August 23, 2002
JOB DUTIES: SET-UP, EDITING AND TROUBLESHOOTING
HOURLY RATE: $16.00
REASON FOR LEAVING: TEMPORARY NO WORK


7.    I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

    Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

    Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Interrogatories.          PAGE 4          AUGUST 22, 2003

experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

8.    I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

Kind regards!

Sincerely yours,

Anthony Campbell
COMPLAINANT

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Admission.          PAGE 1          AUGUST 22, 2003

## ADMISSION

1. In or around September, 2001, I was hired as Programmer/Machinist by Excel Staffing for assignment at Isolations Technologies as Machinist/Programmer.

2. Yes, I was interviewed.

3. Hired by Excel Staffing as Programmer/Machinist to work at Isolations Technologies as Machinist/Programmer.

4. I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

   Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

   Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

5. NO.

6. I did not speak nor discuss with Peter Zekos on anything because the employment offer was never made nor hired.

7. I was discriminated against by Isolations Technologies and Larry D'amato in

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Admission.          PAGE 2          AUGUST 22, 2003

violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

8.      I did not speak nor discuss with Peter Zekos on anything because the employment offer was never made nor hired.

9.      I did report this to the Commonwealth of Massachusetts Commission Against Discrimination, the Office Of the Attorney General Of the Commonwealth of Massachusetts, the Commonwealth of Massachusetts Labor Inspector Department.

10.     I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel".

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c. 151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
MCAD DOCKET NO: 02SEM02493
Answers to Respondent's Admission.          PAGE 3          AUGUST 22, 2003

Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the office the next three days.

Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which white individuals were hired.

11.  I did report this to the Commonwealth of Massachusetts Commission Against Discrimination, the Office Of the Attorney General Of the Commonwealth of Massachusetts, the Commonwealth of Massachusetts Labor Inspector Department.

12.  I did report this to the Commonwealth of Massachusetts Commission Against Discrimination, the Office Of the Attorney General Of the Commonwealth of Massachusetts, the Commonwealth of Massachusetts Labor Inspector Department.

13.  I did report this to the Commonwealth of Massachusetts Commission Against Discrimination, the Office Of the Attorney General Of the Commonwealth of Massachusetts, the Commonwealth of Massachusetts Labor Inspector Department.

Kind regards!

Sincerely yours,

Anthony Campbell
COMPLAINANT

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

## POST-DETERMINATION DISCOVERY ORDER

IN THE MATTER OF _Campbell v Isolations Technologies_

DOCKET NUMBER: _02BC0493_

The Investigating Commissioner has issued a Probable Cause determination in this matter. Pursuant to this Order, the parties may engage in discovery pursuant to 804 C.M.R. 1.19.

Requests for discovery including, but not limited to interrogatories, requests for documents and admissions, and depositions shall be completed and filed with the Commission within _3_ months of the date of issuance of this Order.

Counsel for the parties are hereby authorized to issue subpoenas pursuant to 804 C.M.R. 1.14.

All original copies of discovery requests and responses, including transcripts of depositions, shall be filed as follows:

☐ **Boston**  BEM, BCR, BED, BPH, BPR, BPA
Enforcement Clerk
Commission Against Discrimination
One Ashburton Place, Room 601
Boston, MA 02108

☑ **Springfield**  SEM, SCR, SED, SPH, SPR, SPA
Enforcement Clerk
Commission Against Discrimination
436 Dwight St., Suite 220
Springfield, MA 01103

Upon the conclusion of the discovery period, the parties shall attend a Certification Conference pursuant to 804 CMR 1.20. Please see the reverse side of this Order for information concerning scheduling the Certification Conference.

This Order shall operate prospectively.

Dorca I. Gomez, Chairwoman

Cynthia A. Tucker, Commissioner

ISSUED   Date: _4/05/03_   by: _____
                                Investigating Commissioner (or designee)

DISC-MCAD-Aug2000