UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worcester)

| | |
|---|---|
| Anthony Campbell, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>)<br>Isolation Technologies, Inc. )<br>Larry D'Amato )<br>Defendants ) | Case No. 04-40236 FDS |

## ANSWER OF ISOLATION TECHNOLOGIES, INC.

Now comes Defendant, Isolation Technologies, Inc.[1] ("Isolation"), through it's undersigned counsel and responds to the Complaint of Anthony Campbell ("Campbell"), as follows:

1. Isolation admits that Larry D'Amato asked Campbell if he were interested in employment with Isolation and denies the remaining allegations of paragraph 1 of the Complaint.

2. Isolation denies the allegations of paragraph 2 of the Complaint.

3. Isolation cannot admit or deny what was said in an alleged conversation between Campbell and the individual referred to as "Paul", however, it admits that Excel was advised that Mr. Campbell's services as a temporary employee assigned to Isolation were no longer needed. Isolation denies the remaining allegation of paragraph 3 of the Complaint.

4. Isolation denies the allegations contained in the unnumbered paragraph of the Complaint which states "I believe Isolations [sic] Technologies failure to consider me for hire constitutes unlawful discrimination because of my race/color".

5. In answer to the unnumbered paragraph of the Complaint which begins "I was hired by Excel Staffing, as a Machine Programmer/Machinist...", Isolation admits that Campbell worked overtime. Isolation denies that Campbell was placed as a "machinist", but rather as a machine operator. Isolation neither admits nor denies the remaining allegations contained therein.

---

[1] The proper name of the entity is "Isolation Technologies, Inc.".

1

6. Isolation denies the allegations contained in the unnumbered paragraph of the Complaint which states "I was never in anytime, form or manner ever offered the position to be hired by Isolations [sic] Technologies or by the Operations Manager and refused."

7. Isolation denies the allegations contained in the unnumbered paragraph of the Complaint which begins "I did not refused [sic] any employment...", further stating that it can neither admit nor deny the reason why Campbell worked overtime.

8. In answer to the unnumbered paragraph of the Complaint which begins "Mr. D'amato stated that I were [sic] told of my termination prior to Paul informing me...", Campbell does not state to whom Mr. D'amato's statement was made and, therefore, Isolation neither admits nor denies the statement. The remainder of this paragraph states an argument to which an answer is not required.

9. Isolation neither admits nor denies the allegations contained in the unnumbered paragraph of the Complaint which begins "I did not discuss anything with Steve (LNU)...".

10. In answer to the unnumbered paragraph of the Complaint which begins "I did report his case to The Commonwealth of Massachusetts Commission Against Discrimination...", Isolation admits that Campbell did file a Charge of Discrimination with the Commission Against Discrimination. Isolation neither admits nor denies the remaining allegations contained therein.

11. Isolation denies the allegations contained in the unnumbered paragraph of the Complaint which states "Larry D'amato, Operations Manager, also interfered with the exercise and enjoyment of my civil rights granted and protected by failing to consider me for hire based on race/color (Black), in violation of M.G.L. c.151B §4(4A)."

12. Isolation denies the allegations contained in the unnumbered paragraph of the Complaint which states "Isolations [sic] Technologies and Larry D'amato, Operations Manager

discriminated against me by failing to consider me for hire based on color/race (Black), in violation of M.G.L. c.151B §4(1) and Title VII Civil Rights Act."

13. In answer to the unnumbered paragraph of the Complaint which begins "How could I refused employment [sic] with Isolations [sic] Technologies?", to the extent that the allegations states that Isolation failed to offer employment to Campbell, Isolation denies the allegations contained therein. Isolation neither admits nor denies the remainder of this paragraph as it states an argument to which an answer is not required.

14. Isolation denies the allegations contained in the unnumbered paragraph of the Complaint which states "Isolations [sic] Technologies and Larry D'amato, Operations Manager discriminated against me by failing to consider me for hire based upon my race/color (Black), in violation of M.G.L. c.151B§4(1) and Title VII of the 1964 Civil Rights Act."

15. Isolation denies the allegations contained in the unnumbered paragraph of the Complaint which states "Larry D'amato, Operations Manager, also interfered with the exercise and enjoyment of my civil rights granted and protected by failing to consider me for hire based on race/color (Black), in violation of M.G.L. c151B §4(4A)."

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Plaintiff fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

The Defendant did not discriminate against the Plaintiff in violation of Massachusetts General Laws Chapter 151B, Title VII of the Civil Rights Act of 1964 or any statute prohibiting employment discrimination.

#### Third Affirmative Defense

The Defendant offered employment to the Plaintiff.

#### Fourth Affirmative Defense

3

The Plaintiff refused to accept employment which was offered by the Defendant.

### Fifth Affirmative Defense

The Plaintiff failed to mitigate any damages claimed.

### Sixth Affirmative Defense

The Plaintiff is estopped to pursue or has waived his claim by his own acts, conduct, deeds and representations.

### Seventh Affirmative Defense

The Plaintiff's complaint should be dismissed for failure of service.

### Eighth Affirmative Defense

The Plaintiff's complaint should be dismissed for failure to properly identify the Defendant.

**WHEREFORE**, the Defendant respectfully requests that this Court dismiss the Complaint with prejudice, and award the Defendant its costs of defending this action, including reasonable attorney fees.

Isolation Technologies, Inc.
By his attorneys:

_____
William M. Zall, BBO #554135
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON, & HARNEY LLP
220 North Main Street
Natick, MA 01760
TEL:(508) 651-7524
FAX:(508) 653-0119

Dated: December 2, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se by mail on December 2, 2004.

_____
William M. Zall

4