UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ANTHONY CAMPBELL,                   )
        Plaintiff,                  )
                                    )
vs.                                 )   **CIVIL ACTION**
                                    )   **NO.  04-40236-FDS**
ISOLATIONS TECHNOLOGIES, INC. and   )
LARRY D'AMATO,                      )
        Defendants,                 )
_____ )

**ORDER**
**August 12, 2005**

**SWARTWOOD, C.M.J.**

Nature of the Proceeding

On July 13, 2005, the following motions were referred to me for disposition:

    1.   Defendant Isolation Technologies, Inc.'s Motion To Strike Letter/Request From Anthony Campbell (Docket No. 15); and

    2.   Motion Of Defendant, Isolations Technologies, Inc., (1) For Sanctions against Plaintiff, Anthony Campbell, For Failure To Attend Own Deposition, (2) For Order To Attend Own Deposition, And (3) To Extend Scheduling Order TO Accommodate Deposition Of Plaintiff Fed.R.Civ.P. 37(d)(Docket No. 16).

Nature of the Case

Anthony Campbell ("Mr. Campbell") has asserted claims against Isolation Technologies, Inc. ("ITI") and Larry D'Amato ("Mr. D'Amato" and together with ITI, "Defendants") under 42 U.S.C. §1983 and Mass.Gen.L. Ch. 151B alleging that the Defendants violated his civil rights by failing to hire him on account of his race. Mr. Campbell is proceeding *pro se*.

The Motion To Strike

Mr. Campbell has filed a letter with this Court, dated June 29, 2005, and addressed to the Deputy Clerk (Docket No. 15)("Campbell Letter"), in which he alleges that Peter A. Harney, Esq. has been identifying himself as "William Zall" in various proceedings relating to this action.

Facts

In support of ITI's motion to strike, Peter P. Harney, Esq. and William M. Zall, Esq. have each filed affidavits, signed under the pains and penalties of perjury, which set forth the following facts[1]:

1. Mr. Harney is a partner in the firm of Cunningham, Machanic, Cetlin, Johnson & Harney, LLP. Harney Aff., at ¶1. Mr. Zall is "of counsel" to that same firm. Zall Aff., at ¶1.

---

[1] See Affidavit of Peter P. Harney In Support of Defendant Isolation Technologies, Inc.'s Motion To Strike Letter/Request from Anthony Campbell ("Harney Aff.") and Affidavit of William M. Zall In Support Of Defendant Isolation Technologies, Inc.'s Motion To Strike Letter/Request from Anthony Campbell ("Zall Aff."), attached to Defendant Isolation Technologies, Inc.'s Motion To Strike Letter/Request from Anthony Campbell (Docket No. 15).

2. Mr. Zall has represented ITI at all times relevant to the claims raised by Mr. Campbell and has appeared at each proceeding referenced by Mr. Campbell in his letter. <u>Zall Aff.</u>, at ¶¶1,2.

3. Mr. Harney did not appear on any of the occasions cited by Mr. Campbell and on each of those occasions, Mr. Zall properly identified himself. Mr. Harney's name was never mentioned. <u>Id.</u>, at ¶2; <u>Harney Aff.</u>, at ¶3.

4. Mr. Harney does not know Mr. Campbell and to his knowledge, has never met him or spoken to him. Mr. Harney was not aware that his firm was involved in this matter until he was shown a copy of the Campbell Letter. Mr. Harney never gave Mr. Zall the authority to use his name and to his knowledge, prior to Mr. Campbell's allegation, no one has ever alleged that anyone, including Mr. Zall, has ever done so. <u>Id.</u>, at ¶¶3-5.

## Discussion

Mr. Campbell has not filed an opposition to ITI's motion to strike the Campbell Letter. However, Mr. Campbell has attached various exhibits to his letter which allegedly support his contention that Mr. Harney has misidentified himself as Mr. Zall. However, none of these exhibits supports Mr. Campbell's claim. Indeed, Mr. Harney's name is not mentioned anywhere in the exhibits. <u>See</u> attachments to the Campbell Letter.

"A court has considerable discretion in striking `any redundant, immaterial, impertinent or scandalous matter'".

Alvorado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988)(quoting Fed.R.Crim.P. 12(f)).  I find that allegations made by Mr. Campbell in his letter are totally baseless, immaterial and harmful to Messrs. Harney's and Zall's professional reputations.  Under these circumstances, I am allowing ITI's motion to strike.

<u>The Motion To Order Mr. Campbell To Appear For His Deposition and For Sanctions</u>.

