UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worcester)

Anthony Campbell,                )
                                 )
        Plaintiff,               )
vs.                              )
                                 )   Case No. 04-40236 FDS
                                 )
Isolation Technologies, Inc.     )
Larry D'Amato                    )
        Defendants               )

## ISOLATION TECHNOLOGIES, INC. MOTION
## TO EXTEND DISCOVERY DEADLINES

Now comes Isolation Technologies, Inc., defendant ("Isolation"), and respectfully request that this Court extend the deadline by which Isolation must complete fact discovery until December 16, 2005. As reason therefore, Isolation states as follows:

1. Upon Isolation's motion after failure of the Plaintiff to make initial disclosure, the Hon. Charles B. Swartwood III, CMJ, ordered the Plaintiff to serve said disclosure by August 23, 2005. The Plaintiff's initial disclosure included only the name of one likely witness, and nothing more.

2. Upon Isolation's motion after Plaintiff's failure to appear for a duly scheduled deposition, The Hon. Charles B. Swartwood, III, CMJ, ordered the Plaintiff to appear for deposition on or prior to September 9, 2005, further extending the deadline for fact discovery to September 9th.

3. The undersigned duly noticed the Plaintiff's deposition for August 26th. At a status conference held before this Court on Monday, August 22nd, the undersigned addressed the likelihood of need for an extension based upon new information which might be learned

through Plaintiff's deposition.

4. Isolation took the Plaintiff's deposition on Friday, August 26, 2005, as which time it first learned information which should have been disclosed by the Plaintiff in response to his initial disclosure and in response to written discovery requests. As such, additional investigation is required by Isolation. Among those items which Isolation learned were the following:

   a. In response to Isolation's Interrogatory seeking information regarding each job held by the Plaintiff during the period from two years before his employment with Isolation through the date of his responses, the Plaintiff listed four (4) employers. Although not recalling the details of each position, the Plaintiff testified during deposition as to having had numerous additional jobs during the relevant timeframe, providing some names and dates, while acknowledging that he had W-2 Forms from the relevant period in his possession, which Isolation believes will confirm additional employment. The Plaintiff agreed to supply tax returns and W-2 Forms for the relevant period.

   b. In response to Isolation's Interrogatory seeking information regarding all efforts which the Plaintiff made to obtain employment after leaving Isolation, the Plaintiff provided none. The Plaintiff testified during deposition as to having made significant efforts to obtain employment, however, and further indicated that he may presently have documents, including resumes from the relevant period in his possession.

   c. In response to Isolation's Interrogatory seeking information as to each and every

complaint which the Plaintiff filed regarding the allegations made in the present action, the Plaintiff stated that the matter "was reported to the Commonwealth of Massachusetts Commission Against Discrimination, the Office of the Attorney General of the Commonwealth of Massachusetts, the Commonwealth of Massachusetts Labor Inspector Department". In response to Isolation's request for production of documents submitted to agencies or courts in connection with his allegations, the Plaintiff provided none. The Plaintiff testified during deposition that he did, in fact, have copies of at least the aforementioned communication with the Office of the Attorney General in his possession.

d. In response to Isolation's Request for Production of documents generally related to the Plaintiff's allegations and more specifically seeking documents which the Plaintiff intends to produce at trial, the Plaintiff produced none. The Plaintiff testified at deposition as to having documents, including copies of employment advertisements, which he indicated an intent to use at trial.

5. The undersigned advised the Plaintiff during his deposition, that Isolation would be seeking additional time to engage in further discovery on these, as well as other facts and allegations first learned at deposition.

6. This Court has advised the Plaintiff on different occasions of his responsibility to follow the rules of procedure applicable to this action.

7. The information discovered during the Plaintiff's deposition was clearly requested in

written discovery, yet not provided, and will require further investigation by Isolation in order to prepare for trial of this matter. Included in its investigation will be further formal discovery requests to the Plaintiff, as well as the likelihood of document subpoenas and depositions from prior employers. The Plaintiff's deposition was suspended pending receipt and review of all requested discovery materials.

WHEREFORE, Isolation respectfully requests that this Court extend the deadline by which Isolation must complete its fact discovery by approximately 90 days until December 15, 2005.

Respectfully submitted
Isolation Technologies, Inc.
By its attorneys,

_____
William M. Zall, Esq.   BBO # 554135
Scott L. Machanic, Esq.   BBO#311120
Cunningham, Machanic, Cetlin,
Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760
TEL: (508) 651-7524; FAX: (508) 653-0119

Dated: 8/29/05

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the Plaintiff, Anthony Campbell, appearing pro se by first class, postage pre-paid, by mailing same August 29, 2005, to:

| Anthony Campbell          | Anthony Campbell              |
|---------------------------|-------------------------------|
| P.O. Box 3469             | 267 Mill Street, Apt. # 302   |
| Worcester, MA  01613      | Worcester, MA  01602          |

_____
William M. Zall

241510