₴AO 440 (Rev 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

ANTHONY CAMPBELL

**SUMMONS IN A CIVIL ACTION**

V.

ISOLATIONS TECHNOLOGIES,
AND LARRY D'AMATO,
OPERATIONS MANAGER

CASE NUMBER:

**04-40236 FDS**

TO: (Name and address of Defendant)

ISOLATIONS TECHNOLOGIES
4 BUSINESS WAY
HOPEDALE, MA 01747

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**TONY ANASTAS**                                    11-12-04

CLERK                                                DATE

Sherry Jones

(By) DEPUTY CLERK

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Heather J. McKenna*   ☐ Agent  ☐ Addressee<br>B. Received by (*Printed Name*)   C. Date of Delivery |
| 1. Article Addressed to:<br>Mr. Larry D'amato<br>Operations Manager<br>Isolations Technologies<br>4 Business Way<br>Hopedale, MA 01747 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:    ☐ No<br><br>3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)    ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 2410 0005 6659 7284 |

PS Form 3811, August 2001    Domestic Return Receipt    2ACPRI-03-Z-0985

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE
HOPEDALE, MA 01747

| | | |
|---|---|---|
| Postage | $ 0.60 | UNIT ID: 0101 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | Clerk: FMSFX0 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 4.65 | 03/28/05 |

Sent To: Larry D'amato
Street, Apt. No.; or PO Box No.: 4 Business Way
City, State, ZIP+4: Hopedale, MA 01747

PS Form 3800, June 2002    See Reverse for Instructions

```
Weight:             1.1 oz.
Postage Type:       PVI
Total Cost:         4.65
Base Rate:          0.60
     SERVICES
Certified Mail              2.30
  70022410000566597284
Rtn Recpt (Green Card)      1.75

Subtotal                    4.65
Total                       4.65


Cash
Change Due
  Cash


Number of Items Sold: 1
```

**UNITED STATES DISTRICT COURT**

**WORCESTER COUNTY, MASSACHUSETTS**

ANTHONY CAMPBELL (PLAINTIFF)     )
                                 )
vs                               )
                                 )
ISOLATIONS TECHNOLOGIES AND LARRY D'AMATO,  )
OPERATIONS MANAGER.   (DEFENDANT)           )

# EMPLOYMENT DISCRIMINATION

RE: Anthony Campbell v. Isolations Technologies & Larry D'amato, Operations Manager.

**PLAINTIFF'S Position Statement**

1. PLAINTIFF POSITION:
I was discriminated against by Isolations Technologies and Larry D'amato in violation of M.G.L. c.151B §4(1) and Title VII of the Civil Rights Act. (a) On March 29, 2002, Larry D'amato approached me while working and asked if it was true that I was interested in working full-time and/or being hired directly through Isolations Technologies. I replied definitely interested. Mr. D'amato responded, "That will not happen. A black person will never work full-time for Isolations Technologies. You were brought here just as a cover but will never be hired by Isolations Technologies. Stay with Excel."

2. Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act. (b) A few moment later, Mr. D'amato approached me again and said, "I am the power who hires and fires, there will be no blacks ever to be hired by Isolations Technologies in the past, present, or future". I asked him if that's why there was not a single black employee at Isolations, and he said yes. I asked him if the owner, Micheal Rigolli, supported his view. Mr. D'amato stated that Micheal didn't have the power to hire and fire. He then stated that because he (Mr. D'amato) was Italian, he was the one with the power. After our conversation, I spoke with Steve (LNU) in the Quality Control. Steve informed me that Micheal Rigolli will be out of the

ANTHONY CAMPBELL

vs

ISOLATIONS TECHNOLOGIES AND LARRY D'AMATO,
OPERATIONS MANAGER.          Page 2

office the next three days.

3.  Isolations Technologies & Larry D'amato discriminated against me by failing to consider to hire me based on race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act." On April 2, 2002, I received a call from Paul, an employee at Excel Staffing, who informed me that I was no longer needed at Isolations Technologies according to Larry D'amato. While I had been working at Isolations, I saw many white individuals with little or no experience get hired. I believe I was more qualified for many positions into which these white individuals were hired.

I believe Isolations Technologies' failure to consider me for hire constitutes unlawful discrimination because of my race/color.

# IN CONCLUSION AND BACKGROUND.

I was hired by Excel Staffing, as Machine Programmer/Machinist in September of 2001 -- understanding of G codes, M codes, editing programs, programming language (s), set-ups and understanding engineering drawings. I did work as a machinist. It is true I did work overtime. My rate was $17.50 an hour.

## TO THE CONTRARY OF ISOLATIONS TECHNOLOGIES STATEMENT & LARRY D'AMATO.

** I was never in anytime, form or manner ever offered the position to be hired by Isolations Technologies or by the Operations Manager and refused.

** I did not refused any employment with Isolations Technologies offered in anytime, form or manner. I did work overtime hoping to become Isolations Technologies employee but was neither offered nor hired. Because Mr. D'amato and Isolations had their minds made up not to hire a black person work-full for the company.

ANTHONY CAMPBELL

vs.

ISOLATIONS TECHNOLOGIES AND LARRY D'AMATO,
OPERATIONS MANAGER
Page 3

\*\* Mr. D'amato stated that I were told of my termination prior to Paul informing me from Excel Staffing. If that was the case, then why I did not take my tools box with me prior to leaving the company premises on Friday of March 29, 2002. It is not true.
I did not discuss anything with Steve (LNU) but rather asked about Micheal Rigolli and he said Micheal will be out the office the next three days.

I did report this case to The Commonwealth of Massachusetts Commission Against Discrimination, The Commonwealth of Massachusetts Labor Inspector Department, The Office Of the Attorney General Of the Commonwealth Of Massachusetts. I was told to filed this complaint with Massachusetts Commission Against Discrimination.

Larry D'amato, Operations Manager, also interfered with the exercise and enjoyment of my civil rights granted and protected by failing to consider me for hire based on race/color (Black), in violation of M.G.L. c.151B §4(4A).

Isolations Technologies and Larry D'amato, Operations Manager discriminated against me by failing to consider me for hire based on my color/race (Black), in violation of M.G.L. c. 151B §4(1) and Title VII Civil Rights Act.

ANTHONY CAMPBELL

vs.

ISOLATIONS TECHNOLOGIES AND
LARYY D'AMATO, OPERATIONS
MANAGER.                    PAGE 4
_____

How could I refused employement with Isolations Technologies? When the job offered was not made. How could I refused pay cut when I was not hired. On what date and time, was the any documentation given me for employment, such as, Isolations Technologies Employment Application? Neither the application was given nor offered made.

Isolations Technologies and Larry D'amato, Operations Manager discriminated against me by failing to consider me for hire based on my race/color (Black), in violation of M.G.L. c.151B §4(1) and Title VII of the 1964 Civil Rights Act.

Larry D'amato, Operations Manager, also interfered with the exercise and enjoyment of my civil rights granted and protected by failing to consider me for hire based on race/color (Black), in violation of M.G.L. c151B §4(4A).


Respectfully submitted by:

Anthony Campbell
(PLAINTIFF)
P.O. BOX 3469
Worcester, MA 01613
TEL: (508)-757-5123