UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worcester)

| | | |
|---|---|---|
| Anthony Campbell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No. 04-40236 FDS |
| | ) | |
| Isolation Technologies, Inc. | ) | |
| Larry D'Amato | ) | |
| Defendants | ) | |

**RESPONSE AND OPPOSITION OF ISOLATION TECHNOLOGIES, INC.
TO PLAINTIFF'S MOTIONS TO COMPEL**

Now comes Isolation Technologies, Inc. ("Isolation") and responds to the Plaintiff's motion to compel answers to Requests for Admissions and to Interrogatories propounded in this matter, as follows:

1. The Plaintiff served Interrogatories, Request for Admissions and Request for Production of Documents upon Isolation by addressing same to Mr. Michael Rigoli, as "Owner Isolation Technologies". These requests were served by mailing same to the undersigned counsel for Isolation on May 3, 2005. (Reflecting the date of mailing as appears from the postal stamp, while the underlying documents were dated May 1, 2005.) Although improperly addressed, responses were provided on behalf of Isolation so as not to further delay proceedings.

2. On June 3, 2005, the undersigned served "Isolation Technologies, Inc.'s Answer to Anthony Campbell's Requests for Admissions" by mailing same on said date. A true and correct copy of said Answer, including Certificate of Service, is attached hereto as Exhibit A.

3. By letter dated June 4, 2005, the Plaintiff acknowledged receipt of the aforementioned Response to Request for Admissions, **which response he is now asking this Court to compel.** A true and correct copy of the aforementioned letter is attached hereto as Exhibit B.

4. On June 8, 2005, the undersigned served "Isolation Technologies, Inc.'s Answers to Anthony Campbell's Interrogatories" by mailing same on said date. A true and correct copy of Isolation's Response is attached hereto as Exhibit C.

5. The aforementioned Responses were served in the same package as "Isolation Technologies, Inc.'s Responses to Anthony Campbell's Request for Production of Documents". A copy of the cover letter included therewith is attached hereto as Exhibit D.

6. All responses to the Plaintiff's discovery requests have been served and no mailings have been returned.

7. There is presently pending before this Court, Isolation's motion to Extend Discovery Deadlines, due to the fact that Isolation learned information during the Plaintiff's deposition which should have been disclosed in response to Isolation's earlier discovery requests to the Plaintiff.

8. Prior to this time, Isolation has been forced to seek orders, which have been entered, for the Plaintiff to serve initial discovery and to appear for deposition (after failing to appear for a duly scheduled deposition). Further, upon our motion, Judge Swartward, CMJ, ordered that a letter filed by the Plaintiff be stricken, as having been found to contain allegations which were "totally baseless, immaterial and harmful" to the professional reputation of the undersigned and another attorney in our office.

9. This Court has reminded the Plaintiff on numerous occasions that he is to be bound by the applicable rules of procedure, however, the Plaintiff has repeatedly filed documents which are sufficiently ambiguous as to require Isolation to respond out of caution or which are baseless, as is the instant motion.

4. On June 8, 2005, the undersigned served "Isolation Technologies, Inc.'s Answers to Anthony Campbell's Interrogatories" by mailing same on said date. A true and correct copy of Isolation's Response is attached hereto as Exhibit C.

5. The aforementioned Responses were served in the same package as "Isolation Technologies, Inc.'s Responses to Anthony Campbell's Request for Production of Documents". A copy of the cover letter included therewith is attached hereto as Exhibit D.

6. All responses to the Plaintiff's discovery requests have been served.

7. There is presently pending before this Court, Isolation's motion to Extend Discovery Deadlines, due to the fact that Isolation learned information during the Plaintiff's deposition which should have been disclosed in response to Isolation's earlier discovery requests to the Plaintiff.

8. Prior to this time, Isolation has been forced to seek orders, which have been entered, for the Plaintiff to serve initial discovery and to appear for deposition (after failing to appear for a duly scheduled deposition). Further, upon our motion, Judge Swartward, CMJ, ordered that a letter filed by the Plaintiff be stricken, as having been found to contain allegations which were "totally baseless, immaterial and harmful" to the professional reputation of the undersigned and another attorney in our office.

9. This Court has reminded the Plaintiff on numerous occasions that he is to be bound by the applicable rules of procedure, however, the Plaintiff has repeatedly filed documents which are sufficiently ambiguous as to require Isolation to respond out of caution or which are baseless, as is the instant motion.

WHEREFORE, Isolation respectfully requests that this Court deny the Plaintiff's Motion to Compel.

                                        Respectfully submitted
                                        Isolation Technologies, Inc.
                                        By its attorneys,

                                        _____
                                        William M. Zall, Esq.   BBO # 554135
                                        Scott L. Machanic, Esq.  BBO#311120
                                        Cunningham, Machanic, Cetlin,
                                        Johnson & Harney, LLP
                                        220 North Main Street
                                        Natick, MA 01760

Dated: _Sept 7, 2005_         TEL: (508) 651-7524; FAX: (508) 653-0119

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the Plaintiff, Anthony Campbell, appearing pro se by first class, postage pre-paid, by mailing same September 7, 2005, to:

| Anthony Campbell<br>P.O. Box 3469<br>Worcester, MA  01613 | Anthony Campbell<br>267 Mill Street, Apt. # 302<br>Worcester, MA  01602 |

                                                          _____
                                                          William M. Zall

241781

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worcester)

| | |
|---|---|
| Anthony Campbell, )<br>　　　　　　　　　　　　　)<br>　　　　Plaintiff, )<br>vs.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　) | Case No. 04-40236 FDS |
| 　　　　　　　　　　　　　)<br>Isolation Technologies, Inc. )<br>Larry D'Amato　　　　　　)<br>　　　　Defendants )　 | |

**ISOLATION TECHNOLOGIES, INC.'S ANSWERS TO ANTHONY CAMPBELL'S REQUESTS FOR ADMISSIONS**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and Rule 36.1 of the Local Rules of the United States District Court for the District of Massachusetts, Isolation Technologies, Inc. ("Isolation") hereby responds to Anthony Campbell's ("Campbell") Requests for Admissions.

**GENERAL STATEMENT**

In addition to those objections contained in any particular Response, Isolation generally objects to these Requests for Admissions insofar as they are captioned as "Request For Admissions Of Michael Rigolli (sp), Owner Isolations Technologies" and, thus, purport to seek admissions from an individual who is not a party to this action. Subject to and without waiving this objection, Isolation provides the following Responses as those of the Defendant, Isolation Technologies, Inc..

**RESPONSES TO REQUEST FOR ADMISSION**

**REQUEST NO. 1**

Do you admit to saying Isolation Technologies do not have Employment Applications?

**RESPONSE NO. 1**

Denied.

**REQUEST NO. 2**

You have authorized job posting in news papers (sp). If so, name of News Paper(s), Year and date.

1

EXHIBIT A

**RESPONSE NO. 2**

Isolation objects to this Request as being overly broad, insofar as it does not identify any relevant time frame. Isolation further objects to this Request insofar as it seeks information beyond the scope of Requests for Admissions. Subject to and without waiving these objections, Isolation admits that it has authorized placement of help wanted advertisements in local newspapers from time to time.

**REQUEST NO. 3**

You admit that Isolations Technologies has Employment Applications.

**RESPONSE NO. 3**

Admitted.

**REQUEST NO. 4**

You admit that Isolations Technologies will never hired a black person.

**RESPONSE NO. 4**

Isolation objects to this Request as being ambiguous and vague, creating confusion as to whether the Request seeks admission as to past or future actions. Subject to and without waiving these objections, Isolation denies this Request as to future actions.

**REQUEST NO. 5**

You admit that Isolations Technologies Has never hired a black person.

**RESPONSE NO. 5**

Isolation objects to this Request as being overly broad and lacking any relevant timeframe. Subject to and without waiving these objections, Isolation denies this Request to the best of available recollection.


Isolation Technologies, Inc.
By:

_/s/ Michael Rigoli_
Michael Rigoli, Vice President

Respectfully submitted as to objections,
Isolation Technologies, Inc.
By its attorneys:

_____
William M. Zall, BBO #554135
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON, & HARNEY LLP
220 North Main Street
Natick, MA 01760
TEL:(508) 651-7524
FAX:(508) 653-0119

Dated: 6/3/05

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document ("ISOLATION TECHNOLOGIES, INC.'S ANSWERS TO ANTHONY CAMPBELL'S REQUESTS FOR ADMISSIONS") was served upon the Plaintiff, Anthony Campbell, appearing pro se by first class, pre-paid mail on June 3, 2005.

_____
William M. Zall

238396

3

P.O. BOX 3469
Worcester, MA 01613

June 4, 2005

CERTIFIED MAIL 7004 2890 0001 4921 6977

Mr. William Zall
Attorney-at-Law
Cunningham, Mechanic, Cetlin, Johnson, & Harney, LLP
220 North Main Street
Natick, MA 01760

RE:   Anthony Campbell v. Isolations Technologies
      C.A. NO: 04-40236 FDS.

Dear Mr. Zall:

I have not received the answers to the INTERROGATORIES LOCAL RULE 33.1 and REQUEST FOR PRODUCTION LOCAL RULE 34.1 of Mr. Micheal Rigolli, Owner of Isolations Technologies your client.

I did receive answers to the REQUEST OF ADMISSIONS LOCAL RULE 36.1 OF MR. MICHAEL RIGOLLI on June 4, 2005.

I look forward to receiving said answers to the INTERROGATORIES LOCAL RULE 33.1 and REQUEST FOR PRODUCTION LOCAL RULE 34.1 of Mr. Micheal Rigolli, Owner of Isolations Technologies your client (7) seven days upon receipt of this letter.

Respectfully yours,

Anthony Campbell
Plaintiff


EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worcester)

| | |
|---|---|
| Anthony Campbell,           )  | |
|                             )  | |
|         Plaintiff,          )  | |
|  vs.                        )  | |
|                             )  | Case No. 04-40236 FDS |
|                             )  | |
| Isolation Technologies, Inc.)  | |
| Larry D'Amato               )  | |
|         Defendants          )  | |

## ISOLATION TECHNOLOGIES, INC.'S ANSWERS TO ANTHONY CAMPBELL'S INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Isolation Technologies, Inc. ("Isolation"), hereby responds to Anthony Campbell's ("Campbell") first set of interrogatories, as follows:

### GENERAL STATEMENT & OBJECTIONS

1. By answering any interrogatory, Isolation does not concede the materiality of the subject to which it refers. Isolation's answers are made subject to, and without intending to waive any objections as to the competency, relevancy, materiality, privilege, or admissibility of any of the documents or information produced, or of the subject matter thereof, in any proceeding related to this action.
2. Isolation objects to these interrogatories to the extent that they seek information not relevant to any of the claims or defenses in this litigation.
3. Isolation objects to these interrogatories to the extent that that seek material that is protected by the attorney-client or work-product privilege.
4. Inadvertent production of any privileged material shall not constitute a waiver of such privilege or any other objection with respect to that document or any other document, its subject matter, or the information contained therein, or of Isolation's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

### ANSWERS TO INTERROGATORIES

Subject to and without waiving any of the foregoing objections, Isolation responds to Campbell's Interrogatories as follows:

### INTERROGATORY NO. 1:

Please describe method use (sic) is the company hiring practices:
  (a)   Do (sic) Isolation Technologies give out application to hire or not?



1

(b) Has Isolations Technologies ever used advertisements in posting job openings?
(c) Michael Rigolli (sic) have you ever authorized advertisement for job openings in the new papers or any other means? Is so what means and dates?

## ANSWER TO INTERROGATORY NO. 1:

(a) When offering employment to an individual working at Isolation through a temporary agency, Isolation does not generally ask him/her to complete an employment application until a verbal offer has been made and accepted. Job applicants not working at Isolation through a temporary agency, whether unsolicited or responding to advertisements, are generally asked to complete an employment application.

(b) Isolation objects to this Interrogatory as being overly broad and burdensome, insofar as it lacks any relevant timeframe and requests information beyond memory or available records. Subject to and without waiving these objections, Isolation states that, although infrequent, it has advertised job openings in various newspapers over the years. To the best of available memory, it has placed such advertisements in the Woonsocket Call, Worcester Telegram & Gazette, Milford Daily News, Attleboro Sun Chronicle.

(c) Isolation objects to this Interrogatory as being overly broad and burdensome, insofar as it lacks any relevant timeframe and requests information beyond memory or available records. Subject to and without waiving these objections, Isolation's management has authorized advertisement of job openings in various newspapers from time to time.

## INTERROGATORY NO. 2:

Micheal (sic) Rigolli (sic) have you ever given Isolations Technologies Employment Application to anyone hired at your company before? If so, how many times and dates? What methods do you used (sic) in hiring? Verbal or Application?

## ANSWER TO INTERROGATORY NO. 2:

Isolation objects to this Interrogatory as being overly broad and burdensome, insofar as it lacks any relevant timeframe and requests information beyond memory or available records. Subject to and without waiving these objections, Isolation states that it's management has requested employment applications be completed by applicants hired at the company. See answer to Interrogatory No. 1, above.

## INTERROGATORY NO. 3:

Michael Rigolli (sic) have you ever told anyone in the present or past of denying given Isolations Technologies Employment Application to present or past employees at your company?
(a) If so, how many times?

## ANSWER TO INTERROGATORY NO. 3:

2

Isolation objects to this Interrogatory as being overly broad, extremely vague and ambiguous. Subject to and without waiving this objection, Isolation answers as follows:

Mr. Rigoli is a Vice President of Isolation and does not handle the day to day activities of the personnel function. He does not recall telling anyone that Isolation does not use employment applications in their hiring process.

**INTERROGATORY NO. 4:**

Michael Rigolli (sic) does your company has (sic) Employment Applications?
(a) Do you have present and past employees fill out Isolations Employment Applications?
(b) Have you ever had any of the present or past employee(s) fill-out Isolations Technologies Employment Application?

**ANSWER TO INTERROGATORY NO 4:**

(a) See Answer to Interrogatory No. 1, above.
(b) See Answers to Interrogatory No. 1, above.

Respectfully submitted as to objections,
Isolation Technologies, Inc.
By its attorneys:

William M. Zall, BBO #554135
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON, & HARNEY LLP
220 North Main Street
Natick, MA  01760
TEL:(508) 651-7524
FAX:(508) 653-0119

Dated: June 8, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document ("ISOLATION TECHNOLOGIES, INC.'S ANSWERS TO ANTHONY CAMPBELL'S INTERROGATORIES") was served upon the Plaintiff, Anthony Campbell, appearing pro se by first class, pre-paid mail on June 8, 2005.

William M. Zall

238397

3

# CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP
## ATTORNEYS AT LAW

| | | |
|---|---|---|
| Daniel M. Cunningham<br>Scott L. Machanic<br>Dana A. Cetlin ±<br>David C. Johnson (1949-2000)<br>Peter P. Harney<br>Robert F. Tenney<br>Robert J. Riccio<br>Mary E. Arata<br>Jennifer C. Gately<br>Holly B. Anderson<br>Gregory M. Iudice<br>Of Counsel:<br>Edward C. Uehlein (1911-2003) | Lakewood Office Park<br>220 North Main Street<br>Natick, Massachusetts 01760-1100<br>(508) 651-7524   (781) 237-7030<br>FAX: (508) 653-0119<br>email: cmlaw@cmlaw.net<br>www.cunninghammachanic.com<br><br>± Also Admitted in New Hampshire | Of Counsel (cont'd):<br>William M. Zall<br>Richard B. Schafer<br>Judith L. Melideo-Preble<br>Richard A. Zucker<br>Paralegals:<br>Jenny Hall Maltais<br>Pamela J. Szretter<br>Naomi E. Dennis<br>Joanne Kramar Zall<br>Shelley R. Kamen |

June 8, 2005

Anthony Campbell
P.O. Box 3469
Worcester, MA 01613

    Re:    Campbell v Isolation Technologies, Inc., et al
              U.S. District Court for the District of Massachusetts (Worc)
              CA No. 04-40236 FDS

Dear Mr. Campbell:

Enclosed herewith please find copies of each of the following document(s) in reference to the above matter:

(1) Isolation Technologies, Inc.'s Answers to Anthony Campbell's Interrogatories
(2) Isolation Technologies, Inc.'s Responses to Anthony Campbell's Request for Production of Documents

Please feel free to contact me with any questions or comments in this matter. Thank you.

                              Very truly yours,
                              CUNNINGHAM, MACHANIC,
                              CETLIN, JOHNSON & HARNEY, LLP

                              William M. Zall

cc. Michael Rigoli
WMZ/235677
Enclosure



EXHIBIT D