UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**ANTHONY CAMPBELL,**               )
                                    )
    **Plaintiff,**            )
                                    )   Civil No.
    v.                        )   04-40236-FDS
                                    )
**ISOLATIONS TECHNOLOGIES, INC.**   )
**and LARRY D'AMATO,**              )
                                    )
    **Defendants.**           )
_____)

**ORDER ON MOTION TO DISMISS
DEFENDANT D'AMATO FOR FAILURE OF SERVICE**

**SAYLOR, J.**

    This is a case involving alleged discrimination on the basis of race brought by plaintiff Anthony Campbell against defendants Isolation Technologies, Inc. ("ITI") and its former employee, Larry D'Amato. ITI has moved to dismiss the claims against D'Amato pursuant to Fed. R. Civ. P. 4(m) on the grounds that D'Amato has not been properly served in this action. Under Fed. R. Civ. P. 4(m), this Court may, upon motion or on its own initiative after notice to the plaintiff, dismiss the action without prejudice as to a defendant if service of the summons and complaint is not effected within 120 days after the filing of the complaint. Because it is unclear whether ITI has standing to assert the rights of D'Amato, the Court will raise the issue on its own initiative.

    Plaintiff, proceeding *pro se*, filed a complaint against ITI and D'Amato on November 12, 2004. ITI has appeared and does not contest service of process. Service of D'Amato was not accomplished by March 12, 2005, 120 days after filing. As of the scheduling conference on March 25, 2005, D'Amato still had not been served. This Court advised plaintiff of his

responsibilities to properly make service upon D'Amato at that conference. On March 28, 2005, plaintiff sent copies of the summons and complaint by certified mail to D'Amato at ITI's address in Hopedale, Massachusetts. According to ITI, D'Amato has not been employed by ITI since June 2003, and it notified plaintiff of that fact by letter dated May 6, 2005. Plaintiff filed the summons with the clerk on August 30, 2005.

The issue before this court is whether D'Amato was properly served at his former place of employment under Fed. R. Civ. P. 4(e). Fed. R. Civ. P. 4(e)(2) stipulates that service upon an individual is proper if delivered personally, to defendant's authorized agent, or to a person of suitable age and discretion residing in defendant's dwelling house or usual place of abode. Courts construe Fed. R. Civ. P. 4(e)(2) literally, and, as a result, have customarily held that service at defendant's place of employment, particularly a place of former employment, is insufficient under Fed. R. Civ. P. 4(e)(2). *See, e.g., Foley v. Walsh*, 600 N.E.2d 611, 612 (Mass. App. Ct. 1992); *Wasser v. PriceWaterhouseCoopers, LLP*, 2004 WL 225534, at *2 (Mass. App. Ct. Feb. 5, 2004); *Boateng v. Inter Am. Univ. of P.R.*, 188 F.R.D. 26, 28 (D.P.R. 1999); *Johnson-Lloyd v. Pennsylvania Dep't of Labor & Indus.*, 813 F. Supp. 1120, 1124-25 (E.D. Pa. 1993); *Lopez v. United States*, 129 F. Supp. 2d 1284, 1294 (D.N.M. 2000); 4A Wright & Miller, Federal Practice and Procedure, §1096 (3d ed. 2002). Furthermore, plaintiff has presented no evidence that D'Amato authorized or appointed ITI to receive process on his behalf. Accordingly, the court finds that service upon defendant D'Amato was insufficient under Fed. R. Civ. P. 4(e)(2).

The Court must next determine whether defendant was properly served under Fed. R. Civ. P. 4(e)(1). Under this section, service in compliance with state procedures is also proper. Mass. R. Civ. P. 4(d)(1) essentially parallels its federal counterpart, Fed. R. Civ. P. 4(e)(2), in its

prescribed methods of service. In Massachusetts, however, a plaintiff may request that the court issue an order of notice by successfully demonstrating that service in accordance with the rules is impossible. Mass. R. Civ. P. 4(d)(1). To meet the rather strict standard for obtaining such an order, plaintiff must demonstrate diligent attempts to serve defendant personally, at his abode, or through an authorized agent. Courts have held that persistent efforts to effectuate proper service in a timely manner are enough to meet the standard. *Reardon v. Spangler*, 2002 WL 1554120, at *1-2 (Mass. Super. Ct. May 13, 2002). The record before this Court indicates that plaintiff has not met this standard. Plaintiff's apparently sole attempt to serve D'Amato was by mail at ITI. Plaintiff thus has demonstrated neither the diligence required for this Court to conclude that proper service was impossible under Mass. R. Civ. P. 4(d)(1), nor good cause to deny ITI's motion to dismiss D'Amato from this action.

Accordingly, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 4.1, the claims against defendant Larry D'Amato shall be dismissed without prejudice on October 10, 2005, unless plaintiff provides satisfactory evidence of service on D'Amato in compliance with Fed. R. Civ. P. 4(e) prior to that time.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: September 23, 2005