UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
ANTHONY CAMPBELL,                  )
        Plaintiff,                 )
                                   )
vs.                                )   **CIVIL ACTION**
                                   )   **NO.  04-40236-FDS**
ISOLATION TECHNOLOGIES, INC. and   )
LARRY D'AMATO,                     )
        Defendants                 )
                                   )
_____)

**ORDER**
**October 19, 2005**

**Swartwood, C.M.J.**

Nature of the Proceeding

By Order of Reference dated September 20, 2005, the following motions were referred to me for disposition:

    1.  Motion Of Plaintiff, Anthony Campbell, To Compel Rule 36.1 Mr. Michael Rigolli [sic], Owner Of Isolations Technologies To Answer The Request For Admissions (Docket No. 25); and

    2.  Motion Of Plaintiff, Anthony Campbell, To Compel Rule 33.1 [sic] Mr. Michael Rigolli, Owner Of Isolations Technologies To Answer The Intterrogatories [sic] (Docket No. 26).

## Nature of the Case

Anthony Campbell ("Mr. Campbell"), proceeding *pro se*, has asserted claims against Isolation Technologies, Inc. ("ITI") and Larry D'Amato ("Mr. D'Amato" and together with ITI, "Defendants") under Title VII of the Civil Rights Act and Mass.Gen.L. Ch. 151B alleging that the Defendants violated his civil rights by failing to hire him on account of his race (Mr. Campbell is African-American).

## Relevant Facts

1. On May 3, 2005, Mr. Campbell served Interrogatories, Request for Admissions and Request for Production of Documents upon ITI. These documents were served by mail to ITI's counsel. Response and Opposition of Isolation Technologies, Inc. to Plaintiff's Motions to Compel (Docket No. 27), at p. 1 ("Response and Opposition").

2. On June 3, 2005, ITI's counsel served Mr. Campbell, by first-class mail, postage pre-paid, "Isolation Technologies, Inc.'s Answer to Anthony Campbell's Request for Admissions". Id., at Ex. A.

3. By letter dated June 4, 2005, Mr. Campbell acknowledged receipt of ITI's response to his Request for Admissions. Id., at Ex. B.

4. On June 8, 2005, ITI's counsel served Mr. Campbell, by first-class mail, postage pre-paid, "Isolation Technologies, Inc.'s Answers to Anthony Campbell's Interrogatories". Id., at Ex. C.

### Discussion

### Motion to Compel Response To Admissions

Mr. Campbell has filed a motion to compel responses to admissions. However, ITI served a response to Mr. Campbell's request within the time frame provided by this Court's Rules of Civil Procedure. Response and Opposition, at Ex. A.; See Fed. R. Civ. P. 36(a)(party shall serve response to request for admissions within thirty days or, such shorter or longer period of time as provided by the court). Mr. Campbell acknowledged receipt of this response. Response and Opposition, at Ex. B. Since Mr. Campbell is proceeding *pro se*, I am required to review his submissions liberally. Under the circumstances, I assume that by his motion Mr. Campbell seeks to challenge the sufficiency of ITI's responses to his requests for admissions. See Fed. R. Civ. P. 36(a)(party who requested admissions may move to determine the sufficiency of answers or objections).

This court (Collings, M.J.) has held that,"A party shall be required to either admit or deny the requests [for admissions] or state with specificity the reason it cannot truthfully admit or deny the requests, including detailed statement [sic] as to the 'reasonable inquiry' it has made and the results thereof." Barbosa

-3-

v. Cincinnati Milacron, Civil Action No. 81-665-MC, 1984 U.S. Dist. LEXIS 16923, at *6 (D. Mass. May 7, 1984)(quoting Asea, Inc. v. Southern Pacific Transportation Company, 669 F.2d 1242, 1246-7 (9th Cir. 1981)). ITI's responses to Plaintiff's Requests for Admissions 1, 3, and 4 are clearly sufficient. Each is either a simple denial or admission. Response and Opposition, at Ex. A. As to ITI's response to Mr. Campbell's Request for Admission No. 2, the problem lies with Mr. Campbell's formulation of that request, rather than ITI's response. Specifically, Mr. Campbell asks for a response to the statement, "You have authorized job posting in news papers. If so, name of News Paper(s), Year and date." Id. ITI admits to posting jobs in newspapers, but does not address where or when it made the postings. This response is sufficient under the law because it contains a simple admission that postings were made. Mr. Campbell should pursue any other information, such as place and date of publication, etc., via another form of discovery (i.e., interrogatories or depositions).

ITI's response to Request 5 is insufficient. Plaintiff requests a response to the statement, "You admit that Isolation Technologies has never hired a black person." Id. ITI "denies this Request to the best of available recollection." Id. This response is insufficient on its face because ITI does not "truthfully" admit or deny the statement as required by law. Barbosa, 1984 U.S. Dist. LEXIS 16923, at *6. In other words, ITI does not definitively

-4-

answer the question as to whether it has ever, in fact, hired an African-American employee. ITI must either flatly admit or deny the requested admission or, "state with specificity the reason it cannot [do so], including detailed statement [sic] as to the 'reasonable inquiry' it has made and the results thereof." Barbosa, 1984 U.S. Dist. LEXIS 16923, at *6.

### Motion to Compel Answers To Interrogatories

Under the Federal Rules of Civil Procedure a party served with a set of interrogatories has, unless otherwise specified by the court, 30 days to serve its answer on the opposing party. Fed. R. Civ. P. 33(b)(3). If that party fails to answer within the time allotted under Rule 33(b)(3), or provides "evasive or incomplete" answers as defined in Rule 37(a)(3), the proponent of the interrogatories may move for the court to compel answers. Id. at 37(a)(2)(B).

In this matter, ITI certifies that it served its answers on Mr. Campbell, by mail, 30 days after receipt of the interrogatories. Response and Opposition, at p. 2 and Ex. C. In any event, ITI has affixed a copy of its answers to interrogatories to its response and, therefore, Mr. Campbell's motion to compel is moot.[1]

---

[1] I will assume for purposes of this Order that Mr. Campbell did not receive ITI's Answers to Interrogatories. Therefore, Mr. Campbell shall have until November 23, 2005 to file *specific* objections to ITI's answers to interrogatories.

Conclusion

It is Ordered that:

1.   Motion Of Plaintiff, Anthony Campbell, To Compel Rule 36.1 Mr. Michael Rigolli [sic], Owner Of Isolations Technologies To Answer The Request For Admissions (Docket No. 25) is <u>allowed</u> in part, and <u>denied</u> in part, as provided in this order: On or before November 14, 2005, ITI is to file a proper response to Mr. Campbell's Request for Admission No. 5; and

2.   Motion Of Plaintiff, Anthony Campbell, To Compel Rule 33.1 Mr. Michael Rigolli, Owner Of Isolations Technologies To Answer The Intterrogatories [sic] (Docket No. 26) is <u>denied</u> as moot.

<u>/s/ Charles B. Swartwood</u>
Charles B. Swartwood, III
CHIEF MAGISTRATE JUDGE