UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Anthony Campbell,             Plaintiff    )
                                           )
        v.                                 )        C.A. NO: 04-40236 FDS.
                                           )
Isolations Technologies,      Defendant    )

MOTION OF PLAINTIFF, ANTHONY CAMPBELL, TO COMPEL RULE 33.1 MR. MICHEAL RIGOLLI, OWNER OF ISOLATIONS TECHNOLOGIES TO ANSWER THE INTTERROGATORIES.

1.    Please describe method use in the company hiring practices:
      (a) Do Isolations Tecnologies give out apllication to hire or not?

      (b) Has Isolations Technologies ever used advertisements in potings job opening(s)?

      (c) Micheal Rigolli have you ever authorized advertisement for job openings in the news papers or any other means? If so, how many times and dates?

2.    Micheal Rigolli have you ever given Isolations Tecnologies Employment Application to anyone at your company before? If so, hom many times and dates? What method do used in hiring? Verbal or Application?

3.    Micheal Rigolli have you ever told anyone in the present or past of denying given Isolations Technologies Employment Application to present or past employees at your company?
      (a) If so, how many times?

4.    Micheal Rigolli does your company has Eployment Applications?
      (a) Do you have present or past employees fillout Isolations Technologies Employment Applications?

      (b) Have you ever had any of the present or past employee(s) fillout Isolations Tecnologies Employment Application?

Respestfully submitted by,

Anthony Campbell
Plaintiff

September 5, 2005

P.O. BOX 3469
Worcester, MA 01613

December 29, 2005

CERTIFIED MAIL 7005 1820 0001 0475 9931

Mr. William Zall
Cunningham, Mechanic, Cetlin, Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760

RE:    Anthony Campbell v. Isolations Technologies
       C.A. NO: 04-4236 FDS.

Dear Mr. Zall:

I am in receipt of your letters requesting Supplemented Responses of Request Of Production of Documents. Unfortunately, I have nothing more to give because complete responses were given to the Interrogatories.

Thank you.

Sincerely yours,

Anthony Campbell

COPY

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS.
C.A. NO: 04-40236 FDS.
Answers to Defendant's Interrogatories.            PAGE 3                JUNE 5, 2005.


8.      Corning NetOptix
        2 Mercer Road
        Natick, MA 01760
        POSITION:    PT---QUALITY CONTROL SUPERVISOR
        JOB DUTIES: MANAGEMENT, TRAINING & DEVELOPMENT, PERSONNEL
        SCHEDULING AND ANALYTICAL/PROBLEM SOLVING.
        DOH: December 19, 2000 ---- May 15, 2001
        SUPERVISOR: SUE BATES
        REASON FOR LEAVING: NATICK DIVISION CLOSED DOWN


        RHODE ISLAND TOOL COMPANY
        148 West River Street
        Providence, RI 02908
        POSITION:    MACHINIST
        JOB DUTIES:  SET-UP, EDITING AND TROUBLESHOOTING
        DOH: January 10, 2000 --- March 16, 2001
        SUPERVISOR: BUTCH
        HOURLY RATE: $16.09
        REASON FOR LEAVING: LAYOFF NO WORK.


        SWISSTURN-U.S.A
        1 Main Street
        Whittinsville, MA
        POSITION:    MACHINIST      (TEMPORARY)
        DOH: May 2002 -- August 23, 2002
        JOB DUTIES: SET-UP, EDITING AND TROUBLESHOOTING
        HOURLY RATE: $16.00
        REASON FOR LEAVING: TEMPORARY NO WORK


        E. C. Hilliard Corporation
        10 Liberty Way
        Franklin, MA 02038
        Position: CNC
        DOH: September 13, 2004 to January 6, 2005
        Job Duties: Setup, troubleshoot and editing.
        Hourly rate:  $17.00
        Reason for Leaving: Layoff.

COPY

P.O. BOX 3469
Worcester, MA 01613

January 20, 2006

CERTIFIED MAIL 7004 2510 0002 5225 6713

Mr. William Zall
Cunningham, Machanic, Cetlin, Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760

RE:     Anthony Campbell v. Isolations Technologies
        C.A. NO: 04-40236 FDS.

Dear Mr. Zall:

Please find enclosed copy of letter filed with the Court.

Thank you.

Sincerely yours,

Anthony Campbell

enclosure:

P.O. BOX 3469
Worcester, MA 01613

September 6, 2005

Mr. Martin Castles
Deputy Clerk
United States District Court
Harold D. Donohue Federal Building
595 Main Street
Worcester, MA 01608

RE:    Anthony Campbell v. Isolations Technologies
       C.A. NO: 04-40236 FDS.

Dear Mr. Castles:

Please find enclosed copy of part answers to the Defendant's Interrogatories requested past employers prior to working at Isolations Technologies, which was provided. (2) I object to the request of my W-2 Forms. (3) Now, Isolations Technologies or Defendant is now seeking copies of the newspapers, which the defendants denied to the Investigator, Ms. Marryann Brunton of MCAD, during the Investigative Conference of December 17, 2002 that the compnay (Isolations Technologies) do not advertised job openings.

Thank you.

Very truly yours,

Anthony Campbell
Plaintiff

enclosures:

cc:    Mr. William Zall
Attorney-at-Law
Cunningham, Machanic, Cetlin, Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760.

# OFFICE OF THE ATTORNEY GENERAL
## Civil Rights Complaint Form

**TOM REILLY**
**ATTORNEY GENERAL**



**Civil Rights Division**
One Ashburton Place
Boston, MA 02108
(617) 727-2200
(617) 727-4765 (TTY)

If, due to a disability, you seek an accommodation in filing
A complaint, please call 727-2200 or TTY 727-4765.

| **COMPLAINT** | **COMPLAINT AGAINST** |
|---|---|
| Name: ANTHONY CAMPBELL | Name: LARRY D'AMATO |
| Address: P. O. BOX 3469 | Address: ISOLATION TECHNOLOGIES |
| WORCESTER, MA | HOPEDALE, MA |
| Phone # (home) 508-757-5123 | Phone # 508-478-0111 |
| Work # (other) 508-854-9577 pages | Relationship to you OPERATIONS MANAGER |

## NATURE OF COMPLAINT (please check)

(1) ✓ Employment Discrimination
(2) ___ Housing Discrimination
(3) ___ Credit Discrimination
(4) ___ Harassment ___ Intimidation ___ Threats ___ Coercion
(5) ___ Other_____ ˋ

If you have checked any of the above, please indicate the basis of the civil rights violation or discrimination below (you may check more than one category):

✓ Race ___ National Origin ___ Disability ___ Religion ___ Sexual Orientation ___ Gender

___ Age ___ Ethnicity ___ Section 8 Status (Housing) ___ Children (Housing)

___ Public Assistance (Housing) ___ Marital Status (Housing)

___ Retaliation for Filing a Complaint    Other:_____

(6) ___ Complaint Against Police Officer/Department_____
                                                        (City/Town)

(Over)

# CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP

### ATTORNEYS AT LAW

Daniel M. Cunningham
Scott L. Machanic
Dana A. Cetlin ±
David C. Johnson (1949-2000)
Peter P. Harney
Robert F. Tenney
Robert J. Riccio
Mary E. Arata
Holly B. Anderson
Gregory M. Iudice
Of Counsel:
Edward C. Uehlein (1911-2003)

Lakewood Office Park
220 North Main Street
Natick, Massachusetts 01760-1100
(508) 651-7524   (781) 237-7030
FAX: (508) 653-0119
email: cmlaw@cmlaw.net
www.cunninghammachanic.com

± Also Admitted in New Hampshire

Of Counsel (cont'd):
William M. Zall
Richard B. Schafer
Judith L. Melideo-Preble
Richard A. Zucker
Paralegals:
Jenny Hall Maltais
Pamela J. Szretter
Naomi E. Dennis
Joanne Kramar Zall
Shelley R. Kamen

October 24, 2005

*Via Certified & Regular Mail*

Anthony Campbell
267 Mill Street, Apt. #302
Worcester, MA  01602

Anthony Campbell
P.O. Box 3469
Worcester, MA  01613

Re:  Anthony Campbell v. Isolation Technologies, Inc. and Larry D'Amato
U.S.D.C. Case No. 04-40236
Demand for Supplemented Discovery Responses
Isolation's Second Request for Production of Documents

Dear Mr. Campbell:

During your deposition, which was held on August 26th, it was discovered that your earlier responses to Isolation's First Set of Interrogatories were incomplete and that you did not comply with Isolation's First Request For Production of Documents.  During the deposition, you advised that you would provide additional documents within one week of the deposition date.  To date, however, we have received neither documents or supplemental interrogatory answers.  Specifically, you advised that you would provide the following documents which you testified were in your possession:

- copy of a complaint which you filed with the Attorney General's office
- copies of newspapers in which you alleged Isolation's employment advertising
- copies of your resumes (both current and past), which reflect your employment before Isolation and your job search after leaving Isolation
- tax returns for the period two years before you worked for Isolation
- tax returns for the years after you worked for Isolation

In order to ensure that there is no confusion, I have enclosed a Second Request For Production of Documents, to cover those documents which you addressed during deposition.

**CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP**
Anthony Campbell
October 24, 2005
Page 2 of 2

With regard to incomplete responses to our First Set of Interrogatories, you testified about your job search activities since leaving Isolation, however, no such information was provided in response to the following Interrogatory No. 7, which asked:

7. Please describe all efforts which you made to obtain employment after you stopped working at Isolation.

In addition, it was acknowledged that your response to Interrogatory No. 8 was incomplete, since you testified about significantly more jobs than you included in your response. Interrogatory No. 8 asked:

8. Please provide the following information for each job which you held both (i) within two years before your work with the Isolation Technologies and (ii) between the time you left Isolation Technologies and the present date:
   a. Employer's name, address.
   b. Position at time of hire.
   c. Job duties.
   d. Name of your immediate supervisor.
   e. Weekly salary or hourly wage paid at time of hire.
   f. Any promotions received.
   g. Weekly salary or hourly wage paid at time of termination.
   h. If you are no longer employed by that employer, state the date of termination and whether said termination was voluntary or involuntary.

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are required to supplement your incomplete responses. Accordingly, please provide your supplemental responses within ten days of this letter.

I look forward to receipt of your documents and supplemented answer.

Very truly yours,
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON & HARNEY, LLP

William M. Zall, Esq.

Enclosures
cc. Michael Rigoli
WMZ/243559

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS (Worcester)**

Anthony Campbell,                          )
                                            )
                 **Plaintiff,**             )
          vs.                               )
                                            )       **Case No. 04-40236 FDS**
                                            )
**Isolation Technologies, Inc.**            )
                 **Defendants**             )

### DEFENDANT, ISOLATION TECHNOLOGIES, INC'S
### SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rules 26.5 and 34 of the

Local Rules of the United States District Court for the District of Massachusetts, defendant,

Isolation Technologies, Inc. ("Isolation") hereby requests that within thirty (30) days after service

the plaintiff, Anthony Campbell ("Campbell") produce for inspection and copying those documents

and tangible things identified below which are within your custody, possession or control.  The

requested documents shall be produced at the offices of Cunningham, Machanic, Cetlin, Johnson &

Harney, LLP, at 220 North Main Street, Natick, MA  01760.  In the alternative, you may mail or

deliver copies of all of the designated documents to William M. Zall, Esq., at the above-listed

address within the thirty-day (30) timeframe.

When produced, the documents shall be segregated and identified by paragraph number of

the request to which they are responsive.  If no documents are in your custody, possession or control

which are responsive to any particular request, you must so state that answer in response to the

particular request identified by paragraph number.

If you refuse to produce any documents requested herein for any reason, including a

claim of privilege or immunity from discovery with regard to any document requested herein,

please provide the following information as to each such document:  (a) its date; (b) the name

and address of its author; (c) the name and address of each person listed as an addressee; (d) the

1

name and address of each person who has seen or reviewed each such document; (e) its general subject matter; (f) the basis for refusal to produce it; and (g) a summary of all facts and circumstances upon which the refusal is made.

If any document the production of which is sought by this request has been destroyed, please state, as to each such document, its date, author(s), recipient(s), and the date and circumstances of its destruction.

## DEFINITIONS

1. The Uniform Definitions contained in Rule 26.5(C) of the Local Rules of the United States District Court for the District of Massachusetts are hereby incorporated by reference herein.

2. "Complaint". The term "Complaint". Term "Complaint" refers to the Complaint filed by Campbell in the United States District Court for the District of Massachusetts on November 12, 2004 in this action.

3. "Lawsuit". The term "Lawsuit" refers to the above-captioned civil action.

## REQUESTED DOCUMENTS

1.  All state and federal tax returns which you filed or were filed on your behalf, including attachments and/or schedules thereto, for those tax years 1999, 2000, 2001, 2002, 2003 and 2005.

2.  All documents related in any way to your employment with any employer within **two years before working at Isolation Technologies, Inc.**, including but not limited to

2

resumes, job applications, employment advertisements, correspondence to potential employers, performance appraisals, promotion notices, disciplinary notices, termination notices, etc. (Please note that the documents requested are those which were used or obtained *at the time* and of which you have copies.)

3.    All documents related in any way to your search for employment with any employer **within two years before working at Isolation Technologies, Inc.**, including but not limited to resumes, job applications, employment advertisements, correspondence to potential employers, performance appraisals, promotion notices, disciplinary notices, termination notices, etc. (Please note that the documents requested are those which were used or obtained *at the time* and of which you have copies.)

4.    All documents related in any way to your employment with any employer **since the time you ceased working at Isolation Technologies, Inc.**, including but not limited to resumes, job applications, employment advertisements, correspondence to potential employers, performance appraisals, promotion notices, disciplinary notices, termination notices, etc. (Please note that the documents requested are those which were used or obtained *at the time* and of which you have copies.)

5.    All documents related in any way to your search for employment with any employer **since the time you ceased working at Isolation Technologies, Inc.**, including but not limited to resumes, job applications, employment advertisements, correspondence to potential employers, performance appraisals, promotion notices, disciplinary notices,

termination notices, etc. (Please note that the documents requested are those which were used or obtained **at the time** and of which you have copies.)

6.    All documents which you submitted to any other agency or court of law concerning any allegations made in the your Complaint, including but not limited to those submitted to the Massachusetts Commission Against Discrimination and the Massachusetts Attorney General.

Isolation Technologies, Inc.
By its attorneys:

William M. Zall, BBO #554135
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON, & HARNEY LLP
220 North Main Street
Natick, MA  01760
TEL:(508) 651-7524
FAX:(508) 653-0119

Dated: Oct 24, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document (Defendant, Isolation Technologies, Inc.'s Second Request For Production of Documents to Plaintiff") was served upon the Plaintiff, Anthony Campbell, appearing pro se by first class, pre-paid mail on October 24, 2005.

William M. Zall

243562

4

# CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP
## ATTORNEYS AT LAW

Daniel M. Cunningham
Scott L. Machanic
Dana A. Cetlin ±
David C. Johnson (1949-2000)
Peter P. Harney
Robert F. Tenney
Robert J. Riccio
Mary E. Arata
Holly B. Anderson
Gregory M. Iudice
Of Counsel:
Edward C. Uehlein (1911-2003)

Lakewood Office Park
220 North Main Street
Natick, Massachusetts 01760-1100
(508) 651-7524   (781) 237-7030
FAX: (508) 653-0119
email: cmlaw@cmlaw.net
www.cunninghammachanic.com

± Also Admitted in New Hampshire

Of Counsel (cont'd):
William M. Zall
Richard B. Schafer
Judith L. Melideo-Preble
Richard A. Zucker
Paralegals:
Jenny Hall Maltais
Pamela J. Szretter
Naomi E. Dennis
Joanne Kramar Zall
Shelley R. Kamen

November 3, 2005

Anthony Campbell
267 Mill Street, Apt. #302
Worcester, MA  01602

Anthony Campbell
P.O. Box 3469
Worcester, MA  01613

Re: Anthony Campbell v. Isolation Technologies, Inc. and Larry D'Amato
    U.S.D.C. Case No. 04-40236

Dear Mr. Campbell:

Enclosed herewith please find copies of a subpoena which (1) is being served upon E.C.
Hilliard Corporation and (2) is being served upon Corning Netoptix. Please feel free to
contact me if you require any additional information. Thank you.

Very truly yours,
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON & HARNEY, LLP

William M. Zall, Esq.

WMZ/jk
244009
8034/0015

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Central | DISTRICT OF | Massachusetts |
|---|---|---|

Anthony Campbell

V.

Isolation Technologies, Inc., et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  04-40236

TO:  Owner
E.C. Hilliard Corporation
10 Liberty Way
Franklin, MA  02038

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ALL documents related to the employment of Anthony Campbell, including but not limited to those documents comprising a personnel file, INCLUDING BUT NOT LIMITED TO hiring documents, discipline and/or performance documentation, job descriptions, leaves of absence, termination documents, releases, managers' notes, etc.

| PLACE | DATE AND TIME |
|---|---|
| 220 North Main St., Natick, MA  01760 | 11/18/05   10.00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| , Attorney for Defendant Isolation Technologies | 11/3/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

William M. Zall, Esq., Cunningham Machanic Cetlin Johnson & Harney, LLP
220 North Main Street, Natick, MA  01760  tel:  508-651-7524

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

_____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Central                          DISTRICT OF                    Massachusetts

Anthony Campbell

V.

**SUBPOENA IN A CIVIL CASE**

Isolation Technologies, Inc., et al

Case Number:[1] 04-40236

TO: Wesley Clark, Plant Controller
Corning Netoptix
69 Island Street
Keene, NH 03431

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ALL documents related to the employment of Anthony Campbell, including but not limited to those documents comprising a personnel file, INCLUDING BUT NOT LIMITED TO hiring documents, discipline and/or performance documentation, job descriptions, leaves of absence, termination documents, releases, managers' notes, etc.

| PLACE Cunningham, Machanic, Cetlin, Johnson & Harney, LLP<br>220 North Main St., Natick, MA    01760 | DATE AND TIME<br>1/3/5   1 PM |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant<br>Isolation Technologies, Inc. | DATE<br>11/3/05 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

William M. Zall, Esq., Cunningham Machanic Cetlin Johnson & Harney, LLP
220 North Main Street, Natick, MA  01760  tel: 508-651-7524

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS.
C.A. NO: 04-40236 FDS.
Answers to Defendant's Interrogatories.        PAGE 3        JUNE 5, 2005.

8.    Corning NetOptix
      2 Mercer Road
      Natick, MA 01760
      POSITION:    PT---QUALITY CONTROL SUPERVISOR
      JOB DUTIES: MANAGEMENT, TRAINING & DEVELOPMENT, PERSONNEL
      SCHEDULING AND ANALYTICAL/PROBLEM SOLVING.
      DOH: December 19, 2000 ---- May 15, 2001
      SUPERVISOR: SUE BATES
      REASON FOR LEAVING: NATICK DIVISION CLOSED DOWN


      RHODE ISLAND TOOL COMPANY
      148 West River Street
      Providence, RI 02908
      POSITION:    MACHINIST
      JOB DUTIES:  SET-UP, EDITING AND TROUBLESHOOTING
      DOH: January 10, 2000 --- March 16, 2001
      SUPERVISOR: BUTCH
      HOURLYRATE: $16.09
      REASON FOR LEAVING: LAYOFF NO WORK.


      SWISSTURN-U.S.A
      1 Main Street
      Whittinsville, MA
      POSITION:    MACHINIST    (TEMPORARY)
      DOH: May 2002 -- August 23, 2002
      JOB DUTIES: SET-UP, EDITING AND TROUBLESHOOTING
      HOURLY RATE: $16.00
      REASON FOR LEAVING: TEMPORARY NO WORK


      E. C. Hilliard Corporation
      10 Liberty Way
      Franklin, MA 02038
      Position:  CNC
      DOH: September 13, 2004 to January 6, 2005
      Job Duties: Setup, troubleshoot and editing.
      Hourly rate:  $17.00
      Reason for Leaving: Layoff.

COPY