UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worcester)

| | |
|---|---|
| Anthony Campbell, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No. 04-40236 FDS |
| | ) |
| Isolation Technologies, Inc. | ) |
| Larry D'Amato | ) |
| Defendants | ) |

### MOTION OF DEFENDANT, ISOLATION TECHNOLOGIES, INC., TO COMPEL PRODUCTION OF DOCUMENTS; TO SUPPLEMENT INTERROGATORY ANSWERS AND FOR SANCTIONS
Fed.R.Civ.P. Rule 37(a)

Isolation Technologies, Inc. (the "Defendant"), pursuant to Fed.R.Civ.P. Rule 37(a), hereby requests this Court to compel the Plaintiff, Anthony Campbell, (i) to respond to it's request for production of documents, (ii) to supplement answers to earlier interrogatory responses and (iii) for sanctions as appropriate. In support of this motion, the aforesaid Defendant states as follows:

## BACKGROUND

1. On October 24, 2005, the undersigned counsel for the Defendant, Isolation Technologies, Inc., served "Defendant, Isolation Technologies, Inc.'s Second Request for Production of Documents to Plaintiff" (the "Second Request")(pursuant to Fed.R.Civ.P. Rule 34), on the Plaintiff by first class mail both at his home address and a post office address on record with the Court. Much of the Second Request sought documents which the Plaintiff acknowledged during deposition but failed to provide in response to an initial document request. A copy of the Second Request is attached hereto as Exhibit A.

2. The Plaintiff's deposition was suspended pending receipt and review of the completed discovery.

3. Accompanying the above-referenced request, was a letter from the undersigned further requesting a supplemented response to an earlier interrogatory regarding employment, based upon the Plaintiff's acknowledging during deposition that the held more jobs than were reflected in his original interrogatory response. At deposition, the Plaintiff agreed to so supplement his earlier answer. A copy of the aforementioned letter is attached hereto as Exhibit B.

4. By letter dated December 9, 2005, the undersigned advised the Plaintiff that his responses were past due. A copy of the aforementioned letter is attached hereto as Exhibit C.

5. On December 23, 2005, the undersigned attempted to reach the Plaintiff by telephone, leaving a message seeking to discuss the matter.

6. On January 3, 2006, the undersigned received a letter from the Plaintiff (dated December 29, 2005, postage metered December 30, 2005), indicating that he had already given complete responses to all interrogatories.

7. On January 3, 2006, the undersigned again attempted to contact the Plaintiff to discuss discrepancies in his answers, sending a follow-up letter on the same date. A copy of the aforementioned letter is attached hereto as Exhibit D.

8. The Plaintiff had neither responded to the telephone call nor served discovery responses as of the date of a Status Conference, held on January 12, 2006.

9. At the aforesaid Status Conference, the Plaintiff acknowledged the requests and Judge Saylor ordered that the matter be resolved or Motions To Compel should be filed by January 23rd. (See Docket Text, 1/12/06) After the Status Conference, the Plaintiff informed the undersigned that he would provide requested documents, however, on January 23rd, the undersigned received the Plaintiff's objections, leaving no opportunity to file the instant motion before the end of business on January 23rd.

10. On Monday, January 23, 2006, the undersigned received a copy of the Plaintiff's letter to the Court, dated January 20, 2006, stating objections to requests for W-2 Forms, without reason, and for copies of newspapers, stating only that they are reserved for use at trial.

11. Although acknowledging his pro se status, this Court has repeatedly advised the Plaintiff of his obligation to comply with applicable rules, both in open court and in orders referenced below. However, the Plaintiff has repeatedly failed to do so.

12. Since the Plaintiff filed this action, the Defendant has been forced to file two motions to compel the Plaintiff's compliance with applicable discovery rules: one to compel initial disclosures and the other to compel attendance at his own deposition. In ordering the Plaintiff's Rule 26(a) disclosures, Magistrate Judge Swartwood stated: "Although Mr. Campbell represents himself in this case, he is nevertheless required to follow the rule of the Court and to obey Court orders. I am informing Mr. Campbell that failure to obey a Court order could result in the imposition of sanctions, including dismissal of an action for failure to comply with discovery." ***Order, August 3, 2005 (Docket Entry 18)***

13. In ordering the Plaintiff's attendance at his own deposition, Magistrate Judge Swartwood again stated: "Mr. Campbell is once again reminded that although he is proceeding without a lawyer, he is nevertheless required to follow the rules of this Court and to obey Court orders and that failure to do so could result in the imposition of sanctions, including dismissal of his case." ***Order, August 12, 2005, p6. (Docket Entry 19)***

14. In addition, the Defendant has been forced to file a motion seeking to strike frivolous material filed by the Plaintiff, which was injurious to the reputation of Defendant's counsel and others in his office. In allowing Defendant's motion to strike, Magistrate Swartwood stated: "I find that allegations made by Mr. Campbell in his letter are totally baseless, immaterial and harmful to Messrs. Harney's and Zall's professional reputations." ***Order, August 12, 2005, p4. (Docket Entry 19)***

15. In contrast, the Plaintiff filed a letter with this Court which was taken as a motion to (i) compel service of the Defendant's answers to interrogatories and to (ii) clarify an admission. The Defendant's interrogatory answer *had already been timely served* well before the Plaintiff's letter-motion and the Defendant timely clarified its admission as ordered.

**DISPUTED DISCOVERY REQUESTS**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

First Document Requests No. 1 through No. 3, inclusive, seek production of all documents which relate to the Plaintiff's claims and which he intends to introduce at trial.

> The Plaintiff has repeatedly referenced copies of newspaper advertisements which he believes supports his claims in some fashion. He acknowledged failing to provide them in response to duly served Requests and agreed during deposition to provide them within one week thereafter. He again failed to do so. At the recent Status Conference, the Plaintiff stated that he is withholding the documents because he intends to use them at trial, to which Judge Saylor clearly explained the Plaintiff's obligation to produce or state a valid objection, clarifying that the need to use the documents at trial does not state a sufficient ground for withholding. The Plaintiff's January 20, 2006, letter again states that he is objecting to the request because "iti [sic] is reserve [sic] for trial preparation." There is no basis to withhold production of the newspaper advertisements, as it results in "trial by ambush", and the Plaintiff should be ordered to produce them forthwith.

Second Document Request No. 1 seeks production of tax returns (including attachments) filed by or on the Plaintiff's behalf for tax years "1999, 2000, 2001, 2002, 2003 and 2005" *(see note below)*.

> The Plaintiff has neither served these documents, nor objected to their production. However, he has objected to production of W-2 Forms, presumably as attachments to the requested tax returns. This objection is without merit.

> The Defendant's request for production of tax returns with attachments is both relevant (lost wages alleged; specific employers identified) and unavailable through other sources. This reflect the test clearly stated for discovery of federal tax returns. ***See Buntzman v Springfield Redevelopment Authority, 146 FRD 30 (D.Mass. 1993) regarding availability and confidentiality of Federal Tax Returns.*** Moreover, the Plaintiff testified at deposition that he did not remember whether or not he worked during the five month period immediately prior to his employment with the Defendant *(see Deposition*

3

*Transcript, P58& P59, attached as Exhibit E)*, which information would be confirmed through W-2 Forms attached to Tax Returns. The Plaintiff was asked to state the basis of his failure to produce the requested documents during the Status Conference, and none was given. Accordingly the Plaintiff must be required to produce Federal Tax Returns for the years 1999 through 2005, inclusive.

*(note)* The year 2004 was inadvertently stated as "2005", which was discovered when preparing this Motion. These documents are directly relevant to the Plaintiff's damages claim. Production of 2004 tax returns, along with the other years, will not prejudice or unduly burden the Plaintiff. Accordingly, the Defendant requests that any order for production of the requested documents correctly include the tax year 2004. Moreover, with the completion of tax year 2005, any such order should include 2005 federal tax returns, if available.

Second Document Requests No. 2 through No. 5 seek production of documents related to the Plaintiff's employment and employment searches both before and after his employment with the Defendant.

The Plaintiff acknowledged during deposition that his discovery response was incomplete, and that he possessed copies of applications, resumes and other materials used in his job searches. He further stated that he would provide all requested documents. *(Deposition Transcript, P158 & P159, attached as Exhibit F)* Again, the Plaintiff was asked at Status Conference to state his objection to the request, however, gave none.

The Plaintiff has not objected to this request and the documents should be produced. Moreover, the Defendant states that the requested documents are relevant to confirmation of statements made by the Plaintiff regarding work history and to damages (fact and reasonableness of search efforts).

Second Document Request No. 6. seeks production of any complaints or other documents submitted to, among others, the MCAD or the Attorney General's office.

On January 23, 2006, the Plaintiff produced the front page of an undated Massachusetts form entitled: "Office of the Attorney General Civil Rights Complaint Form". The document clearly indicates that information is continued on a second side, however, none was provided. The Plaintiff must be ordered to provide the entire form.

**NOW, THEREFORE**, the Defendant, Isolation Technologies, Inc., prays that this Court order as follows:

    i.    That the Plaintiff's Complaint be dismissed for continual failure to abide by applicable rules, pursuant to Fed.R.Civ.P. Rule 37;

        Alternatively,

ii. That the Plaintiff be compelled to file full and complete responses to the First Request (Nos. 1, 2 & 3) and Second Request (all) within five (5) days after the date of the Court's order on this Motion, and that the Plaintiff's Complaint be dismissed with prejudice for any failure to do so;

iii. That the Defendant be allowed an adverse inference from any documents which are not produced;

iv. That the Defendant be relieved from the deadlines of the Scheduling Order as apply to Amendments and Discovery, and that the Court extends any such deadlines to reflect time lost due to the Plaintiff's non-compliance;

v. That the Plaintiff be ordered to attend any duly noticed deposition which the Defendant might schedule after receipt of all requested discovery;

vi. That the Plaintiff be ordered to pay the costs of preparing this Motion, in the amount of $575.00, and order that such payment is made before said Defendant is required to take any further action in this defense;

vii. That this Court order such other relief as it deems just and proper.

Respectfully submitted,

Isolation Technologies, Inc.
By its attorneys:

_____
William M. Zall, BBO #554135
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON, & HARNEY LLP
220 North Main Street
Natick, MA 01760
TEL:(508) 651-7524
FAX:(508) 653-0119

Dated: 1/24/06

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the Plaintiff, Anthony Campbell, appearing pro se by first class, pre-paid mail on January 24, 2006.

_____
William M. Zall

245991