# CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP
## ATTORNEYS AT LAW

Daniel M. Cunningham
Scott L. Machanic
Dana A. Cetlin ±
David C. Johnson (1949-2000)
Peter P. Harney
Robert F. Tenney
Robert J. Riccio
Mary E. Arata
Holly B. Anderson
Gregory M. Iudice
Of Counsel:
Edward C. Uehlein (1911-2003)

Lakewood Office Park
220 North Main Street
Natick, Massachusetts 01760-1100
(508) 651-7524   (781) 237-7030
FAX: (508) 653-0119
email: cmlaw@cmlaw.net
www.cunninghammachanic.com

± Also Admitted in New Hampshire

Of Counsel (cont'd):
William M. Zall
Richard B. Schafer
Judith L. Melideo-Preble
Richard A. Zucker
Paralegals:
Jenny Hall Maltais
Pamela J. Szretter
Naomi E. Dennis
Joanne Kramar Zall
Shelley R. Kamen

October 24, 2005

*Via Certified & Regular Mail*

Anthony Campbell
267 Mill Street, Apt. #302
Worcester, MA  01602

Anthony Campbell
P.O. Box 3469
Worcester, MA  01613

Re: <u>Anthony Campbell v. Isolation Technologies, Inc. and Larry D'Amato</u>
    U.S.D.C. Case No. 04-40236
    Demand for Supplemented Discovery Responses
    Isolation's Second Request for Production of Documents

Dear Mr. Campbell:

    During your deposition, which was held on August 26th, it was discovered that your earlier responses to Isolation's First Set of Interrogatories were incomplete and that you did not comply with Isolation's First Request For Production of Documents. During the deposition, you advised that you would provide additional documents within one week of the deposition date. To date, however, we have received neither documents or supplemental interrogatory answers. Specifically, you advised that you would provide the following documents which you testified were in your possession:

- copy of a complaint which you filed with the Attorney General's office
- copies of newspapers in which you alleged Isolation's employment advertising
- copies of your resumes (both current and past), which reflect your employment before Isolation and your job search after leaving Isolation
- tax returns for the period two years before you worked for Isolation
- tax returns for the years after you worked for Isolation

    In order to ensure that there is no confusion, I have enclosed a Second Request For Production of Documents, to cover those documents which you addressed during deposition.

CUNNINGHAM, MACHANIC, CETLIN, JOHNSON & HARNEY, LLP
Anthony Campbell
October 24, 2005
Page 2 of 2

With regard to incomplete responses to our First Set of Interrogatories, you testified about your job search activities since leaving Isolation, however, no such information was provided in response to the following Interrogatory No. 7, which asked:

7. Please describe all efforts which you made to obtain employment after you stopped working at Isolation.

In addition, it was acknowledged that your response to Interrogatory No. 8 was incomplete, since you testified about significantly more jobs than you included in your response. Interrogatory No. 8 asked:

8. Please provide the following information for each job which you held both (i) within two years before your work with the Isolation Technologies and (ii) between the time you left Isolation Technologies and the present date:
    a. Employer's name, address.
    b. Position at time of hire.
    c. Job duties.
    d. Name of your immediate supervisor.
    e. Weekly salary or hourly wage paid at time of hire.
    f. Any promotions received.
    g. Weekly salary or hourly wage paid at time of termination.
    h. If you are no longer employed by that employer, state the date of termination and whether said termination was voluntary or involuntary.

Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are required to supplement your incomplete responses. Accordingly, please provide your supplemental responses within ten days of this letter.

I look forward to receipt of your documents and supplemented answer.

Very truly yours,
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON & HARNEY, LLP

William M. Zall, Esq.

Enclosures
cc. Michael Rigoli
WMZ/243559