UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worcester)

| | |
|---|---|
| Anthony Campbell, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Case No. 04-40236 FDS |
| ) | |
| Isolation Technologies, Inc. ) | |
| Larry D'Amato ) | |
| Defendants ) | |

### OPPOSITION OF DEFENDANT, ISOLATION TECHNOLOGIES, INC., TO PLAINTIFF's MOTION FOR JURY TRIAL[1]

For reasons herein stated, the Defendant, Isolation Technologies, Inc. ("Isolation"), hereby opposes the Plaintiff's Motion demanding a jury trial.

### 1. BACKGROUND RELEVANT TO MOTION

The Plaintiff filed his complaint on or about November 12, 2004. He did not request a jury trial in any manner required by Fed.R.Civ.P. Rule 38(b).[2] Pursuant to Rule 38(d), failure to comply with the aforementioned rule "constitutes a waiver by the party of trial by jury".

The Plaintiff served copies of the Summons and complaint upon Isolation via certified mail, all of which were received on November 16, 2004. Service in this manner does not comply with Fed.R.Civ.P. Rule 4, however, Isolation did not move to dismiss on such grounds, but instead included failure of service of process as an Affirmative Defense in its Answer.

Although no jury demand had been served or filed in this matter, the undersigned discovered that the docket reflected otherwise and asked that the entry be corrected during the second Status Conference, held on August 22, 2005. At the aforesaid Status Conference, this Court ordered the

---

[1] The Plaintiff's request is that of "reconsideration" of the Court's ruling that jury trial has been waived.
[2] Fed.R.Civ.P. Rule 38 governs the procedure by which demand for a jury trial must be made. Rule 38 (b) states as follows:
  "Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party."

1

"Plaintiff to file within 10 days a pleading informing the court where in complaint he demanded a jury trial". *(see docket entry 8/22/05)* The Plaintiff failed to do so and, among other items included in a letter to the Court, dated August 28, 2005, he stated as follows: "Lastly, I ask the court for a Jury Trial in this case, Anthony Campbell v. Isolations Technologies, C.A. NO: 04-40236FDS."

On January 20, 2006, the Plaintiff sent a letter to the Court in connection with a discovery dispute and, again, closed with the following: "I request a Jury Trial. See letter of August 28, 2005 to the Court and William Zall." Neither the August 28, 2005, letter nor the January 20, 2006, letter were served "not later than 10 days after service of the last pleading directed to such issue", as required by Fed.R.Civ.P. Rule 38(b).

At a Status Conference held on March 9, 2006, the issue of jury trial was again argued and the Court ruled that it had been waived. The Court further acknowledged that, while the Plaintiff checked the "Jury Demand" box on the Civil Cover Sheet, the sheet clearly indicated that it should be checked "only if demanded in complaint" and that this did not constitute an acceptable method under Rule 38(b). The Court "rule[d] that the case is jury waived unless plaintiff can convince the Court otherwise, Plaintiff to file motion to reconsider jury trial waiver by 3/23/05." *(see docket entry, 3/9/06).* The Plaintiff filed a motion on or about March 14th demanding a jury trial *making no argument, citing no authority and adding no new materials*, simply appending documents which had been filed with the Court prior to its waiver ruling.

## 2. TRIAL BY JURY HAS BEEN WAIVED.

The Plaintiff did not demand a jury trial in any manner authorized by Rule 38(b). As such, and pursuant to Rule 38(d), a trial by jury has been waived. This result is not changed by checking "yes" in the Jury Demand box on the Civil Cover Sheet. "[T]he notation on the Cover Sheet is not a substitute for the service of written notice on the defendants required by the Federal Rules." **Omawale v WBZ, 610 F.2d 20 (1st Cir. 1983).** [3]

---

[3] Similarly, Omawale appeared pro se.

When this Court ordered the Plaintiff to show where, in the pleadings, a jury had been demanded, he simply ignored the order and stated a demand for jury trial in letter form. The Court subsequently ruled that jury trial had been waived, however, advised the Plaintiff of his right to file a motion requesting reconsideration of the Court's ruling. The Plaintiff filed a document entitled "Motion of Plaintiff, Anthony Campbell, Demand a Jury Trial", which contained neither argument nor authority, but simply listed three appended documents. Included among them were copies of (1) the Civil Cover Sheet, which the Plaintiff characterized as his "Demand" for jury trial, (2) the aforementioned January 20th letter, requesting a jury trial and (3) the aforementioned August 28th letter. Each of these documents were before the Court well before its ruling that jury trial had been waived.

### 3. THE PLAINTIFF'S MOTION FOR JURY TRIAL SHOULD BE DENIED.

The Plaintiff has waived his right to trial by jury. While this Court may exercise its discretion to order a jury trial *[Fed.R.Civ.P. Rule 39(b)]*, it visited the issue twice in open court, ultimately ruling that jury trial has been waived. The instant motion seeks reconsideration of the Court's order. Again, however, the motion does not provide argument, authority or any new information for the Court to consider.

As reflected in **Omawale**, the Court is not compelled to grant the Plaintiff's motion simply because of his pro se status. Neither is the Court compelled to grant the motion even if finding that the Plaintiff's failure to claim a jury was inadvertent. To the contrary, "[w]hen Rule 38(b) has not been followed, it is clear that the test of waiver that is applied to other constitutional rights, that there must have been 'an intentional relinquishment or abandonment of a known right or privilege,' *is not applicable to the right of trial by jury*." (emphasis added) **Washington v NYC Board of Estimate**, *709 F.2d 792, 797 (2nd Cir. 1983)(citing Wright & Miller, Federal Practice and Procedure).* "Thus, a '[w]aiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse." **Id.** @ 797.

Although proceeding pro se, the Plaintiff has been admonished to follow the rules and orders of the Court on numerous occasions. However, he has repeatedly failed to do so. To date, the Plaintiff has filed nine letter requests (docketed as "non-motion") to the Court leaving questions as to whether responses must be prepared, such that he was admonished during the most recent Status Conference to file only formal pleadings as per relevant rules. The Plaintiff's abuses are outlined in Isolation's motion to compel certain discovery, which is presently pending before the Court, a copy of which is attached hereto as Exhibit A for the Court's convenience. Of note are the following admonitions, which are also set out in the above-referenced motion to compel:

1. Since the Plaintiff filed this action, the Defendant has been forced to file two motions to compel the Plaintiff's compliance with applicable discovery rules[4]: one to compel initial disclosures and the other to compel attendance at his own deposition. In ordering the Plaintiff's Rule 26(a) disclosures, Magistrate Judge Swartwood stated: "Although Mr. Campbell represents himself in this case, he is nevertheless required to follow the rule of the Court and to obey Court orders. I am informing Mr. Campbell that failure to obey a Court order could result in the imposition of sanctions, including dismissal of an action for failure to comply with discovery." ***Order, August 3, 2005 (Docket Entry 18)***

2. In ordering the Plaintiff's attendance at his own deposition, Magistrate Judge Swartwood again stated: "Mr. Campbell is once again reminded that although he is proceeding without a lawyer, he is nevertheless required to follow the rules of this Court and to obey Court orders and that failure to do so could result in the imposition of sanctions, including dismissal of his case." ***Order, August 12, 2005, p6. (Docket Entry 19)***

3. In addition, the Defendant has been forced to file a motion seeking to strike frivolous material filed by the Plaintiff, which was injurious to the reputation of Defendant's counsel and others in his office. In allowing Defendant's motion to strike, Magistrate Swartwood stated: "I find that allegations made by Mr. Campbell in his letter are totally baseless, immaterial and harmful to Messrs. Harney's and Zall's professional reputations." ***Order, August 12, 2005, p4. (Docket Entry 19)***

The Plaintiff's refusal to adhere to rules and orders to the court has been blatant, as shown by the following examples:

1. With regard to the aforementioned motion to compel discovery responses, the Plaintiff was advised in open court that withholding documents simply because he

---

[4] In addition to the pending motion to compel discovery.

intended to use them at trial was not an acceptable objection. Nonetheless, in his January 20th letter, the Plaintiff again failed to produce requested documents, stating "iti [sic] is reserve [sic] for trial preparation."

2.  The Plaintiff has failed to present a written settlement proposal, as required by Local Rule 16.1(C). Again, this matter was raised and the subject of significant discussion at two conferences, to which the Plaintiff indicated that he would comply. In the Plaintiff's letter to the Court, dated March 10, 2006, however, he stated as follows: "I have no offer to make on settlement and request a Jury Trial as per the Status Conference of March 9, 2006 […]."

The Plaintiff is no stranger to the court system and to his obligations to adhere to the rules, the undersigned having discovered four cases in the State of Rhode Island, Providence County Superior Court, alone, in which he appears as a plaintiff.[5] Of note, in the matter of <u>Campbell v Juan Lozada</u> [docket no. PC2002 0726], the Plaintiff was "instructed to file no more improperly filed motions or he will be subject to sanctions". ***See Exhbit B: Certified "Docket Event Listing", entry dated 04-01-2004.***

### 4. CONCLUSION.

The Plaintiff has waived a jury trial in this matter. Although the right to grant a jury trial after waiver rests in the sole discretion of the Court, its ruling that jury trial has been effectively waved should not be disturbed. The Plaintiff has not provided any new reason for the ruling to be changed on reconsideration.

A bench trial will not deny the Plaintiff a hearing by a fair and impartial fact-finder. Moreover, the parties will be assured of an orderly trial absent the possibility of procedural abuses influencing a jury. Denial of the Plaintiff's request to consider this Court's ruling under these circumstances is an appropriate exercise of its discretion, and the Court's ruling should not be disturbed.

---

[5] (1) Anthony Campbell v Alfred P. Gaye, [PC1992 3065], (2) Anthony Campbell, et al v RI Public Transit Authority, et al, [PC1994 5249], (3) Anthony Campbell v National Car Rental System, Inc. et al [PC1995 1762] and (4) Anthony Campbell v Juan Lozada [PC2002 0726].

*NOW, THEREFORE*, the Defendant, Isolation Technologies, Inc.:

    i.    That this Court deny the Plaintiff's Motion for Jury Trial so that the parties may prepare for trial;
    ii.    That this Court order the Plaintiff to pay the costs of preparing this Opposition, in the amount of $575.00, and order that such payment he made before this Defendant is required to take further action in this matter; and
    iii.    That this Court award such other relief as it deems just and proper.

Respectfully submitted,

Isolation Technologies, Inc.
By its attorneys,

_____
William M. Zall, BBO #554135
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON, & HARNEY LLP
220 North Main Street
Natick, MA 01760
TEL:(508) 651-7524
FAX:(508) 653-0119

Dated: March 24, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the Plaintiff, Anthony Campbell, appearing pro se by first class, pre-paid mail on March 24, 2006.

_____
William M. Zall

249195