UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY CAMPBELL,<br>      Plaintiff,<br>vs.<br><br>ISOLATION TECHNOLOGIES, INC. and<br>LARRY D'AMATO,<br>      Defendants. | )<br>)<br>)<br>)   **CIVIL ACTION**<br>)   **NO. 04-40236-FDS**<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**
April 26, 2006

**HILLMAN, M.J.**

**Nature of the Proceeding**

This Order addresses the following non-dispositive motion which has been referred to me for disposition by Order of Reference dated February 15, 2006:

1. Motion of Defendant, Isolation Technologies, Inc., to Compel Production of Documents; to Supplement Interrogatory Answers and for Sanctions (Docket No. 33).

**Nature of the Case**

Anthony Campbell ("Mr. Campbell"), proceeding *pro se,* has asserted claims against Isolation Technologies, Inc. ("ITI") and Larry D'Amato ("Mr. D'Amato" and together with ITI, "Defendants") under Title VII of the Civil Rights Act and Mass. Gen. L. c. 151B alleging that the Defendants violated his civil rights by failing to hire him on account of his race (Mr. Campbell is African-American).

**Facts**

1. On October 24, 2005, ITI served its Second Production of Documents to Plaintiff, on Mr. Campbell by first class mail at his address of record. Much of the second request sought documents which Mr. Campbell acknowledged during depostion but did not provide in response to the initial document request.

2. The deposition was held on August 26, 2005. The deposition was suspended pending receipt and review of documents that had been discussed during the deposition.. The following exchange took place at the end of Mr. Campbell's abbreviated deposition:

> The Witness (Mr. Campbell): I'm gonna – just for the record, I'm gonna make all the newspapers available to you by next week, certified - certified mail.
>
> Mr. Machanic: How about your tax returns?
>
> Mr. Campbell: Yeah.
>
> Mr. Zall: And the other documents that deal with your complaint, your job search activities, all the documents that you've testified today that you have kept copies of ... We need to see all of those.
>
> Mr. Campbell: Okay.

(Excerpts from Deposition of Anthony Campbell ("Campbell Dep.") (Attachment F to Motion of Defendant, Isolation Technologies, Inc. to Compel Production of Documents; to Supplement Interrogatory Answers and For Sanctions (Docket No. 33) ("ITI's Motion").

3. Several letters were sent and telephone calls made by counsel for ITI to attempt to obtain the documents. Mr. Campbell has not provided the requested documents or supplemented his responses to date.

4. Although acknowledging his *pro se* status, this Court has admonished Mr. Campbell several times (See Orders dated August 3, 2005 (Docket No. 18) and August 12, 2005 (Docket No. 19) to comply with the rules of this Court.

5. Mr. Campbell has not filed an opposition to ITI's motion. However, Mr. Campbell did file one letter written to ITI's counsel on December 29, 2005 in which he claims complete responses to interrogatories have already been made and one letter the court stating his objection to the document requests. See Docket No. 32.

## Discussion

Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party...". This rule further states that "it is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." See EEOC v. Electro-Term, Inc., 167 F.R.D. 344, 346 (D.Mass. 1996).

In its First Document Request, ITI asked Mr. Campbell to produce all documents which relate to his claims and which he intended to introduce at trial. Specifically, ITI seeks to compel the production of newspaper advertisements referenced by Mr. Campbell during his deposition; Mr. Campbell believes the advertisements support his claims and is therefore withholding them. Mr. Campbell's sole objection to producing the newspaper clippings is that he intends to use them at trial. Accordingly, because the information may lead to the discovery of admissible evidence and the need to use the documents at trial does not provide a valid basis for objecting to

the request, I order Mr. Campbell to produce the withheld newspaper clippings and any other documents in his possession which are responsive to the document requests.

In its Second Request for Documents served on Mr. Campbell on October 24, 2004, ITI requested the federal tax returns for the years 1999 through 2005 inclusive. Mr. Campbell appears to object to this request in the statement, "I object to the request of my W-2 Form," in his January 20, 2006 letter to the Court (Docket No. 32), but gives no basis for this objection. ITI argues that the documents are relevant to Mr. Campbell's claim for lost wages and is unavailable through other sources and would provide clarification as to Mr. Campbell's specific employers during those years. It is well settled that tax returns do not enjoy an absolute privilege from discovery. St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19, 82 S.Ct. 289 (1961). "Tax returns are subject to discovery as long as they are relevant to the subject matter of the action." Halperin v. Berlandi, 114 F.R.D. 8, 11 (D. Mass. 1986). I agree with ITI that the tax returns are relevant and discoverable and order Mr. Campbell to produce the requested tax documents.

Also in its Second Request for Documents, ITI seeks production of documents related to Mr. Campbell's employment and employment searches. ITI bases this request on Mr. Campbell's statements during his deposition regarding other employment, both before and after his time at ITI. Mr. Campbell has not specifically objected to this request and therefore, is ordered to supplement his answers to interrogatories with regard to employment or employment searches and to produce any documents in his possession that are responsive to the request.

Finally, ITI's second request for documents seeks production of any complaints or other documents related to his claim of discrimination that he submitted to any agency or court of law.

Specifically, ITI contends that Mr. Campbell produced only the first page of the two-page "Attorney General Civil Rights Complaint Form" which he submitted to the Massachusetts Attorney General's office and which contains allegations similar to those in his complaint. There being no objection from Mr. Campbell and because it is clearly relevant to the subject matter, Mr. Campbell is ordered to produce page two of the "Attorney General Civil Rights Complaint Form" and any other documents in his possession that are responsive to the request.

### Conclusion

1.      Motion of Defendant, Isolation Technologies, Inc., to Compel Production of Documents; to Supplement Interrogatory Answers and for Sanctions (Docket No. 33) is <u>allowed</u>, as provided in this order and <u>denied</u> as to sanctions. If Mr. Campbell fails to produce the requested documents or denies their existence, he will be barred from using the documents in any way at trial.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE