UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **ANTHONY CAMPBELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil No. |
| v. ) | 04-40236-FDS |
| ) | |
| **ISOLATIONS TECHNOLOGIES, INC.** ) | |
| **and LARRY D'AMATO,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER ON
### PLAINTIFF'S MOTION FOR JURY TRIAL

**SAYLOR, J.**

This is a case involving alleged discrimination on the basis of race. Plaintiff Anthony Campbell, proceeding *pro se*, has moved for a jury trial on all issues. Plaintiff's complaint did not contain a request for a jury trial, nor was one filed within ten days after the service of the last pleading directed to such issue. Under Fed. R. Civ. P. 38(b), he thereby waived his right to trial by jury. Plaintiff did check the box on the civil action cover sheet indicating that a jury demand had been made; however, such a notation "is not a substitute for the service of written notice on the defendants required by the Federal Rules." *Omawale v. WBZ*, 610 F.2d 20, 22 (1st Cir. 1979).

Nonetheless, the court in its discretion upon motion may order a trial by a jury as to any or all issues so triable. Fed. R. Civ. P. 39(b); *Rowleff v. Anheuser-Busch, Inc.*, 832 F.2d 194, 199 (1st Cir. 1987), abrogated on other grounds by *Iacobucci v. Boutler*, 193 F.3d 14, 27 (1st Cir. 1999). The critical factor from the Court's perspective is the fact that the defendant is proceeding

*pro se*. The Court is concerned, for a variety of practical and legal reasons, about the prospect of a *pro se* plaintiff attempting to undertake the complex task of proving a discrimination case before a jury. Indeed, many members of the bar would consider themselves not fully qualified to attempt such a task.

Accordingly, the Court will deny plaintiff's motion for a jury trial. In the interests of justice, the Court will grant plaintiff one last opportunity to secure counsel to represent him in this matter. If an attorney representing the plaintiff files an appearance on or before June 26, 2006, the Court will at least entertain whether that decision should be reconsidered.

In accordance with the Court's ruling in open court on May 10, 2006, this matter is set for a status conference on July 10, 2006, at 4:00 p.m.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 12, 2006