UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worcester)

| | |
|---|---|
| Anthony Campbell,<br><br>        Plaintiff,<br>vs.<br><br><br>Isolation Technologies, Inc.<br>Larry D'Amato<br>        Defendants | )<br>)<br>)<br>)<br>)  Case No. 04-40236 FDS<br>)<br>)<br>)<br>) |

## DEFENDANT, ISOLATION TECHNOLOGIES, INC. MOTION FOR SANCTION OF DISMISSAL
[Fed.R.Civ.P. Rule 37(b)(2)(C)]

The Defendant, Isolation Technologies, Inc. ("Isolation"), hereby requests that the Complaint of the Plaintiff, Mr. Campbell, be dismissed with prejudice for repeated failure to obey orders of this Court to provide discovery, pursuant to Fed.R.Civ.P. Rule 37(b)(2)(C). In support of this request, Isolation states as follows[1]:

1. Mr. Campbell has repeatedly failed to comply with applicable discovery rules since filing this action, requiring Isolation to file four discovery motions (exclusive of the instant motion), including motions to compel mandatory disclosure *(Document No 12)*, to attend his own deposition *(Document No. 16-1)*, to extend discovery deadlines due to his noncompliance with applicable discovery rules *(Document No. 22)*, and to compel production of documents and supplement interrogatory responses *(Document No. 33-1)*.

2. In response to the aforesaid motions, and while acknowledging his *pro se* status, this Court has repeatedly advised Mr. Campbell of his obligation to follow applicable rules, both in open court and in various orders. Further, Magistrate Judge Swartward advised Mr. Campbell of the possibility of dismissal as a sanction in two separate orders. *[See* **Order**, *August 3, 2005 (Document No. 18) and* **Order**, *August 12, 2005 (Document No. 19)]*

---

[1] Documents referenced as "Document No. ___" throughout this Motion have previously been filed with the Court and are not appended hereto. The reference reflects the document number appearing on the docket. All of said documents have been previously served on the Plaintiff.

1

3. Isolation also had to move to strike frivolous material filed by Mr. Campbell, which material was found by Magistrate Swartwood to have been "totally baseless, immaterial and harmful to [named attorneys'] professional reputations." *[Order, August 12, 2005 (Document No. 19)]*[2]

4. On April 26, 2006, Magistrate Judge Hillman allowed Isolation's Motion to Compel Production of Documents and to Supplement Interrogatory Answers, *[Order, April 26, 2006 (Document No. 38)]* However, Mr. Campbell ignored this Order and, during conference held on May 10, 2006, Judge Saylor ordered him to fully comply by the end of business on May 17, 2006. *[Docket entry dated 5/10/2006]*.

5. Mr. Campbell provided some documents, accompanied by a letter May 15, 2006, however, he failed to comply with Judge Saylor's order by providing obviously incomplete responses. Specifically, Mr. Campbell failed to comply as follows:

    a. Second Document Request, No. 1 sought tax returns, including attachments and schedules, from 1999 to 2005, inclusive.[3] Mr. Campbell, however, has produced no tax returns and produced only W-2 Forms for 1999 through 2004, inclusive.
    b. Second Document Request, No. 2 sought documents relating to Mr. Campbell's employment within two years before working for Isolation. He has produced no documents, other than the aforementioned W-2 Forms, despite having testified at deposition to possessing responsive documents. Interestingly, the 1099 Forms identified employers which were not disclosed in response to interrogatory answers or at deposition. Mr. Campbell still not disclosed his complete employment history.

---

[2] Mr. Campbell alleged in filings with the Court that Isolation's counsel was masquerading as another attorney and concealing his true identity. Magistrate Judge Swartwood ordered the material stricken from the record. Further, Judge Saylor admonished Mr. Campbell for continuing to raise this issue on numerous occasions in open court. However, Mr. Campbell has again flaunted these warnings by stating in his most recent letter filed with the Court that Isolation's lawyer is other than the undersigned counsel. *[Document No. 40]*

[3] The year "2004" was inadvertently stated as "2005" in the original request. This was clarified in Isolation's Motion to Compel, with the result that all years from 1999 through 2005, inclusive, were to be produced.

   c. Second Document Request, No. 3 sought documents related to Mr. Campbell's efforts to secure employment within two years before working for Isolation. Mr. Campbell produced no documents, despite having testified at deposition to possessing responsive documents.

   d. Second Document Request, No. 4 sought documents related to Mr. Campbell's employment since leaving Isolation. Mr. Campbell produced no documents, other than W-2 Forms, despite having testified at deposition to possessing responsive documents.

   e. Second Document Request, No. 5 sought documents related to Mr. Campbell's search for employment since leaving Isolation. Mr. Campbell produced no documents, despite having testified at deposition to possessing responsive documents.

   f. Second Document Request, No.6 sought a complete copy of a complaint filed by Mr. Campbell with the Massachusetts Attorney General. Mr. Campbell produced only one side of a two-sided document, now stating that he does not possess the second side, presumably containing a description of his claim.

   g. Mr. Campbell has repeatedly failed to describe efforts to obtain employment since leaving Isolation (Interrogatory No. 7) and to provide detailed information regarding employment both two years before and since leaving Isolation (Interrogatory No. 8). This matter was addressed in the aforesaid Motion to Compel only after Isolation sought to resolve the issue by sending a detailed letter to Mr. Campbell. ***See Document No. 33-3.***

6. Upon receipt of Mr. Campbell's responses as ordered by Judge Saylor, the undersigned advised Mr. Campbell by letter that his responses were incomplete, however, in an attempt to avoid further motions, Isolation would not move for sanctions if proper responses were served by May 22nd. No further response has been received to date. ***A copy of this letter is attached hereto as Exhibit 1.***

7. Despite Judge Saylor's instruction during conference on March 9, 2006, Mr. Campbell has refused to present a settlement proposal, pursuant to L.R. 16.1(C), stating his refusal

in a letter to the Court, dated March 10, 2006 *(Document No. 34)* This matter was raised in Isolation's Opposition to Mr. Campbell's request for jury trial *(Document No. 37-1)* and addressed at hearing.

8. As stated in Isolation's Opposition to Mr. Campbell's request for a jury trial, he is no stranger to the court system and to his obligations to adhere to the rules, The undersigned discovered four cases in the State of Rhode Island, Providence County Superior Court, alone, in which he appears as a plaintiff.[4] Of note, in the matter of Campbell v Juan Lozada [docket no. PC2002 0726], the Plaintiff was "instructed to file no more improperly filed motions or he will be subject to sanctions". *See Document 37-3.*

The discovery sought by Isolation is directly relevant to damages which Mr. Campbell may claim, as well as other information relevant to is claims (ie. consistency of prior complaints). Isolation has attempted to informally resolve all discovery disputes before seeking assistance of the Court, with numerous telephone attempts and letters, however, Mr. Campbell's repeated failures have required Isolation to incur the cost of filing numerous motions and have utilized significant Court resources. Despite Isolation's success on these motions, however, Mr. Campbell has continually failed to comply with orders of this Court, while the Court has extended every opportunity for him to do so.

*NOW, THEREFORE*, the Defendant, Isolation Technologies, Inc., prays that this Court order as follows:

    i. That the Plaintiff's Complaint be dismissed with prejudice for continued failure to abide by applicable rules, pursuant to Fed.R.Civ.P. Rule 37;

    Alternatively,

    ii. That the Plaintiff be precluded from seeking any back-pay damages, whether by virtue of complete mitigation or failure to mitigate.

---

[4] (1) Anthony Campbell v Alfred P. Gaye, [PC1992 3065], (2) Anthony Campbell, et al v RI Public Transit Authority, et al, [PC1994 5249], (3) Anthony Campbell v National Car Rental System, Inc. et al [PC1995 1762] and (4) Anthony Campbell v Juan Lozada [PC2002 0726].

iii. That the Defendant be allowed an adverse inference from any documents which are not produced or from incomplete interrogatory responses;

iv. That the Plaintiff be ordered to produce the missing page from his complaint to the Attorney General's office or, alternatively, to provide written authorization for release of the document to Isolation;

v. That the Plaintiff be ordered to pay Isolation the sum of $1,000.00.00, as costs incurred in preparing and anticipated appearance for this Motion, and order that such payment is made before Isolation is required to take any further action in this defense;

vi. That this Court order such other relief as it deems just and proper.

Respectfully submitted,

Isolation Technologies, Inc.
By its attorneys:

_____
William M. Zall, BBO #554135
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON, & HARNEY LLP
220 North Main Street
Natick, MA 01760
TEL:(508) 651-7524
FAX:(508) 653-0119

Dated: 5/25/06

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the Plaintiff, Anthony Campbell, appearing pro se by first class, pre-paid mail on May 25, 2006.

_____
William M. Zall

245993