UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worcester)

| | | |
|---|---|---|
| **Anthony Campbell,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | |
| | ) | **Case No. 04-40236 FDS** |
| | ) | |
| **Isolation Technologies, Inc.** | ) | |
| **Larry D'Amato** | ) | |
| **Defendants** | ) | |

**DEFENDANT, ISOLATION TECHNOLOGIES, INC.
MOTION TO STRIKE PLAINTIFF'S STATEMENT OF COMPLIANCE WITH ORDER**

The Defendant, Isolation Technologies, Inc. ("Isolation"), hereby moves to strike the Plaintiff, Mr. Campbell's, document entitled "Plaintiff, Anthony Campbell, Is In Compliance With The Court Order of April 26, 2006 And May 10, 2006 By Hon. Timothy Hillman And Hon. F. Dennis Saylor, IV, To Provide Documents To The Defendant" (hereinafter referred to as "Statement of Compliance")***[Document No. 42]***, as said Statement of Compliance is inaccurate and misleading, and Mr. Campbell has not so complied with the Orders.

Mr. Campbell failed to comply with Magistrate Judge Hillman's order and served certain discovery responses on or about May 15, 2006, only after Judge Saylor ordered him to do so during a conference held on May 10, 2005 ***[Docket Entry, 5/10/06]***. His responses, however, fell far short of the Order's requirements and Isolation filed a Motion For Sanction of Dismissal for failure to comply ("Motion to Dismiss"), on or about May 25, 2006. ***[Document No. 41]*** Since the filing of Isolation's Motion to Dismiss, Mr. Campbell has served one additional document, consisting of the second page of his complaint to the Attorney General's office. Notably, he earlier stated that he was unable to find this page. ***[Document No. 44, page 2]*** The Motion to Dismiss is presently pending, and fully describes all discovery requests to which Mr. Campbell has failed to respond, as follows:

5. *Mr. Campbell provided some documents, accompanied by a letter May 15, 2006, however, he failed to comply with Judge Saylor's order by providing obviously incomplete responses. Specifically, Mr. Campbell failed to comply as follows:*

    a. *Second Document Request, No. 1 sought tax returns, including attachments and schedules, from 1999 to 2005, inclusive.*[1] *Mr. Campbell, however, has produced no tax returns and produced only W-2 Forms for 1999 through 2004, inclusive.*

    b. *Second Document Request, No. 2 sought documents relating to Mr. Campbell's employment within two years before working for Isolation. He has produced no documents, other than the aforementioned W-2 Forms, despite having testified at deposition to possessing responsive documents. Interestingly, the 1099 Forms identified employers which were not disclosed in response to interrogatory answers or at deposition. Mr. Campbell still not disclosed his complete employment history.*

    c. *Second Document Request, No. 3 sought documents related to Mr. Campbell's efforts to secure employment within two years before working for Isolation. Mr. Campbell produced no documents, despite having testified at deposition to possessing responsive documents.*

    d. *Second Document Request, No. 4 sought documents related to Mr. Campbell's employment since leaving Isolation. Mr. Campbell produced no documents, other than W-2 Forms, despite having testified at deposition to possessing responsive documents.*

    e. *Second Document Request, No. 5 sought documents related to Mr. Campbell's search for employment since leaving Isolation. Mr. Campbell produced no documents, despite having testified at deposition to possessing responsive documents.*

    f. *Second Document Request, No.6 sought a complete copy of a complaint filed by Mr. Campbell with the Massachusetts Attorney*

[1] The year "2004" was inadvertently stated as "2005" in the original request. This was clarified in Isolation's Motion to Compel, with the result that all years from 1999 through 2005, inclusive, were to be produced.

*General. Mr. Campbell produced only one side of a two-sided document, now stating that he does not possess the second side, presumably containing a description of his claim.*

g. *Mr. Campbell has repeatedly failed to describe efforts to obtain employment since leaving Isolation (Interrogatory No. 7) and to provide detailed information regarding employment both two years before and since leaving Isolation (Interrogatory No. 8). This matter was addressed in the aforesaid Motion to Compel only after Isolation sought to resolve the issue by sending a detailed letter to Mr. Campbell.* ***See Document No. 33-3.***

Again, Mr. Campbell recently served the second page of the document described at paragraph f., above, however, has provided nothing more. He has filed with the Court a description and, apparently, copies of all documents which he has served on Isolation ***[Document No. 42, page 2].*** These documents, however, fail to meet the requirements of this Court's order compelling production of documents and interrogatory responses.

Finally, apparently intending to indicate that he has complied with the order to respond to interrogatories seeking information about his employment and search for employment in relevant timeframes, Mr. Campbell has simply stated that Isolation has subpoenaed certain records from previous employers. While Isolation has subpoenaed records from certain known employers, the interrogatories are necessary to ensure that all employers become known.

An affidavit is annexed hereto regarding documents and responses received to date.

***NOW, THEREFORE***, the Defendant, Isolation Technologies, Inc., respectfully requests that this Court strike Mr. Campbell's statement of compliance and order that he pay Isolation's costs associated with this Motion.

Isolation Technologies, Inc.
By its attorneys:

William M. Zall, BBO #554135
CUNNINGHAM, MACHANIC,
CETLIN, JOHNSON, & HARNEY LLP
220 North Main Street
Natick, MA 01760
TEL:(508) 651-7524
FAX:(508) 653-0119

Dated: 6/13/06

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above "DEFENDANT, ISOLATION TECHNOLOGIES, INC.MOTION TO STRIKE PLAINTIFF'S STATEMENT OF COMPLIANCE WITH ORDER" document was served upon the Plaintiff, Anthony Campbell, appearing pro se by first class, pre-paid mail on June 13, 2006.

William M. Zall

252275