UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worcester)

| | |
|---|---|
| Anthony Campbell, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Case No. 04-40236 FDS |
| | ) |
| Isolation Technologies, Inc. | ) |
| Larry D'Amato | ) |
| Defendants | ) |

**SUPPLEMENTAL BRIEF TO
DEFENDANT, ISOLATION TECHNOLOGIES, INC.
MOTION FOR SANCTION OF DISMISSAL**
[Fed.R.Civ.P. Rule 37(b)(2)(C)]

Defendant, Isolation Technologies, Inc. ("Isolation"), Motion for Sanction of Dismissal, as filed on May 25, 2006 *(Docket Document No. 41)* (hereafter, the "Motion") is presently pending before this Court and was addressed at a Status Conference held on July 10, 2006 (hereinafter, "Conference"). At Conference, the Plaintiff, Mr. Campbell, was again ordered to comply with Magistrate Judge Hillman's order to produce documents and supplement interrogatories (although the resulting docket entry included only "to produce all documents by 7/25/06. Dft to file any supplemental brief by 7/28/06." *[Docket entry dated 7/10/2006]*. For reasons stated herein, Isolation files this Supplemental Brief indicating that he has not fully complied with the ordered discovery and further supporting its Motion to Dismiss.

Obtaining discovery responses from Mr. Campbell has been painstaking, at best, as well as expensive and time-consuming, all as set forth in Isolation's aforementioned Motion. At the July 10th Conference, he was again ordered to produce tax returns from 1999 through 2005, inclusive, and to advise if returns had not been prepared/filed for any particular year. Further, he was ordered to make produce documents which had been requested in connection with his employment and his efforts to obtain employment, having testified at deposition that documents were in his possession. Finally, he was ordered to supplement interrogatories seeking information related to his employment and efforts to obtain employment[1]. *[See Motion.]*

---

[1] Magistrate Judge Hillman's April 26, 2006, order stated that Mr. Campbell "is ordered to supplement his answers to interrogatories with regard to employment or employment searches and to produce any documents in his possession that are responsive to this request."

1

On July 25, 2006, the undersigned counsel for Isolation received a package from Mr. Cambell, sent via certified mail, containing documents described below and accompanied by a notice that he was providing "TAX RETURNS" and "PAST EMPLOYMENTS", and further purporting to be in compliance with this Court's order. The package included ***ONLY*** tax returns listed below; there were no other documents (other than his letter and statement purporting compliance). Neither was there any information supplementing interrogatory answers.

    2003, IRS Form 1040
    2002, IRS Form 1040
    2001, IRS Form1040EZ
    2000, IRS Form 1040A
    1999, IRS Form 1040A

An affidavit of undersigned counsel regarding documents received is attached as Exhibit A, including copies of letters reference above.

Mr. Campbell gave no indication as to the status of those requested documents which he did not serve and, like tax returns for 2004 and 2005, Isolation should not be left to guess as to whether or not such documents are available, or whether he has some objection to production thereof.

Again, as set forth in Isolation's Motion, Mr. Campbell has produced no documents regarding employment (except W-2 and 1099 Forms), whether during the two years prior to or subsequent to his assignment at Isolation, or regarding his job search subsequent to the assignment. It was only through W-2 forms submitted in response to the first Order to provide tax returns, that Isolation learned the identities of additional employers which Mr. Campbell had failed to disclose, however, he continues to refuse to produce any documents related to these employments (after acknowledging that he possessed these documents at deposition) or to describe his efforts to obtain employment. Interrogatories seeking details of his employment during the requested period (***First Interrogatories No. 8)*** and his subsequent efforts to obtain employment *(**First Interrogatories No 7)*** still remain unanswered, despite orders for Mr. Campbell to do so, whether through Magistrate Judge Hillman's Order or this Court's repeated orders during various Conferences.

Mr. Campbell brought and forced Isolation to defend this action. However, he has repeatedly failed to comply with orders of this Court, caused significant delay in the process and failed to comply with applicable rules, all as set forth in Isolation's Motion. Moreover, he has been advised on numerous occasions of his obligations and potential sanctions for failure to comply. Accordingly, we respectfully ask this Court to now act on Isolation's pending Motion For Sanction of Dismissal and impose the sanctions which of which he has been well advised.

Respectfully submitted,

                                            Isolation Technologies, Inc.
                                            By its attorneys:

                                            William M. Zall, BBO #554135
                                            CUNNINGHAM, MACHANIC,
                                            CETLIN, JOHNSON, & HARNEY LLP
                                            220 North Main Street
                                            Natick, MA 01760

Dated: Jul 27, 06                       TEL:(508) 651-7524
                                            FAX:(508) 653-0119

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the Plaintiff, Anthony Campbell, appearing pro se by first class, pre-paid mail on July 28, 2006.

                                            William M. Zall

245993