EXHIBIT

E

P.O. BOX 3469
Worcester, MA 01613

March 10, 2006

CERTIFIED MAIL NO: 7004 0750 0002 7862 6134

Mr. Martin Castles
Deputy Clerk
United States District Court
Harold D. Donohue Federal Building
595 Main Street
Worcester, MA 01608

RE:    Anthony Campbell v. Isolations Technologies
       C.A. NO: 04-40236 FDS.

Dear Mr. Castles:

I have no offer to make on settlement and request a Jury Trial as per the Status Conference of
March 9, 2006,  in the case referenced-above. The Jury should make that determination.

Thank you.

Respectfully yours,

Anthony Campbell

enclosures:

UNITED STATES DISTRICT COURT
FOR THE DISTICT OF MASSACHUSETTS


Anthony Campbell,   ........................................................... Plaintiff  )
                                                                                      )
v.                                                                                    ) C.A. NO: 04-40236 FDS.
                                                                                      )
Isolations Technologies ........................................................ Defendant)


# MOTION OF PLAINTIFF, ANTHONY  CAMPBELL, DEMAND A JURY TRIAL


1.      On November 12, 2004, Plaintiff Demand a Jury Trial.

2.      January 20, 2006,  request for Jury Trial. Please see copy of letter to the court.

3.      August 28, 2005, request for a Jury Trial. Please see copy of letter to the court.



Respectfully submitted by,

Anthony Campbell


DATED:  March 9, 2006.



enclosures:

P.O. BOX 3469
Worcester, MA 01613

March 10, 2006

CERTIFIED MAIL 7004 2510 0002 5225 6706

Mr. William Zall
Attorney-at-Law
Cunningham, Machanic, Cetlin, Johnson & Harney, LLP
220 North Main Street
Natick, MA 01760

RE:     Anthony Campbell v. Isolations Technologies
        C.A. NO: 04-40236 FDS.

Dear Mr. Zall:

Please enclosed copy of a letter filed with the COURT DEMANDING A JURY TRIAL in the
referenced-above.

Thank you.

Very truly yours,

Anthony Campbell

enclosures

04-40236

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __CAMPBELL    VS ISOLATIONS__
   __TECHNOLOGIES  LARRY  D'AMATO.  OPERATIONS  MANAGER__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,         *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ___  III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___  IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                    YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES ☒    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES ☐    NO ☒

   A.   If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☐          Central Division ☒          Western Division ☐

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)
                                                                    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

Coversheetlocal.wpd - 10/17/02)

**04-40236**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) CAMPBELL VS ISOLATIONS
   TECHNOLOGIES LARRY D'AMATO, OPERATIONS MANAGER

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                        YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
                                                                        YES ☐    NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                        YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                        YES ☒    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                        YES ☐    NO ☒

       A.    If yes, in which division do all of the non-governmental parties reside?
             Eastern Division ☐        Central Division ☒        Western Division ☐

       B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
             Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                        YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

Coversheetlocal.wpd - 10/17/02)

P.O. BOX 3469
Worcester, MA 01613

January 20, 2006

CERTIFIED MAIL 7004 2510 0002 5225 6690

Mr. Martin Castles
Deputy Clerk
United States District Court
For the District Of Massachusetts
Harold Donohue Federal Building
595 Main Street
Worcester, MA 01608

RE:    Anthony Campbell v. Isolations Technologies
       C.A. NO: 04-40236 FDS.

Dear Mr. Castles:

Please find enclosed copes of past employments subpoena by Defendant's Lawyer, Mr. William
Zall. Moreover, I provided complete responses to the Interrogatories. Defendant's requested two
years of past employment prior to working at Isolations Technologies and after.

1.    I object to the request of my W-2 Form. see September 6, 2005 letter to the Court and Mr.
william Zall.

2.    I object to the defendant request of copies of the newspaper(s) because iti is reserve for
trial preparation. In fact, during the Investigative Conference of December 17, 2002, the defendant
denied to the Investigator, Ms. Maryann Brunton, of not using newspapers advertisement. Mr.
Michael Rigolli, Peter Harney and Larry D'amato all denied. See September 6, 2005 letter to the
Court and Mr. William Zall.

3.    I request a Jury Trial. See letter of August 28, 2005 to the Court and William Zall.

Thank you.

COPY

Sincerely yours,

Anthony Campbell


enclosures:


cc:    Mr. William Zall
       Cunningham, Machanic, Cetlin, Johnson, & Harney, LLP
       220 North Main Street
       Natick, MA 01760



P.O. BOX 3469
Worcester, MA 01613

August 28, 2005

Mr. Martin Castles
Deputy Clerk
United States District Court
For the District Of Massachusetts
Harold D. Donohue Federal Building
595 Main Street
Worcester, MA 01608

RE:   Anthony Campbell v. Isolations Technologies
      C.A. NO: 04-40236 FDS.

Dear Mr. Castles:

Pleased find enclosed copies of returned receipts served the co-defendant, Mr. Larry D'amato,
Operations Manager, Isoaltions Technologies, 4 Business Way, Hopedale, MA 01747, Certified
Mail 7002 2412 0005 6659 7284 with SUMMON IN A CIVIL ACTION on March 28, 2005.

Certified Mail 7004 0750 0002 7862 6165 with INTERROGATORIES LOCAL RULE 33.1,
REQUEST FOR PRODUCTION LOCAL RULE 34.1 and REQUEST FOR ADMISSIONS LOCAL
RULE 36.1 Of Mr. Larry D'amato on May 3, 2005 but returned May 13, 2005.

Lastly, I ask the court for a Jury Trial in this case, Anthony Campbell v. Isolations Technologies,
C.A. NO: 04-40236 FDS.

Thank you.

Sincerely yours,

Anthony Campbell
Plaintiff

COPY

cc:    Mr. William Zall
        Attorney-at-Law
        Cunningham, Machanic, Cetlin, Johnson & Harney, LLP
        220 North Main Street
        Natick, MA 01760.

P.O. BOX 3469
Worcester, MA 01613

July 9, 2005

Mr. William Zall
Attorney-at-Law
Cunningham, Mechanic, Cetlin, Johnson & Harney, LLP
220 NorthMain Street
Natick, MA 01760

RE:    Anthony Campbell v. Isolations Technologies
       C.A. NO: 04-40236 FDS.

Subj:  DEPOSITION OF JULY 7, 2005.

Dear Mr. Zall:

Your letter was received on July 9, 2005 the above date regarding the "DEPOSITION OF JULY
7, 2005".

Thank you.

Sincerely yours,

Anthony Campbell



## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) Civil No.<br>) 04-40236-FDS |
| ISOLATIONS TECHNOLOGIES, INC.<br>and LARRY D'AMATO, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION FOR JURY TRIAL

**SAYLOR, J.**

This is a case involving alleged discrimination on the basis of race. Plaintiff Anthony

Campbell, proceeding *pro se*, has moved for a jury trial on all issues. Plaintiff's complaint did

not contain a request for a jury trial, nor was one filed within ten days after the service of the last

pleading directed to such issue. Under Fed. R. Civ. P. 38(b), he thereby waived his right to trial

by jury. Plaintiff did check the box on the civil action cover sheet indicating that a jury demand

had been made; however, such a notation "is not a substitute for the service of written notice on

the defendants required by the Federal Rules." *Omawale v. WBZ*, 610 F.2d 20, 22 (1st Cir.

1979).

Nonetheless, the court in its discretion upon motion may order a trial by a jury as to any

or all issues so triable. Fed. R. Civ. P. 39(b); *Rowleff v. Anheuser-Busch, Inc.*, 832 F.2d 194, 199

(1st Cir. 1987), abrogated on other grounds by *Iacobucci v. Boutler*, 193 F.3d 14, 27 (1st Cir.

1999). The critical factor from the Court's perspective is the fact that the defendant is

proceeding *pro se.* The Court is concerned, for a variety of practical and legal reasons, about the prospect of a *pro se* plaintiff attempting to undertake the complex task of proving a discrimination case before a jury. Indeed, many members of the bar would consider themselves not fully qualified to attempt such a task.

Accordingly, the Court will deny plaintiff's motion for a jury trial. In the interests of justice, the Court will grant plaintiff one last opportunity to secure counsel to represent him in this matter. If an attorney representing the plaintiff files an appearance on or before June 26, 2006, the Court will at least entertain whether that decision should be reconsidered.

In accordance with the Court's ruling in open court on May 10, 2006, this matter is set for a status conference on July 10, 2006, at 4:00 p.m.

**So Ordered.**

F. Dennis Saylor IV
United States District Judge

Dated:  May 12, 2006

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

ANTHONY CAMPBELL,
          Plaintiff,

vs.                                              **CIVIL ACTION**
                                                 **NO.  04-40236-FDS**
ISOLATION TECHNOLOGIES, INC. and
LARRY D'AMATO,
          Defendants

**ORDER**
**October 19, 2005**

**Swartwood, C.M.J.**

### Nature of the Proceeding

By Order of Reference dated September 20, 2005, the following
motions were referred to me for disposition:

1.    Motion Of Plaintiff, Anthony Campbell, To Compel
Rule 36.1 Mr. Michael Rigolli [sic], Owner Of Isolations
Technologies To Answer The Request For Admissions (Docket No.
25); and

2.    Motion Of Plaintiff, Anthony Campbell, To Compel
Rule 33.1 [sic] Mr. Michael Rigolli, Owner Of Isolations
Technologies To Answer The Intterrogatories [sic] (Docket No.
26).



## Nature of the Case

Anthony Campbell ("Mr. Campbell"), proceeding *pro se*, has asserted claims against Isolation Technologies, Inc. ("ITI") and Larry D'Amato ("Mr. D'Amato" and together with ITI, "Defendants") under Title VII of the Civil Rights Act and Mass.Gen.L. Ch. 151B alleging that the Defendants violated his civil rights by failing to hire him on account of his race (Mr. Campbell is African-American).

## Relevant Facts

1.   On May 3, 2005, Mr. Campbell served Interrogatories, Request for Admissions and Request for Production of Documents upon ITI. These documents were served by mail to ITI's counsel. Response and Opposition of Isolation Technologies, Inc. to Plaintiff's Motions to Compel (Docket No. 27), at p. 1 ("Response and Opposition").

2.   On June 3, 2005, ITI's counsel served Mr. Campbell, by first-class mail, postage pre-paid, "Isolation Technologies, Inc.'s Answer to Anthony Campbell's Request for Admissions". Id., at Ex. A.

3.   By letter dated June 4, 2005, Mr. Campbell acknowledged receipt of ITI's response to his Request for Admissions. Id., at Ex. B.

-2-

4.    On June 8, 2005, ITI's counsel served Mr. Campbell, by first-class mail, postage pre-paid, "Isolation Technologies, Inc.'s Answers to Anthony Campbell's Interrogatories". Id., at Ex. C.

## Discussion

### Motion to Compel Response To Admissions

Mr. Campbell has filed a motion to compel responses to admissions. However, ITI served a response to Mr. Campbell's request within the time frame provided by this Court's Rules of Civil Procedure. Response and Opposition, at Ex. A.; See Fed. R. Civ. P. 36(a)(party shall serve response to request for admissions within thirty days or, such shorter or longer period of time as provided by the court). Mr. Campbell acknowledged receipt of this response. Response and Opposition, at Ex. B. Since Mr. Campbell is proceeding pro se, I am required to review his submissions liberally. Under the circumstances, I assume that by his motion Mr. Campbell seeks to challenge the sufficiency of ITI's responses to his requests for admissions. See Fed. R. Civ. P. 36(a)(party who requested admissions may move to determine the sufficiency of answers or objections).

This court (Collings, M.J.) has held that, "A party shall be required to either admit or deny the requests [for admissions] or state with specificity the reason it cannot truthfully admit or deny the requests, including detailed statement [sic] as to the 'reasonable inquiry' it has made and the results thereof." Barbosa

-3-

v. Cincinnati Milacron, Civil Action No. 81-665-MC, 1984 U.S. Dist. LEXIS 16923, at *6 (D. Mass. May 7, 1984)(quoting Asea, Inc. v. Southern Pacific Transportation Company, 669 F.2d 1242, 1246-7 (9th Cir. 1981)). ITI's responses to Plaintiff's Requests for Admissions 1, 3, and 4 are clearly sufficient. Each is either a simple denial or admission. Response and Opposition, at Ex. A. As to ITI's response to Mr. Campbell's Request for Admission No. 2, the problem lies with Mr. Campbell's formulation of that request, rather than ITI's response. Specifically, Mr. Campbell asks for a response to the statement, "You have authorized job posting in news papers. If so, name of News Paper(s), Year and date." Id. ITI admits to posting jobs in newspapers, but does not address where or when it made the postings. This response is sufficient under the law because it contains a simple admission that postings were made. Mr. Campbell should pursue any other information, such as place and date of publication, etc., via another form of discovery (i.e., interrogatories or depositions).

ITI's response to Request 5 is insufficient. Plaintiff requests a response to the statement, "You admit that Isolation Technologies has never hired a black person." Id. ITI "denies this Request to the best of available recollection." Id. This response is insufficient on its face because ITI does not "truthfully" admit or deny the statement as required by law. Barbosa, 1984 U.S. Dist. LEXIS 16923, at *6. In other words, ITI does not definitively

-4-

answer the question as to whether it has ever, in fact, hired an African-American employee. ITI must either flatly admit or deny the requested admission or, "state with specificity the reason it cannot [do so], including detailed statement [sic] as to the 'reasonable inquiry' it has made and the results thereof." Barbosa, 1984 U.S. Dist. LEXIS 16923, at *6.

### Motion to Compel Answers To Interrogatories

Under the Federal Rules of Civil Procedure a party served with a set of interrogatories has, unless otherwise specified by the court, 30 days to serve its answer on the opposing party. Fed. R. Civ. P. 33(b)(3). If that party fails to answer within the time allotted under Rule 33(b)(3), or provides "evasive or incomplete" answers as defined in Rule 37(a)(3), the proponent of the interrogatories may move for the court to compel answers. Id. at 37(a)(2)(B).

In this matter, ITI certifies that it served its answers on Mr. Campbell, by mail, 30 days after receipt of the interrogatories. Response and Opposition, at p. 2 and Ex. C. In any event, ITI has affixed a copy of its answers to interrogatories to its response and, therefore, Mr. Campbell's motion to compel is moot.[1]

---

[1] I will assume for purposes of this Order that Mr. Campbell did not receive ITI's Answers to Interrogatories. Therefore, Mr. Campbell shall have until November 23, 2005 to file *specific* objections to ITI's answers to interrogatories.

-5-

Conclusion

It is Ordered that:

1.    Motion Of Plaintiff, Anthony Campbell, To Compel Rule 36.1 Mr. Michael Rigolli [sic], Owner Of Isolations Technologies To Answer The Request For Admissions (Docket No. 25) is <u>allowed</u> in part, and <u>denied</u> in part, as provided in this order: On or before November 14, 2005, ITI is to file a proper response to Mr. Campbell's Request for Admission No. 5; and

2.    Motion Of Plaintiff, Anthony Campbell, To Compel Rule 33.1 Mr. Michael Rigolli, Owner Of Isolations Technologies To Answer The Intterrogatories [sic] (Docket No. 26) is <u>denied</u> as moot.

/s/ Charles B. Swartwood
Charles B. Swartwood, III
CHIEF MAGISTRATE JUDGE

-6-

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **ANTHONY CAMPBELL,** | ) |
| **Plaintiff,** | ) |
|  | ) **Civil No.** |
| **v.** | ) **04-40236-FDS** |
| **ISOLATIONS TECHNOLOGIES, INC.** | ) |
| **and LARRY D'AMATO,** | ) |
| **Defendants.** | ) |

### ORDER ON MOTION TO DISMISS
### DEFENDANT D'AMATO FOR FAILURE OF SERVICE

**SAYLOR, J.**

This is a case involving alleged discrimination on the basis of race brought by plaintiff

Anthony Campbell against defendants Isolation Technologies, Inc. ("ITI") and its former

employee, Larry D'Amato. ITI has moved to dismiss the claims against D'Amato pursuant to

Fed. R. Civ. P. 4(m) on the grounds that D'Amato has not been properly served in this action.

Under Fed. R. Civ. P. 4(m), this Court may, upon motion or on its own initiative after notice to

the plaintiff, dismiss the action without prejudice as to a defendant if service of the summons and

complaint is not effected within 120 days after the filing of the complaint. Because it is unclear

whether ITI has standing to assert the rights of D'Amato, the Court will raise the issue on its own

initiative.

Plaintiff, proceeding *pro se*, filed a complaint against ITI and D'Amato on November 12,

2004. ITI has appeared and does not contest service of process. Service of D'Amato was not

accomplished by March 12, 2005, 120 days after filing. As of the scheduling conference on



March 25, 2005, D'Amato still had not been served. This Court advised plaintiff of his responsibilities to properly make service upon D'Amato at that conference. On March 28, 2005, plaintiff sent copies of the summons and complaint by certified mail to D'Amato at ITI's address in Hopedale, Massachusetts. According to ITI, D'Amato has not been employed by ITI since June 2003, and it notified plaintiff of that fact by letter dated May 6, 2005. Plaintiff filed the summons with the clerk on August 30, 2005.

The issue before this court is whether D'Amato was properly served at his former place of employment under Fed. R. Civ. P. 4(e). Fed. R. Civ. P. 4(e)(2) stipulates that service upon an individual is proper if delivered personally, to defendant's authorized agent, or to a person of suitable age and discretion residing in defendant's dwelling house or usual place of abode. Courts construe Fed. R. Civ. P. 4(e)(2) literally, and, as a result, have customarily held that service at defendant's place of employment, particularly a place of former employment, is insufficient under Fed. R. Civ. P. 4(e)(2). *See, e.g., Foley v. Walsh*, 600 N.E.2d 611, 612 (Mass. App. Ct. 1992); *Wasser v. PriceWaterhouseCoopers, LLP*, 2004 WL 225534, at *2 (Mass. App. Ct. Feb. 5, 2004); *Boateng v. Inter Am. Univ. of P.R.*, 188 F.R.D. 26, 28 (D.P.R. 1999); *Johnson-Lloyd v. Pennsylvania Dep't of Labor & Indus.*, 813 F. Supp. 1120, 1124-25 (E.D. Pa. 1993); *Lopez v. United States*, 129 F. Supp. 2d 1284, 1294 (D.N.M. 2000); 4A Wright & Miller, Federal Practice and Procedure, §1096 (3d ed. 2002). Furthermore, plaintiff has presented no evidence that D'Amato authorized or appointed ITI to receive process on his behalf. Accordingly, the court finds that service upon defendant D'Amato was insufficient under Fed. R. Civ. P. 4(e)(2).

The Court must next determine whether defendant was properly served under Fed. R. Civ. P. 4(e)(1). Under this section, service in compliance with state procedures is also proper.

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY CAMPBELL, | ) |
|  | ) |
| Plaintiff, | ) |
|  | )    **Civil No.** |
| v. | )    **04-40236-FDS** |
|  | ) |
| ISOLATIONS TECHNOLOGIES, INC. | ) |
| and LARRY D'AMATO, | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION FOR JURY TRIAL

**SAYLOR, J.**

This is a case involving alleged discrimination on the basis of race. Plaintiff Anthony

Campbell, proceeding *pro se*, has moved for a jury trial on all issues. Plaintiff's complaint did

not contain a request for a jury trial, nor was one filed within ten days after the service of the last

pleading directed to such issue. Under Fed. R. Civ. P. 38(b), he thereby waived his right to trial

by jury. Plaintiff did check the box on the civil action cover sheet indicating that a jury demand

had been made; however, such a notation "is not a substitute for the service of written notice on

the defendants required by the Federal Rules." *Omawale v. WBZ*, 610 F.2d 20, 22 (1st Cir.

1979).

Nonetheless, the court in its discretion upon motion may order a trial by a jury as to any

or all issues so triable. Fed. R. Civ. P. 39(b); *Rowleff v. Anheuser-Busch, Inc.*, 832 F.2d 194, 199

(1st Cir. 1987), abrogated on other grounds by *Iacobucci v. Boutler*, 193 F.3d 14, 27 (1st Cir.

1999). The critical factor from the Court's perspective is the fact that the defendant is

Mass. R. Civ. P. 4(d)(1) essentially parallels its federal counterpart, Fed. R. Civ. P. 4(e)(2), in its prescribed methods of service. In Massachusetts, however, a plaintiff may request that the court issue an order of notice by successfully demonstrating that service in accordance with the rules is impossible. Mass. R. Civ. P. 4(d)(1). To meet the rather strict standard for obtaining such an order, plaintiff must demonstrate diligent attempts to serve defendant personally, at his abode, or through an authorized agent. Courts have held that persistent efforts to effectuate proper service in a timely manner are enough to meet the standard. *Reardon v. Spangler*, 2002 WL 1554120, at *1-2 (Mass. Super. Ct. May 13, 2002). The record before this Court indicates that plaintiff has not met this standard. Plaintiff's apparently sole attempt to serve D'Amato was by mail at ITI. Plaintiff thus has demonstrated neither the diligence required for this Court to conclude that proper service was impossible under Mass. R. Civ. P. 4(d)(1), nor good cause to deny ITI's motion to dismiss D'Amato from this action.

Accordingly, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 4.1, the claims against defendant Larry D'Amato shall be dismissed without prejudice on October 10, 2005, unless plaintiff provides satisfactory evidence of service on D'Amato in compliance with Fed. R. Civ. P. 4(e) prior to that time.

**So Ordered.**

F. Dennis Saylor IV
United States District Judge

Dated: September 23, 2005

3

proceeding *pro se.* The Court is concerned, for a variety of practical and legal reasons, about the prospect of a *pro se* plaintiff attempting to undertake the complex task of proving a discrimination case before a jury. Indeed, many members of the bar would consider themselves not fully qualified to attempt such a task.

Accordingly, the Court will deny plaintiff's motion for a jury trial. In the interests of justice, the Court will grant plaintiff one last opportunity to secure counsel to represent him in this matter. If an attorney representing the plaintiff files an appearance on or before June 26, 2006, the Court will at least entertain whether that decision should be reconsidered.

In accordance with the Court's ruling in open court on May 10, 2006, this matter is set for a status conference on July 10, 2006, at 4:00 p.m.

**So Ordered.**

F. Dennis Saylor IV
United States District Judge

Dated: May 12, 2006

2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY CAMPBELL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION** |
| | ) | **NO. 04-40236-FDS** |
| ISOLATION TECHNOLOGIES, INC. and | ) | |
| LARRY D'AMATO, | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM AND ORDER
**April 26, 2006**

**HILLMAN, M.J.**

### Nature of the Proceeding

This Order addresses the following non-dispositive motion which has been referred to me

for disposition by Order of Reference dated February 15, 2006:

1.     Motion of Defendant, Isolation Technologies, Inc., to Compel Production of

Documents; to Supplement Interrogatory Answers and for Sanctions (Docket No. 33).

### Nature of the Case

Anthony Campbell ("Mr. Campbell"), proceeding *pro se,* has asserted claims against

Isolation Technologies, Inc. ("ITI") and Larry D'Amato ("Mr. D'Amato" and together with ITI,

"Defendants") under Title VII of the Civil Rights Act and Mass. Gen. L. c. 151B alleging that the

Defendants violated his civil rights by failing to hire him on account of his race (Mr. Campbell is

African-American).

## **Facts**

1. On October 24, 2005, ITI served its Second Production of Documents to Plaintiff, on Mr. Campbell by first class mail at his address of record. Much of the second request sought documents which Mr. Campbell acknowledged during depostion but did not provide in response to the initial document request.

2. The deposition was held on August 26, 2005. The deposition was suspended pending receipt and review of documents that had been discussed during the deposition.. The following exchange took place at the end of Mr. Campbell's abbreviated deposition:

The Witness (Mr. Campbell): I'm gonna – just for the record, I'm gonna make all the newspapers available to you by next week, certified - certified mail.

Mr. Machanic: How about your tax returns?

Mr. Campbell: Yeah.

Mr. Zall: And the other documents that deal with your complaint, your job search activities, all the documents that you've testified today that you have kept copies of ...

We need to see all of those.

Mr. Campbell: Okay.

(Excerpts from Deposition of Anthony Campbell ("Campbell Dep.") (Attachment F to Motion of Defendant, Isolation Technologies, Inc. to Compel Production of Documents; to Supplement Interrogatory Answers and For Sanctions (Docket No. 33) ("ITI's Motion").

3. Several letters were sent and telephone calls made by counsel for ITI to attempt to obtain the documents. Mr. Campbell has not provided the requested documents or supplemented his responses to date.

-2-

4. Although acknowledging his *pro se* status, this Court has admonished Mr. Campbell several times (See Orders dated August 3, 2005 (Docket No. 18) and August 12, 2005 (Docket No. 19) to comply with the rules of this Court.

5. Mr. Campbell has not filed an opposition to ITI's motion. However, Mr. Campbell did file one letter written to ITI's counsel on December 29, 2005 in which he claims complete responses to interrogatories have already been made and one letter the court stating his objection to the document requests. See Docket No. 32.

## Discussion

Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party...". This rule further states that "it is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." See EEOC v. Electro-Term, Inc., 167 F.R.D. 344, 346 (D.Mass. 1996).

In its First Document Request, ITI asked Mr. Campbell to produce all documents which relate to his claims and which he intended to introduce at trial. Specifically, ITI seeks to compel the production of newspaper advertisements referenced by Mr. Campbell during his deposition; Mr. Campbell believes the advertisements support his claims and is therefore withholding them. Mr. Campbell's sole objection to producing the newspaper clippings is that he intends to use them at trial. Accordingly, because the information may lead to the discovery of admissible evidence and the need to use the documents at trial does not provide a valid basis for objecting to

-3-

the request, I order Mr. Campbell to produce the withheld newspaper clippings and any other documents in his possession which are responsive to the document requests.

In its Second Request for Documents served on Mr. Campbell on October 24, 2004, ITI requested the federal tax returns for the years 1999 through 2005 inclusive. Mr. Campbell appears to object to this request in the statement, "I object to the request of my W-2 Form," in his January 20, 2006 letter to the Court (Docket No. 32), but gives no basis for this objection. ITI argues that the documents are relevant to Mr. Campbell's claim for lost wages and is unavailable through other sources and would provide clarification as to Mr. Campbell's specific employers during those years. It is well settled that tax returns do not enjoy an absolute privilege from discovery. St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19, 82 S.Ct. 289 (1961). "Tax returns are subject to discovery as long as they are relevant to the subject matter of the action." Halperin v. Berlandi, 114 F.R.D. 8, 11 (D. Mass. 1986). I agree with ITI that the tax returns are relevant and discoverable and order Mr. Campbell to produce the requested tax documents.

Also in its Second Request for Documents, ITI seeks production of documents related to Mr. Campbell's employment and employment searches. ITI bases this request on Mr. Campbell's statements during his deposition regarding other employment, both before and after his time at ITI. Mr. Campbell has not specifically objected to this request and therefore, is ordered to supplement his answers to interrogatories with regard to employment or employment searches and to produce any documents in his possession that are responsive to the request.

Finally, ITI's second request for documents seeks production of any complaints or other documents related to his claim of discrimination that he submitted to any agency or court of law.

-4-

Specifically, ITI contends that Mr. Campbell produced only the first page of the two-page "Attorney General Civil Rights Complaint Form" which he submitted to the Massachusetts Attorney General's office and which contains allegations similar to those in his complaint. There being no objection from Mr. Campbell and because it is clearly relevant to the subject matter, Mr. Campbell is ordered to produce page two of the "Attorney General Civil Rights Complaint Form" and any other documents in his possession that are responsive to the request.

### Conclusion

1.    Motion of Defendant, Isolation Technologies, Inc., to Compel Production of Documents; to Supplement Interrogatory Answers and for Sanctions (Docket No. 33) is allowed, as provided in this order and denied as to sanctions. If Mr. Campbell fails to produce the requested documents or denies their existence, he will be barred from using the documents in any way at trial.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE

-5-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ANTHONY CAMPBELL,                   )
        Plaintiff,                  )
                                    )
vs.                                 )    CIVIL ACTION
                                    )    NO.  04-40236-FDS
ISOLATIONS TECHNOLOGIES, INC. and   )
LARRY D'AMATO,                      )
        Defendants,                 )
_____    )

ORDER
August 12, 2005

SWARTWOOD, C.M.J.

Nature of the Proceeding

On July 13, 2005, the following motions were referred to me for disposition:

1.    Defendant Isolation Technologies, Inc.'s Motion To Strike Letter/Request From Anthony Campbell (Docket No. 15); and

2.    Motion Of Defendant, Isolations Technologies, Inc., (1) For Sanctions against Plaintiff, Anthony Campbell, For Failure To Attend Own Deposition, (2) For Order To Attend Own Deposition, And (3) To Extend Scheduling Order TO Accommodate Deposition Of Plaintiff Fed.R.Civ.P. 37(d)(Docket No. 16).

### Nature of the Case

Anthony Campbell ("Mr. Campbell") has asserted claims against Isolation Technologies, Inc. ("ITI") and Larry D'Amato ("Mr. D'Amato" and together with ITI, "Defendants") under 42 U.S.C. §1983 and Mass.Gen.L. Ch. 151B alleging that the Defendants violated his civil rights by failing to hire him on account of his race. Mr. Campbell is proceeding *pro se*.

### The Motion To Strike

Mr. Campbell has filed a letter with this Court, dated June 29, 2005, and addressed to the Deputy Clerk (Docket No. 15)("Campbell Letter"), in which he alleges that Peter A. Harney, Esq. has been identifying himself as "William Zall" in various proceedings relating to this action.

### Facts

In support of ITI's motion to strike, Peter P. Harney, Esq. and William M. Zall, Esq. have each filed affidavits, signed under the pains and penalties of perjury, which set forth the following facts[1]:

1.    Mr. Harney is a partner in the firm of Cunningham, Machanic, Cetlin, Johnson & Harney, LLP. Harney Aff., at ¶1.    Mr. Zall is "of counsel" to that same firm. Zall Aff., at ¶1.

---

[1]See Affidavit of Peter P. Harney In Support of Defendant Isolation Technologies, Inc.'s Motion To Strike Letter/Request from Anthony Campbell ("Harney Aff.") and Affidavit of William M. Zall In Support Of Defendant Isolation Technologies, Inc.'s Motion To Strike Letter/Request from Anthony Campbell ("Zall Aff."), attached to Defendant Isolation Technologies, Inc.'s Motion To Strike Letter/Request from Anthony Campbell (Docket No. 15).

2

2.    Mr. Zall has represented ITI at all times relevant to the claims raised by Mr. Campbell and has appeared at each proceeding referenced by Mr. Campbell in his letter. <u>Zall Aff.</u>, at ¶¶1,2.

3.    Mr. Harney did not appear on any of the occasions cited by Mr. Campbell and on each of those occasions, Mr. Zall properly identified himself. Mr. Harney's name was never mentioned. <u>Id.</u>, at ¶2; <u>Harney Aff.</u>, at ¶3.

4.    Mr. Harney does not know Mr. Campbell and to his knowledge, has never met him or spoken to him. Mr. Harney was not aware that his firm was involved in this matter until he was shown a copy of the Campbell Letter. Mr. Harney never gave Mr. Zall the authority to use his name and to his knowledge, prior to Mr. Campbell's allegation, no one has ever alleged that anyone, including Mr. Zall, has ever done so. <u>Id.</u>, at ¶¶3-5.

### Discussion

Mr. Campbell has not filed an opposition to ITI's motion to strike the Campbell Letter. However, Mr. Campbell has attached various exhibits to his letter which allegedly support his contention that Mr. Harney has misidentified himself as Mr. Zall. However, none of these exhibits supports Mr. Campbell's claim. Indeed, Mr. Harney's name is not mentioned anywhere in the exhibits. <u>See</u> attachments to the Campbell Letter.

"A court has considerable discretion in striking 'any redundant, immaterial, impertinent or scandalous matter'".

3

*Alvorado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)(quoting Fed.R.Crim.P. 12(f)). I find that allegations made by Mr. Campbell in his letter are totally baseless, immaterial and harmful to Messrs. Harney's and Zall's professional reputations. Under these circumstances, I am allowing ITI's motion to strike.

**The Motion To Order Mr. Campbell To Appear For His Deposition and For Sanctions.**

### Relevant Facts

1. On June 24, 2005, ITI served a "Notice of Taking Deposition of Anthony Campbell" ("Deposition Notice") on Mr. Campbell by first class mail, postage prepaid, at Mr. Campbell's address of record. Mr. Campbell's deposition was noticed to take place at ITI's counsel's firm on Thursday, July 7, 2005, at 10:00 a.m. See *Mot. Of Def., Isolations Technologies, Inc., (1) For Sanctions against Pl., Anthony Campbell, For Failure To Attend Own Deposition, (2) For Order To Attend Own Deposition, And (3) To Extend Scheduling Order TO Accommodate Deposition Of Pl* (Docket No. 16), at ¶¶1,3 and *Ex. A*.

2. On Wednesday, July 6, 2005, ITI's counsel placed a reminder telephone call to Mr. Campbell, at his telephone number of record, and left a message on an automated answering machine reminding Mr. Campbell that his deposition was to take place the next day. *Id.*

4

3.    Mr. Campbell failed to appear for his deposition. <u>Id.</u>, at ¶5.

4.    Mr. Campbell has not filed an opposition to ITI's motion. However, Mr. Campbell did file a copy of a letter written to ITI's counsel in which he sates that he did not receive the deposition notice until July 9, 2005. <u>See</u> Docket No. 17.

### Discussion

Plaintiff has filed a copy of a letter sent to ITI's counsel on July 9, 2005, in which he claims that he did not receive the Deposition Notice until two days after the scheduled deposition. Mr. Campbell does not dispute that a message was left on his answering machine and he offers no explanation as to why, after receiving that message, he made no attempt to contact ITI's counsel on July 6 or 7, 2005. Furthermore, given Mr. Campbell's total failure, to this point, to comply with his discovery obligations, <u>see</u> Order, date August 3, 2005 (Docket No. 18)(ordering Mr. Campbell to complete his automatic disclosure obligations), I am skeptical of his proffered explanation. Nonetheless, I will accept as true Mr. Campbell's statement that he did not receive the Deposition Notice in a timely manner and will enlarge the time for taking depositions until September 9, 2005.    On or prior to <u>September 9, 2005</u>, Mr. Campbell *shall* make himself available for his deposition at a time convenient to the parties and a place to

be designated by ITI.  I am denying ITI's request for sanctions, including costs.

Mr. Campbell is once again reminded that although he is proceeding without a lawyer, he is nevertheless required to follow the rules of this Court and to obey Court orders and that failure to do so could result in the imposition of sanctions, including dismissal of his case.   Fed.R.Civ.P. 37.   Furthermore, if Mr. Campbell fails to attend his properly noticed deposition, he can also be ordered to pay costs incurred by the Defendants, including attorney's fees and stenographer costs.

### The Motion To Modify The Scheduling Order

The Scheduling Order in this case provides that all depositions, other than expert depositions, and all fact discovery, other than expert discovery, was to have been completed by July 8, 2005.   In my August 3, 2005 Order (Docket No. 18), I stayed all further discovery until Mr. Campbell completes his automatic disclosures, which he must do by August 31, 2005.  I am lifting that stay and further amending the Scheduling Order to provide that all fact depositions and fact discovery must be completed by September 9, 2005.   Once Mr. Campbell has served his automatic disclosures and the taking of fact depositions and all fact discovery have been completed, the parties may seek to amend the Scheduling Order to extend the remaining deadlines, i.e., the

6

deadlines for expert discovery and the filing of dispositive motions, etc.

### Conclusion

It is Ordered that:

1.    Defendant Isolation Technologies, Inc.'s Motion To Strike Letter/Request From Anthony Campbell (Docket No. 15) is <u>allowed</u> and Mr. Campbell's letter to the Court (Docket No. 13) is <u>stricken</u>; and

2.    Motion Of Defendant, Isolations Technologies, Inc., (1) For Sanctions against Plaintiff, Anthony Campbell, For Failure To Attend Own Deposition, (2) For Order To Attend Own Deposition, And (3) To Extend Scheduling Order TO Accommodate Deposition Of Plaintiff Fed.R.Civ.P. 37(d)(Docket No. 16) is <u>allowed</u> in part and <u>denied</u> in part, as provided in this Order: on or prior to <u>September 9, 2005</u>, Mr. Campbell shall make himself available for his deposition at a time convenient to the parties and a place designated by Isolation Technologies, Inc.; Isolation Technologies, Inc.'s request for sanctions is denied; and the Scheduling Order is amended to provide that all fact depositions and fact discovery shall be completed on or before <u>September 9, 2005</u>.

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN J. McPARTLAND, JR.,                    )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )    CIVIL ACTION NO.
                                            )    05-40098-FDS
JO ANNE B. BARNHART, Commissioner           )
Social Security Administration,             )
                                            )
            Defendant.                      )

MOTION FOR APPROVAL OF
PROPOSED BRIEFING SCHEDULE
(ASSENTED TO)

The defendant, Jo Anne B. Barnhart, Commissioner of the
Social Security Administration ("SSA"), by her attorney, Michael
J. Sullivan, the United States Attorney for the District of
Massachusetts, hereby submits the following agreed upon proposed
briefing schedule of the parties in this matter.

The defendant asserts that the issues in this case will be
more clearly focused for the Court if the parties submit to a
"staggered" briefing schedule, with the plaintiff addressing his
arguments first, and the defendant responding to those arguments.

Accordingly, the defendant proposes that the plaintiff
submit his brief on or before December 29, 2005, and that the
defendant submit her brief on or before February 2, 2006. The
plaintiff may file a reply brief on or before February 16, 2006.

The parties have conferred and counsel for the plaintiff has assented to this motion and proposed schedule.

Respectfully submitted,

JO ANNE B. BARNHART, Commissioner
Social Security Administration

By Her Attorneys,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant U.S. Attorney
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3369

## LOCAL RULE 7.1(A)(2) CERTIFICATE

Pursuant to the Local Rule 7.1(A)(2), the parties have conferred and counsel for the plaintiff has assented to this motion and proposed schedule.

/s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon counsel for the plaintiff Ronald B. Eskin, Esq., 228 Central Street, Lowell, MA 01852, on this date.

/s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant U.S. Attorney

Dated: August 11, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN J. McPARTLAND, JR.,            )
                                    )
            Plaintiff,              )
                                    )
    v.                              )       CIVIL ACTION NO.
                                    )       05-40098-FDS
JO ANNE B. BARNHART, Commissioner   )
Social Security Administration,     )
                                    )
            Defendant.              )

## DEFENDANT'S MOTION TO SEAL THE ADMINISTRATIVE TRANSCRIPT (ASSENTED TO)

The defendant, Jo Anne B. Barnhart, Commissioner of the
Social Security Administration ("SSA"), respectfully requests
that the filing of the administrative transcript in this case be
sealed.

In support of this motion, the defendant states that the
transcript contains many references to the plaintiff's social
security number and date of birth, and includes numerous medical
records. Under Local Rule 5.3, if the transcript was not sealed,
the defendant would be required to redact all references to
social security numbers and dates of birth. This would be a
burdensome task, especially when considered cumulatively in
relation to the many transcripts filed in other social security
cases. Furthermore, making the transcript available for public
inspection would serve little, if any, public purpose and would
intrude upon the plaintiff's privacy.

Pursuant to the Local Rule 7.1(A)(2), the parties have conferred and counsel for the plaintiff has assented to this motion.

Respectfully submitted,

JO ANNE B. BARNHART, Commissioner
Social Security Administration

By Her Attorneys,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant U.S. Attorney
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3369

## LOCAL RULE 7.1(A)(2) CERTIFICATE

Pursuant to the Local Rule 7.1(A)(2), the parties have conferred and counsel for the plaintiff has assented to this motion.

/s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon counsel for the plaintiff Ronald B. Eskin, Esq., 228 Central Street, Lowell, MA 01852, on this date.

/s/ Gina Y. Walcott-Torres
Gina Y. Walcott-Torres
Assistant U.S. Attorney

Dated: August 11, 2005

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
-----------------------------------------------  )
                                                 )
ANTHONY CAMPBELL,                                )
         Plaintiff,                              )
                                                 )
vs.                                              )   CIVIL ACTION
                                                 )   NO.  04-40236-FDS
ISOLATIONS TECHNOLOGIES, INC. and                )
LARRY D'AMATO,                                   )
         Defendants,                             )
-----------------------------------------------  )
```

**ORDER**
**August 3, 2005**

**SWARTWOOD, C.M.J.**

### Nature of the Proceeding

On July 7, 2005, Motion Of Defendant, Isolations Technologies, Inc., To Compel Rule 26(a) Disclosure And For Sanctions (Fed.R.Civ.P. 37(a)(2)(A))(Docket No. 12) was referred to me for disposition.

### Discussion

The Scheduling Order in this case provided that initial disclosures required by Fed.R.Civ.P. 26(a)(1) must be served by April 15, 2005. Plaintiff has failed to serve his initial disclosures as required, has failed to respond to Isolations Technologies, Inc.'s ("ITI") telephone and written requests for his disclosure and has failed to file an opposition to this motion.

ITI seeks sanctions, including dismissal, for Plaintiff's failure to comply with the Scheduling Order with respect to serving initial disclosures as required by Fed.R.Civ.P. 26(a)(1).

Although Mr. Campbell represents himself in this case, he is nevertheless required to follow the rules of this Court and to obey Court orders. I am informing Mr. Campbell that failure to obey a Court order could result in the imposition of sanctions, including dismissal of an action for failure to comply with discovery. Fed.R.Civ.P 37. In fact, where Plaintiff's failure to provide discovery materials violates a Court order, dismissal may be an appropriate sanction. CRW International Corp. v Welch Food, Inc., 937 F.2d 11 (1st Cir. 1991). Therefore, with this admonition in mind, I am ordering Mr. Campbell to complete his obligation for automatic disclosure by August 23, 2005.

In the meantime, I am staying all discovery in this case until Mr. Campbell has completed his obligation for automatic disclosure on August 23, 2005. Further, I am denying ITI's request for costs.

## Conclusion

Motion Of Defendant, Isolations Technologies, Inc., To Compel Rule 26(a) Disclosure And For Sanctions (Fed.R.Civ.P. 37(a)(2)(A))(Docket No. 12) is allowed as provided in this Order.

/s/ Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
CHIEF MAGISTRATE JUDGE

Anthony Campbell v. Isolations Technologies
and Larry D'amato, Operations Manager.
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS.
C.A. NO: 04-40236 FDS.
Answers to Defendant's Interrogatories.          PAGE 3          JUNE 5, 2005.


8.    Corning NetOptix
      2 Mercer Road
      Natick, MA 01760
      POSITION:    PT---QUALITY CONTROL SUPERVISOR
      JOB DUTIES: MANAGEMENT, TRAINING & DEVELOPMENT, PERSONNEL
      SCHEDULING AND ANALYTICAL/PROBLEM SOLVING.
      DOH: December 19, 2000 ---- May 15, 2001
      SUPERVISOR: SUE BATES
      REASON FOR LEAVING: NATICK DIVISION CLOSED DOWN


      RHODE ISLAND TOOL COMPANY
      148 West River Street
      Providence, RI 02908
      POSITION:    MACHINIST
      JOB DUTIES:  SET-UP, EDITING AND TROUBLESHOOTING
      DOH: January 10, 2000 --- March 16, 2001
      SUPERVISOR: BUTCH
      HOURLYRATE: $16.09
      REASON FOR LEAVING: LAYOFF NO WORK.


      SWISSTURN-U.S.A
      1 Main Street
      Whittinsville, MA
      POSITION:    MACHINIST    (TEMPORARY)
      DOH: May 2002 -- August 23, 2002
      JOB DUTIES: SET-UP, EDITING AND TROUBLESHOOTING
      HOURLY RATE: $16.00
      REASON FOR LEAVING: TEMPORARY NO WORK


      E. C. Hilliard Corporation
      10 Liberty Way
      Franklin, MA 02038
      Position: CNC
      DOH: September 13, 2004 to January 6, 2005
      Job Duties: Setup, troubleshoot and editing.
      Hourly rate:  $17.00
      Reason for Leaving: Layoff.

COPY

P.O. BOX 3469
Worcester, MA 01613

August 13, 2005

Mr. Martin Castles
Deputy Clerk
United States District Court
Harold D. Donohue Federal Building
595 Main Street
Worcester, MA 01608

RE:    Anthony Campbell v. Isolations Technologies
       C.A. NO: 04-40236 FDS.

Dear Mr. Castles:

I am asking the Court to please reconsider the sanction and striking of my letter of June 29, 2005
regarding the Defendant's Lawyer, Mr. Peter Harney, who has being acting as Mr. William Zall,
and LOCAL RULE 83.6(4)(A)(B) to RULE 83.7. I did not know Mr. Harney prior to my case
Anthony Campbell v. Isolations Technologies until the Investigative Conference Of December 17,
2002, at the Commission's Office, 436 Dwight Street, Room 220, Springfield, MA 01103. He
(Peter Harney) introduced himself to the Investigator, Ms. Maryann Brunton Of MCAD, as Peter
Harney.

During the Conciliation Conference Of April 23, 2003, at the Commission's Office, 436 Dwight
Street, Room 220, Springfield, MA 01103, with the Commission General Counsel, Ms. Patricia
Quintalin. He (Peter Harney) introduced himself as William Zall.

During a meeting of September 23, 2003, with Jerry Levisk, at the Commission's Office, 436
Dwight Street, Room 220, Springfield, MA 01103. He (Peter Harney) introduced himself as
William Zall.

During The Initial Conference Of March 25, 2005, at the United States Courthouse in Worcester,
in accordance with Fed. R. Civ. P. 16(b) and LOCAL RULE 16.1. He (Peter Harney) introduced
himself as William Zall to Hon. Saylor, Judge.

COPY

Lastly, I did not receive the letter from the Defendant's Lawyer, Mr. William Zall regarding the "Schedule Deposition Of July 7, 2005", until July 9, 2005 and ask the Court to pleased drop the sanction against me.

Thank you.

Respectfully yours,

Anthony Campbell
Plaintiff



P.O. BOX 3469
Worcester, MA 01613

January 20, 2006

CERTIFIED MAIL 7004 2510 0002 5225 6690

Mr. Martin Castles
Deputy Clerk
United States District Court
For the District Of Massachusetts
Harold Donohue Federal Building
595 Main Street
Worcester, MA 01608

RE:    Anthony Campbell v. Isolations Technologies
       C.A. NO: 04-40236 FDS.

Dear Mr. Castles:

Please find enclosed copes of past employments subpoena by Defendant's Lawyer, Mr. William Zall. Moreover, I provided complete responses to the Interrogatories. Defendant's requested two years of past employment prior to working at Isolations Technologies and after.

1.    I object to the request of my W-2 Form. see September 6, 2005 letter to the Court and Mr. william Zall.

2.    I object to the defendant request of copies of the newspaper(s) because iti is reserve for trial preparation. In fact, during the Investigative Conference of December 17, 2002, the defendant denied to the Investigator, Ms. Maryann Brunton, of not using newspapers advertisement. Mr. Michael Rigolli, Peter Harney and Larry D'amato all denied. See September 6, 2005 letter to the Court and Mr. William Zall.

3.    I request a Jury Trial. See letter of August 28, 2005 to the Court and William Zall.

Thank you.

COPY

Sincerely yours,

Anthony Campbell

enclosures:

cc:   Mr. William Zall
       Cunningham, Machanic, Cetlin, Johnson, & Harney, LLP
       220 North Main Street
       Natick, MA 01760

COPY