**MANDATE**

# United States Court of Appeals
## For the First Circuit

No. 06-2491

ANTHONY CAMPBELL,

Plaintiff, Appellant,

v.

ISOLATION TECHNOLOGIES, INC.,

Defendant, Appellee,

LARRY D'AMATO, OPERATIONS MANAGER AT
ISOLATION TECHNOLOGIES, INC.,

Defendant.

Before

Boudin, Chief Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

JUDGMENT

Entered: July 30, 2007

Dismissal of an action with prejudice for failure to obey discovery orders is a harsh sanction, reserved for the "particularly egregious or extreme" case. Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006) (quoting Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir. 1995)). Given the "law's preference that cases be disposed of on the merits," the ultimate touchstone when reviewing such a dismissal is "fairness," both in "the substance of the court's order and the procedure by which that sanction was imposed." Id. (quoting Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075-76 (1st Cir. 1990)). We have carefully reviewed the pleadings and the relevant portions of the district court record and find that the

sanction of dismissal with prejudice was appropriate in this case.

Appellant Anthony Campbell is a machinist/machine programmer who obtained a temporary, part-time machine operator position with appellee Isolation Technologies, Inc. ("ITI") through a staffing agency. Appellant is also African-American. When ITI's Operations Manager, Larry D'Amato, failed to offer appellant a permanent, full-time position with the company and instead laid him off, appellant filed a race discrimination complaint against the company at the Massachusetts Commission Against Discrimination ("MCAD"). After exhausting his administrative remedies, appellant filed his pro se complaint in the district court, charging ITI and D'Amato[1] with discriminating against him on account of his race and color in violation of Title VII of the Civil Rights Act of 1964 and M.G.L. ch. 151B, § 4.

At the initial Scheduling Conference, the court set the deadline for compliance with the automatic discovery provisions of Rule 26(a)(1). Appellant failed to serve his initial disclosures as required, and he also failed to respond to ITI's discovery requests. The court granted ITI's motion to compel, set a new discovery deadline, and reminded appellant that he was "required to follow the rules of this Court and to obey Court orders," and that failure to do so could result on the imposition of sanctions, including dismissal of the action for failure to produce court-ordered discovery materials pursuant to Fed. R. Civ. P. 37.

Despite this explicit warning, appellant failed to produce the court-ordered discovery and he failed to appear for his deposition. The court granted ITI's second motion to compel, set new deadlines for both the deposition and the production of discovery, and again warned appellant that failure to obey the court's orders "could result in the imposition of sanctions, including dismissal of his case. Fed. R. Civ. P. 37." Although appellant appeared for his rescheduled deposition and confirmed in his testimony both that he had documents in his possession that were subject to automatic disclosure as well as court-ordered production and that he would produce them to ITI, he again failed to do so. ITI moved to enlarge the discovery period and served a second set of document requests on appellant. After appellant again failed to produce all of the requested discovery, ITI again moved to compel. The court again granted the motion to compel and ordered appellant to produce the discovery at issue, and he again missed the deadline. At a subsequent status conference, the court set yet another deadline for production.

---

[1] All claims against D'Amato were dismissed without prejudice for failure to effect service of process in accordance with Fed. R. Civ. P. 4(m). Appellant does not appeal that ruling.

When that deadline passed and appellant still had not produced all of the court-ordered discovery, ITI moved for dismissal as a sanction pursuant to Rule 37(b)(2)(C). On July 10, 2006, the court heard argument on the motion for dismissal and ordered appellant to produce the discovery no later than July 25, 2006. On July 27, 2006, ITI filed a supplemental memorandum informing the court that appellant still had not fully complied with the court's orders. The final status conference was held on September 26, 2006. Appellant was 37 minutes late. After appellant arrived, the court issued its judgment from the bench:

> Well, my patience is at an end. I have given you one break after another, recognizing your pro se status, but I have a docket to manage, I have other cases, hundreds of them, in which people are obeying the rules and waiting their turn for access to the courtroom; and based on your repeated failure to obey orders of this Court and provide discovery or to provide it in a timely manner, the motion ... for the sanction of dismissal with prejudice under Rule 37(b)(2)(C) is hereby granted, and the case is hereby dismissed with prejudice.

As this lengthy chronology demonstrates, appellant's noncompliance was not "a single isolated mishap," HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1988) (quoted in Giancola v. Johnsondiversey, 157 Fed. Appx. 320 (1st Cir. Dec. 1, 2005) (per curiam) (unpublished table decision), nor is this a case involving minimal delay, where defendant did not seek to compel the discovery, and the court failed to warn of the imposition of a potentially severe sanction. Cf. Benitez-Garcia, 468 F.3d at 5. Rather, appellant missed every discovery deadline set by court rule or order, ITI filed no less than three motions to compel, and the court at least twice warned appellant that he was facing dismissal if he did not comply.

Moreover, the discovery at issue was neither burdensome nor overreaching, but was appropriately focused on the information relevant to appellant's claims and any damages to which he might have been entitled: his employment history, both before and after his stint at ITI; his tax returns for the relevant years; the help-wanted ads for machinists he claimed ITI was running at the same time the company told him there was no work for him; and the records of his efforts to obtain employment after his lay off by ITI. The only excuse appellant offers for his noncompliance is that he wished to produce these materials at trial. In the face of these "serial violations," however, the choice of the sanction of dismissal with prejudice was within the sound discretion of the district court. Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45-46 (1st Cir. 2002).

     Having found no abuse of discretion in the dismissal, we affirm the judgment below. We have considered appellant's other arguments and have concluded that they are meritless. <u>Affirmed</u>.

By the Court:

Richard Cushing Donovan, Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

By:   MARGARET CARTER
       Chief Deputy Clerk.

*/s/ Deputy Clerk*

Date: 10/17/07

[cc: Anthony Campbell, William M. Zall, Esq., Scott L. Machanic, Esq.]