Relevant Facts

1.   On June 24, 2005, ITI served a "Notice of Taking Deposition of Anthony Campbell" ("Deposition Notice") on Mr. Campbell by first class mail, postage prepaid, at Mr. Campbell's address of record.  Mr. Campbell's deposition was noticed to take place at ITI's counsel's firm on Thursday, July 7, 2005, at 10:00 a.m.  <u>See</u> <u>Mot. Of Def., Isolations Technologies, Inc., (1) For Sanctions against Pl., Anthony Campbell, For Failure To Attend Own Deposition, (2) For Order To Attend Own Deposition, And (3) To Extend Scheduling Order TO Accommodate Deposition Of Pl</u> (Docket No. 16), at ¶¶1,3 and <u>Ex. A</u>.

2.   On Wednesday, July 6, 2005, ITI's counsel placed a reminder telephone call to Mr. Campbell, at his telephone number of record, and left a message on an automated answering machine reminding Mr. Campbell that his deposition was to take place the next day. <u>Id.</u>

3.   Mr. Campbell failed to appear for his deposition. Id., at ¶5.

4.   Mr. Campbell has not filed an opposition to ITI's motion. However, Mr. Campbell did file a copy of a letter written to ITI's counsel in which he sates that he did not receive the deposition notice until July 9, 2005. See Docket No. 17.

### Discussion

Plaintiff has filed a copy of a letter sent to ITI's counsel on July 9, 2005, in which he claims that he did not receive the Deposition Notice until two days after the scheduled deposition. Mr. Campbell does not dispute that a message was left on his answering machine and he offers no explanation as to why, after receiving that message, he made no attempt to contact ITI's counsel on July 6 or 7, 2005.  Furthermore, given Mr. Campbell's total failure, to this point, to comply with his discovery obligations, see Order, date August 3, 2005 (Docket No. 18)(ordering Mr. Campbell to complete his automatic disclosure obligations), I am skeptical of his proffered explanation.  Nonetheless, I will accept as true Mr. Campbell's statement that he did not receive the Deposition Notice in a timely manner and will enlarge the time for taking depositions until September 9, 2005.   On or prior to September 9, 2005, Mr. Campbell *shall* make himself available for his deposition at a time convenient to the parties and a place to

be designated by ITI.  I am denying ITI's request for sanctions, including costs.

Mr. Campbell is once again reminded that although he is proceeding without a lawyer, he is nevertheless required to follow the rules of this Court and to obey Court orders and that failure to do so could result in the imposition of sanctions, including dismissal of his case.  Fed.R.Civ.P. 37.  Furthermore, if Mr. Campbell fails to attend his properly noticed deposition, he can also be ordered to pay costs incurred by the Defendants, including attorney's fees and stenographer costs.

### The Motion To Modify The Scheduling Order

The Scheduling Order in this case provides that all depositions, other than expert depositions, and all fact discovery, other than expert discovery, was to have been completed by July 8, 2005.  In my August 3, 2005 Order (Docket No. 18), I stayed all further discovery until Mr. Campbell completes his automatic disclosures, which he must do by August 31, 2005.  I am lifting that stay and further amending the Scheduling Order to provide that all fact depositions and fact discovery must be completed by September 9, 2005.  Once Mr. Campbell has served his automatic disclosures and the taking of fact depositions and all fact discovery have been completed, the parties may seek to amend the Scheduling Order to extend the remaining deadlines, *i.e.*, the

deadlines for expert discovery and the filing of dispositive motions, etc.

## Conclusion

It is Ordered that:

1.  Defendant Isolation Technologies, Inc.'s Motion To Strike Letter/Request From Anthony Campbell (Docket No. 15) is <u>allowed</u> and Mr. Campbell's letter to the Court (Docket No. 13) is <u>stricken</u>; and

2.  Motion Of Defendant, Isolations Technologies, Inc., (1) For Sanctions against Plaintiff, Anthony Campbell, For Failure To Attend Own Deposition, (2) For Order To Attend Own Deposition, And (3) To Extend Scheduling Order TO Accommodate Deposition Of Plaintiff Fed.R.Civ.P. 37(d)(Docket No. 16) is <u>allowed</u> in part and <u>denied</u> in part, as provided in this Order: on or prior to <u>September 9, 2005</u>, Mr. Campbell shall make himself available for his deposition at a time convenient to the parties and a place designated by Isolation Technologies, Inc.; Isolation Technologies, Inc.'s request for sanctions is denied; and the Scheduling Order is amended to provide that all fact depositions and fact discovery shall be completed on or before <u>September 9, 2005</u>.

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE